ORIGINAL

FILED
JUN 8 2005
COURT OF FEDERAL CLAIMS

FILED
05 FEB 14 PM 3:35
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

ECF

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**Attorneys for PLAINTIFFS**
**FRANCISCO JAVIER RIVERA AGREDANO**
**and ALFONSO CALDERON LEON**

05- 608C

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON;<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. 02CV2243B (NLS)<br><br>**SIXTH AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Breach of Implied warranty<br>2. Breach of contract<br>3. Breach of covenant of Good Faith and Fair Dealing |

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

Plaintiffs **FRANCISCO JAVIER RIVERA AGREDANO** and **ALFONSO CALDERON LEON** allege as follows:

**BASIS OF FEDERAL COURT JURISDICTION**

1. The jurisdiction of this court is predicated on 28 USC §1332 as this is an action against the United States and its agencies by citizens of a foreign state wherein the amount in controversy exceeds $75,000.00. This case is also filed pursuant to 15 USC §47, Sec. 2072(a)(Consumer Product Safety Act), 15 USC §50, Sec. 2310(d)(1)(B)(Federal Warranty Act); 28 USC §1346 (Tucker Act); and 28 USC §1350 (Alien Tort Claim Act).

97

2. Jurisdiction is proper in the United States Court of Federal Claims in Washington, D.C. as a result of an Order issued by the Southern District of California finding that the only viable causes of action arise under the Tucker Act [28 USC §1346]. As the damages claimed exceed the jurisdiction of the District Court on a Tucker Act claim, the United States Court of Federal Claims in Washington, D.C. has exclusive jurisdiction over all issues which have been raised, to date, in USDC Case Number 02CV2243RB (SD).

3. In light of the ruling of the United States District Court in Case Number 02CV2243RB on November 3, 2004 (copy attached as Exhibit "A") and in light of the amount in controversy, there is no other Court in which the action may be brought. The plaintiffs and the United States of America have stipulated to file a Sixth Amended Complaint in the United States District Court action pending in San Diego and then transfer the entire matter to the United States Court of Federal Claims in Washington, D.C. Hon. Rudy Brewster, Judge Presiding, has entered an order granting this stipulated request to amend and for a transfer. A copy of the stipulation and order thereon is attached hereto as Exhibit "B".

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**INTRODUCTORY ALLEGATIONS**

4. Plaintiff FRANCISCO JAVIER RIVERA AGREDANO (hereinafter RIVERA) is, and at all times mentioned herein was, a citizen of the Country of Mexico and authorized to enter the United States to conduct business.

5. Plaintiff ALFONSO CALDERON LEON (hereinafter CALDERON) is, and at all times mentioned herein was, a citizen of the Country of Mexico and authorized to enter the United States to conduct business.

6. Defendant UNITED STATES OF AMERICA (hereinafter USA) is, and at all times mentioned herein was, a governmental entity organized under Federal law with the capacity to sue and be sued. USA is hereby sued on its own right and on the basis of the acts of its officials, agents, and employees, which were taken pursuant to USA's regulations, customs, and policies.

**STATEMENT OF FACTS**

7. This case involves the seizure and subsequent sale of a 1987 Nissan Pathfinder VIN:JN8HD16Y7HW029972 (hereinafter SUBJECT VEHICLE).

8. Jose Armando Jimenez Coronel purchased and thereafter imported the SUBJECT VEHICLE into Mexico on December 12, 2000.

9. On or about January 25, 2001, Mr. Jimenez was arrested and the SUBJECT VEHICLE was seized under 18USC545; 21 USC952; and 19CFR162.45(A) (for transportation of marijuana across the United States border.) The SUBJECT VEHICLE was seized from Jose Armando Jimenez Coronel by USA.

10. On January 30, 2001, Mr. Jimenez pled guilty to violation of California Health and Safety Code §11359 and admitted that he "knowingly possessed 59 pounds of marijuana for purposes of sale."

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

11. On February 20, 2001, Mr. Jimenez was granted probation for three (3) years, sentenced to time served (39 days) and ordered to pay $400.00 in fines and restitution. In exchange, the balance of the charges against him were dismissed.

12. Thereafter the SUBJECT VEHICLE was made available for sale to the public through a Federal Forfeiture Sale. USA contracted the sale to EG&G INC., a California Corporation (hereinafter EG&G, INC.) The auction company at the sale was MCCORMACK AUCTION COMPANY (hereinafter MCCORMACK).

13. On September 5, 2001, RIVERA acquired the SUBJECT VEHICLE from the Department of Treasury in a Public Auction following a Customs Service Department Federal Forfeiture Sale.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

14. On Thursday, January 24, 2002 RIVERA was traveling in the SUBJECT VEHICLE from the City of Ensenada, Baja California to the City of Tijuana, Baja California. RIVERA was accompanied by CALDERON. RIVERA and CALDERON were stopped at a Highway Check Point at the location known as El Sauzal, Ensenada, Baja California by Mexican authorities.

15. The SUBJECT VEHICLE was searched. The Mexican authorities discovered twenty two (22) packages containing marijuana (weighing 17 kilograms total.) The packages were between the upholstery walls and the body of the vehicle (close to the wheel well.)

16. RIVERA and CALDERON were arrested and were in Federal Prison in Mexico from January 24, 2002 to January 10, 2003.

17. Jose Blanco Loya, an expert witness from the Office of the Attorney General (in Mexico), tested the marijuana on January

25, 2002. On February 13, 2002, Mr. Blanco testified before the 11th Federal District Court of Ensenada that the marijuana found by the Mexican authorities on January 24, 2002 was "highly dehydrated, consistency and texture had been lost, and due to color lost, it had a 'brownie' color trend .... change in texture and consistency is also due to they (sic) have been stored or exposed to certain physical or atmospherical conditions, change in color is due to an old or stored marijuana ...."

18. On March 11, 2002, expert chemists Rafael Garcia Guterrez and Miguel Carrillo Mendivil, qualified as experts in the Federal Court, testified as follows: "(the marijuana) is highly dehydrated, it has a brownie color ... it is observable that is marijuana that has been stored for a long time and not only that, at opening a 'rotten' odor comes from the packages.... it is assumed that such illegal drug was exposed to adverse atmospherical and physical conditions for a long time."

19. Thereafter, in a response to a Freedom of Information Act request filed by plaintiffs' counsel, photographs were produced by USA showing that the area wherein the Mexican officials discovered the marijuana in January of 2002 had not been searched by USA, MCCORMACK, or EG&G, INC.

20. Once the government made the decision to sell the Subject Vehicle, Customs officials were obligated by the regulations and written procedures of the USA to conduct a thorough pre-sale inspection to remove any detectable contraband.

21. Before sale at public auction, the written procedures of USA (Customs) required that a vehicle be subjected to further

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

inspection to ensure that all contraband or illegal material was removed.

22. The USA failed to conduct a complete and thorough exam of the vehicle.

23. The USA officials' failure to conduct an adequate search was due to a local USA Border Patrol policy to curtail searches in order to avoid causing damage that could diminish the resale value of the vehicle.

24. The failure to conduct a complete and thorough examination was knowing and/or willful and/or done with reckless disregard to the impact that could result to a purchaser or occupant's rights.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

25. The failure to conduct a complete and thorough exam made the vehicle unsafe as it subjected the occupants to detention and arrest should overlooked contraband be discovered by other law enforcement agents at a later date.

26. The failure to conduct a complete and thorough exam caused recurring harm as there were multiple instances where purchasers and occupants were detained and arrested due to contraband overlooked by the USA prior to USA Custom auctions of seized vehicles.

27. The United States of America sold a dangerous and defective product, released that product into the USA stream of commerce, and failed to take responsibility when the defective nature of the product thereafter caused the intended user of the product (the Plaintiffs) to suffer harm.

28. The United States of America had an "official duty" under its Customs policies and procedures to thoroughly inspect the subject vehicle for narcotics before the same were released into the chain of commerce. The USA agents involved in the searches failed to do so.

29. The fact that the United States knowingly failed to make the vehicle safe by conducting a thorough search was verified in depositions taken of the USA's designated expert David Murphy on June 25, 2004 as follows:

DAVID MURPHY

**"Q: I am going to ask you a hypothetical question ... For the purposes of this question, please assume that there were approximately 37 pounds of marijuana still in this (vehicle) after Officer Marilao detected and removed some marijuana from the gas tank. .... In your opinion, if all of the search techniques that you described were performed on this vehicle in an adequate fashion, in your opinion, would they have detected an amount of drugs that was 37 pounds of marijuana?** [Objections omitted].

**A: I would hope that they would.**

**Q: So in your opinion if those search techniques are performed adequately, an amount of that size, i.e., around 37 pounds, would be detected?**

**A: Yes."** [Deposition of David Murphy (6-24-04) pg. 43; ll. 21-25; pg. 44; ll. 1-18].

30. There was an implied warranty that the vehicles would be thoroughly searched and reasonably clear of illegal contraband.

31. Plaintiff ALFONSO CALDERON LEON was a third party beneficiary of the sale transaction between FRANCISCO RIVERA and the USA and implied warranty that attached thereto.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**FIRST CAUSE OF ACTION**

BREACH OF WARRANTY

AGAINST USA

BY RIVERA AND CALDERON

32. On or about September 5, 2001, RIVERA purchased the SUBJECT VEHICLE from USA.

33. Defendants and each of them were aware of the fact that the plaintiffs relied upon the defendants, and each one of them, to act reasonably and in a manner that would not interfere and expose plaintiffs to criminal prosecution, loss of liberty, imprisonment, and other damages.

34. There was an implied warranty that the SUBJECT VEHICLE was reasonably clear of contraband before releasing the same for sale to plaintiff RIVERA. The defendants, and each one of them, had exclusive control of the SUBJECT VEHICLE after the seizure (from Jimenez) and before the auction sale (to Rivera). The plaintiffs expected the vehicle to be reasonably cleared of contraband before the vehicle was sold to them.

35. Defendants and each of them were aware of the plaintiffs' reliance as outlined above. The plaintiffs, and each one of them, were free of conduct contributing to the accident.

36. The defendants knew, or should have known, that a failure to conduct a thorough and complete search would subject the purchaser of the vehicle to subsequent arrest and detention if contraband was left in the vehicle at the time of the sale and thereafter discovered by law enforcement agents.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

37. At the time of the transaction, it was reasonable to expect that the SUBJECT VEHICLE was reasonably clear of contraband. It was foreseeable that the failure to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was foreseeable that a third party passenger in the SUBJECT VEHICLE would suffer damage if the vehicle was not reasonably clear of contraband.

38. The defendants, and each one of them, sold a vehicle that did not comply with the implied warranty of merchantability by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment as a result of an incomplete and inadequate search. The defendants, and each one of them, failed to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to RIVERA, a third party purchaser.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

39. The failure to ensure that the SUBJECT VEHICLE conformed to the expected quality and implied warranty was a substantial factor in causing plaintiffs' harm.

40. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by USA. They remained in Federal Prison in Mexico until they were declared innocent by an appellate court in Mexico on January 10, 2003.

41. As a result of this breach of the implied warranty of merchantability existing at California Commercial Code §§2315, 2316, 2317, 2714, 2715 et. seq.; 15 USC 47, Sections 2068 et seq. and section 2072(a); 15 USC 50 sections 2308 et. seq.; Uniform Commercial Code §2a-216, 2-314, 2-212 et seq.; RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**SECOND CAUSE OF ACTION**

BREACH OF CONTRACT

AGAINST USA BY RIVERA AND CALDERON

42. On or about September 5, 2001, RIVERA purchased the SUBJECT VEHICLE from USA. The contract was in writing and consisted of a document to transfer title to RIVERA.

43. An implied in fact and implied in law term of the contract was that the USA would conduct a complete and thorough search of the SUBJECT VEHICLE before it was sold at a public auction to ensure that there were excessive amounts of contraband were not remaining in the SUBJECT VEHICLE.

44. The implied term to conduct a thorough and adequate search was breached when the USA failed to conduct a thorough and adequate search of the SUBJECT VEHICLE before selling the SUBJECT VEHICLE to RIVERA.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

45. CALDERON is entitled to damages as the implied term to perform an adequate search of the SUBJECT VEHICLE was intended to benefit all potential occupants of the SUBJECT VEHICLE.

46. The defendants, and each one of them, breached the implied term in the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment as a result of an incomplete and inadequate search.

47. The breach of the implied term in the contract was a substantial factor in causing plaintiffs' harm.

48. The breach of the implied term in the contract caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by USA. They remained in Federal Prison in Mexico until they were declared innocent by an appellate court in Mexico on January 10, 2003.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

49. As a result of the defendant's breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**THIRD CAUSE OF ACTION**

<u>BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING</u>

AGAINST USA BY RIVERA AND CALDERON

50. On or about September 5, 2001, RIVERA purchased the SUBJECT VEHICLE from USA. The contract was in writing and

consisted of a document to transfer title to RIVERA.

51. An implied in fact and implied in law term of the contract was that the USA would conduct a complete and thorough search of the SUBJECT VEHICLE before it was sold at a public auction to ensure that there were excessive amounts of contraband were not remaining in the SUBJECT VEHICLE.

52. The implied term to conduct a thorough and adequate search was breached when the USA failed to conduct a thorough and adequate search of the SUBJECT VEHICLE before selling the SUBJECT VEHICLE to RIVERA.

53. CALDERON is entitled to damages as the implied term to perform an adequate search of the SUBJECT VEHICLE was intended to benefit all potential occupants of the SUBJECT VEHICLE.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

54. There was also an implied covenant of good faith and fair dealing in the contract for the purchase of the SUBJECT VEHICLE from USA. The USA knew, or should have known, that the USA was in a position superior to that of the plaintiff in regard to the detection and removal of contraband and that the plaintiff would rely upon the USA to conduct a reasonable and adequate search. By curtailing the search to increase the potential resale value of the vehicles, the USA breached this covenant of good faith and fair dealing.

55. The USA breached the covenant of good faith and fair dealing existing in the purchase contract by not reasonably searching the SUBJECT VEHICLE prior to its sale to RIVERA in order to avoid causing damage that could reduce the value of the SUBJECT VEHICLE at a public auction.

56. Defendants and each of them were aware of the fact that the plaintiffs relied upon the defendants, and each one of them, to act reasonably and in a manner that would not interfere and expose plaintiffs to criminal prosecution, loss of liberty, imprisonment, and other damages.

57. The SUBJECT VEHICLE was not reasonably clear of contraband before releasing the same for sale to plaintiff RIVERA. The defendants, and each one of them, had exclusive control of the SUBJECT VEHICLE after the seizure (from Jimenez) and before the auction sale (to Rivera). The plaintiffs expected the vehicle to be reasonably cleared of contraband before the vehicle was sold to them.

58. The defendants knew, or should have known, that a failure to conduct a thorough and complete search would subject the purchaser of the vehicle to subsequent arrest and detention if contraband was left in the vehicle at the time of the sale and thereafter discovered by law enforcement agents.

59. At the time of the transaction, it was reasonable to expect that the SUBJECT VEHICLE was reasonably clear of contraband. It was foreseeable that the failure to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was foreseeable that a third party passenger in the SUBJECT VEHICLE would suffer damage if the vehicle was not reasonably clear of contraband.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

60. The defendants, and each one of them, breached the implied term in the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment as a result of an incomplete and inadequate search.

61. The breach of the implied term in the contract was a substantial factor in causing plaintiffs' harm.

62. The breach of the implied term in the contract caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by USA. They remained in Federal Prison in Mexico until they were declared innocent by an appellate court in Mexico on January 10, 2003.

63. As a result of the defendant's breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**PRAYER**

Plaintiffs pray judgment as follows:

1. For general, special and statutory damages according to proof;
2. Statutory attorneys fees and costs according to proof including but not limited to attorney fees and costs pursuant to 28 USC §2412(d)(1)(A)[Equal Access to Justice Act] and CCP §1021.5;

3. For costs of suit herein incurred;

4. For such other and further relief as the court may deem proper.

DATED: 2-14-05

SUPPA, TRUCCHI, AND HENEIN

TERESA TRUCCHI
ATTORNEY FOR PLAINTIFFS
FRANCISCO JAVIER RIVERA
AGREDANO and ALFONSO CALDERON
LEON

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658