No. 05-608C
(Judge Hewitt)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 616-8253
Fax: (202) 307-0972

September 30, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

Page(s)

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. The Court Lacks Jurisdiction To Entertain Plaintiffs' Case Because Plaintiffs Claims Are Grounded In Tort . . . 6

A. Legal Standard Pursuant To RCFC 12(b)(1) . . . . . . . 6

B. Plaintiffs' Claims Sound In Tort . . . . . . . . . . . 8

II. Alternatively, Summary Judgment Is Appropriate In This Case . . . . . . . . . . . . . . . . . . . . . . . 11

A. The Legal Standard Pursuant To RCFC 56 . . . . . . . 11

B. An Express Contract Precludes Plaintiffs' Implied-In-Fact Contract Claims As A Matter Of Law . . . . . . . . . . . . . . . . . . . . . . . 12

C. The Government Is Entitled To Summary Judgment Regarding Plaintiffs' Claims For Breach Of The Implied Covenant Of Good Faith And Fair Dealing . . . . . . . . . . . . . . . . . . . . . . . .16

D. The Government Is Entitled To Summary Judgment Because Plaintiffs' Claims For Damages Are Remote And Speculative . . . . . . . . . . . . . . . 18

E. The Government Is Entitled To Summary Judgment Regarding Mr. Calderon's Claims . . . . . . . . . . . 21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 22

TABLE OF AUTHORITIES

Page(s)

Aetna Cas. & Sur. Co. v. United States,
228 Ct. Cl. 146, 655 F.2d 1047 (1981) . . . . . . . . . . 6, 7

Am-Pro Protective Agency, Inc. v. United States,
281 F.3d, 1234 (Fed. Cir. 2002) . . . . . . . . . . . . 16, 17

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . 11, 12

Atlas Corp. v. United States,
895 F.2d 745 (Fed. Cir. 1990) . . . . . . . . . . . . . 12, 13

Barstow v. United States,
5 Cl. Ct. 224 (1984) . . . . . . . . . . . . . . . . . . . . 16

Betz v. United States,
40 Fed. Cl. 286 (Fed. Cl. 1998) . . . . . . . . . . . . . . 9

Bixby Ranch Co. v. United States,
35 Fed. Cl. 674 (1996) . . . . . . . . . . . . . . . . . 15

Bray v. United States,
48 Fed. Cl. 781 (2001) . . . . . . . . . . . . . . . . . 10

California Fed. Bank v. United States,
395 F.3d 1263 (Fed. Cir. 2005) . . . . . . . . . . . . . 18

Carolina Tobacco Co. v. Bureau of Customs and Border Protection,
402 F.3d 1345 (Fed. Cir. 2005) . . . . . . . . . . . . . . 16

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . 11

Christianson v. Colt Industrs. Operating Corp.,
486 U.S. 800 (1988) . . . . . . . . . . . . . . . . . . . . 7

Cienega Gardens v. United States,
194 F.3d 1231 (Fed. Cir. 1998) . . . . . . . . . . . . . 21

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . 6

De Brousse v. United States,
28 Fed. Cl. 187 (1993) . . . . . . . . . . . . . . . . . . 13

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 (1984) . . . . . . . . . . . . . . . . . . . . 6

Eastport S.S. Corp. v. United States,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) . . . . . . . . . . . 7

Fadem v. United States,
13 Cl. Ct. 328 (1978) . . . . . . . . . . . . . . . . . 10

Fed. Deposit Ins. Corp. v. United States,
342 F.3d 1313 (Fed. Cir. 2003) . . . . . . . . . . . . . 21

Fid. Constr. Co. v. United States,
700 F.2d 1379 (Fed. Cir.) . . . . . . . . . . . . . . . . 7

Kania v. United States,
227 Ct. Cl. 458, 650 F.2d 264 (1981) . . . . . . . . . . 9

Keene Corp. v. United States,
508 U.S. 200 (1993) . . . . . . . . . . . . . . . . . . . 7

Knieper v. United States,
38 Fed. Cl. 128 (1997) . . . . . . . . . . . . . . . . . 12

Krawitz v. Rusch,
209 Cal. App. 3d 957 (Cal. Ct. App. 1989) . . . . . . . 15

Levy v. United States,
10 Cl. Ct. 602 (1986) . . . . . . . . . . . . . . . . . 13

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . 6

Mingus Constructors, Inc. v. United States,
812 F.2d 1387 (Fed. Cir. 1987) . . . . . . . . . . . . 11

Myerle v. United States,
33 Ct. Cl. 1 (1897) . . . . . . . . . . . . . . . . . . 19

Phaidin v. United States,
28 Fed. Cl. 231 (1993) . . . . . . . . . . . . . . . . . 6

Pratt v. United States,
50 Fed. Cl. 469 (2001) . . . . . . . . . . . . . . . . . 9

Price v. United States,
46 Fed. Cl. 640 (2000) . . . . . . . . . . . . . . . . . 12, 17

Rice v. United States,
31 Fed. Cl. 156 (1994) . . . . . . . . . . . . . . . . . . . 6

SAB Constr., Inc. v. United States,
56 Fed. Cl. 77 (2005) . . . . . . . . . . . . . . . . . 19, 20

Solar Turbines, Inc. v. United States,
26 Cl. Ct. 1249 (1992) . . . . . . . . . . . . . . . . . . 17

Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.,
833 F.2d 1560 (Fed. Cir. 1987) . . . . . . . . . . . . . . 11

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . 6

UNR Industrs., Inc. v. United States,
962 F.2d 1013 (Fed. Cir. 1992), . . . . . . . . . . . . . 7

U.S. Ecology, Inc. v. United States,
245 F.3d 1352 (Fed. Cir. 2001) . . . . . . . . . . . . . 21

United States v. Connolly,
716 F.2d 882 (Fed. Cir. 1983) . . . . . . . . . . . . . 7, 8

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . 7

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . 7, 8

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . 6, 7

## STATUTES

15 U.S.C. § 2072 . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 2310 . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1350 . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . 7

Cal. Veh. Code 24007(a)(1) . . . . . . . . . . . . . . . . . . 15

## OTHER MATERIALS

Restatement (Second) of Contracts § 351 . . . . . . . . . . . . 18

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON, Plaintiffs, | ) | No. 05–608C |
| v. | ) | (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant, the United States, pursuant to RCFC 12(b)(1) and 56, respectfully requests that the Court grant the Government’s motion to dismiss or, in the alternative, for summary judgment. In support of this motion, we rely upon the complaint, the following brief, and documents set forth in the attached appendix.

DEFENDANT'S BRIEF

ISSUES PRESENTED

1. Whether the Court possesses jurisdiction to entertain claims for damages arising out of the sale of an automobile where the damages plaintiffs seek are not grounded in any contract or money-mandating provision.

2. Whether summary judgment is warranted where plaintiffs’ claims are based upon implied warranty and implied contract terms and an express contract governed the parties’ transaction.

3. Whether summary judgment is warranted where the damages plaintiffs seek are consequential in nature and do not directly result from any breach of contract, warranty, or covenant alleged in the complaint.

4. Whether summary judgment is warranted regarding the claims of plaintiff, Alfonso Calderon Leon, where Mr. Calderon never was in contractual privity with the Government and was not a third-party beneficiary to any contract with the Government.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiffs, Francisco Javier Rivera Agredano and Alfonso Calderon Leon, purport to bring this action seeking damages arising from the purchase of an automobile by Mr. Agredano at an auction conducted on behalf of the United States. Five months after the purchase, Mexican authorities imprisoned Messrs. Rivera and Calderon following the discovery of marijuana in a hidden compartment in the car. Plaintiffs seek damages arising from their imprisonment in Mexico. They assert that the United States breached implied warranties that attached to the sale and the implied covenant of good faith and fair dealing.

### II. Statement Of Facts

On January 25, 2001, the United States Customs Service (“Customs”) stopped a 1987 Nissan Pathfinder (the “subject vehicle”) near the United States border with Mexico. After finding drugs in the subject vehicle, customs agents arrested the

driver and seized the subject vehicle. Def. App. 1-5.[1] The driver pled guilty to importing 59 pounds of marijuana into the United States, and the Government hired EG&G, Inc. ("EG&G") to direct and organize a forfeiture sale of the subject vehicle. Def. App 6-14. McCormack Auction Company ("McCormack") conducted the auction of the subject vehicle. Def. App. 15, 16. On September 5, 2001, Mr. Rivera purchased the subject vehicle at auction for $2,600. Def. App. 18.

Mr. Rivera bought the subject vehicle on an "as is/where is" basis. For example, the brochure advertising the sale explained that

> The vehicles offered to you for purchase at any U.S. Customs Auction are sold "AS IS, WHERE IS." This means that neither U.S. Customs or McCormack Auction Company, or E.G. & G Dynatrend, extend any warranties or promises of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle's identity, previous ownership, physical condition, registration status, or ability to pass a smog certification.

Def. App. 16 (emphasis in original).

As a condition of participating in the September 5, 2001 auction, Mr. Rivera completed and signed an EG&G bidder registration form. Def. App. 17. Above Mr. Rivera's signature, the form stated: "I agree to comply with the terms of sale

[1] "Def. App. __" refers to defendant's appendix filed with this brief.

contained in the sale catalog for this sale and all future sales I attend.” Def. App. 17.

The sales catalog in turn stated:

> **WARRANTY/GUARANTEE:** All merchandise is sold on an “AS IS, WHERE IS” basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your personal observations.

Def. App. 15 (emphasis in original).

On Thursday, January 24, 2002, Mr. Rivera drove the subject vehicle to Tijuana. Mr. Calderon accompanied Mr. Rivera. Mexican authorities stopped the pair at a highway check point. Compl. ¶ 14.

The authorities searched the subject vehicle and discovered packages of marijuana concealed between the upholstery walls and the body of the subject vehicle near the wheel well. Compl. ¶ 15. The Mexican authorities arrested Messrs. Rivera and Calderon, and held them until January 10, 2003. Compl. ¶ 16.

Messrs. Rivera and Calderon filed an action in the United States District Court for the Southern District of California against the United States, EG&G, and McCormack. Plaintiffs asserted, among other claims, breach of contract, fraud, negligent misrepresentation, and negligent and intentional infliction of emotional distress. Def. App. 23-29.

On November 2, 2004, the district court granted the Government's motion for summary judgment as to plaintiff's tort claims. On February 3, 2005, plaintiffs and the Government stipulated to the filing of a sixth amended complaint asserting breach of contract, breach of implied warranty, and breach of the implied covenant of good faith and fair dealing. The district court transferred plaintiffs' case to the United States Court of Federal Claims. Compl. ¶ 3.

On June 17, 2005, plaintiffs filed a complaint in this Court. Plaintiffs assert breach of implied warranty, breach of contract, and breach of the implied covenant of good faith and fair dealing. For each count, plaintiffs assert that, as a result of defendants' conduct, they suffered

> loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be determined at trial.

Compl. ¶¶ 41, 49, 63.

# ARGUMENT

## I. The Court Lacks Jurisdiction To Entertain Plaintiffs' Case Because Plaintiffs Claims Are Grounded In Tort

### A. Legal Standard Pursuant To RCFC 12(b)(1)

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although the factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. McCauley, 38 Fed. Cl. at 262-63; Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table).

This Court, like its predecessors, is a court of limited jurisdiction. Phaidin v. United States, 28 Fed. Cl. 231, 233 (1993); Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984) (table). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Congressional consent to suit in this Court, which thereby waives sovereign immunity, must be explicit and is strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fid. Constr. Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir.). A waiver of sovereign immunity cannot be implied, but must be expressed unequivocally. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Moreover, “a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists.” Christianson v. Colt Industrs. Operating Corp., 486 U.S. 800, 818 (1988); accord UNR Industrs., Inc. v. United States, 962 F.2d 1013, 1022-23, 1025 (Fed. Cir. 1992) (en banc), aff'd sub nom., Keene Corp. v. United States, 508 U.S. 200 (1993).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Cas. & Sur. Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). This provision, however, does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). Rather, it merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc), cert. denied, 465 U.S. 1065 (1984). Thus, in order to

state a claim within the jurisdiction of this Court, a claimant must look beyond this jurisdictional statute and establish some substantive provision of law, regulation, or the Constitution, which fairly can be construed as mandating compensation. Mitchell, 445 U.S. at 538; Connolly, 716 F.2d at 885.

B. Plaintiffs' Claims Sound In Tort

In their attempt to invoke the jurisdiction of this Court, plaintiffs cite several statutes. These include 28 U.S.C. § 1332, 15 U.S.C. § 2072 (the Consumer Product Safety Act), 15 U.S.C. § 2310 (the Federal Warranty Act), 28 U.S.C. § 1346 (the Little Tucker Act) and 28 U.S.C. § 1350 (the Alien Tort Claim Act). Compl. ¶ 1.

However, none of the statutes plaintiffs cite is money mandating or independently confers jurisdiction upon this Court. See, e.g., 28 U.S.C. § 1332 (conferring jurisdiction upon the Federal district courts to entertain certain suits); 15 U.S.C. § 2072 (authorizing persons injured by violations of consumer product safety rules to bring suit in Federal district courts); 15 U.S.C. § 2310 (conferring jurisdiction to entertain certain actions alleging violations of warranties in Federal district courts); 28 U.S.C. § 1346 (conferring concurrent jurisdiction to entertain certain claims upon the Federal district courts and the Court of Federal Claims where the substantive right already

exists) and 28 U.S.C. § 1350 (conferring jurisdiction to entertain certain tort actions upon the Federal district courts).

The Government acknowledges that the Federal District Court for the Southern District of California transferred this case after determining that it lacked jurisdiction to entertain plaintiffs' breach of contract claims. However, the district court cannot confer jurisdiction upon this Court.

In fact, plaintiffs' claims appear to sound solely in tort. Although styled as a claim for breach of contract, a claim that seeks consequential damages is grounded in tort and therefore beyond the jurisdiction of the Court. As the United States Court of Claims explained in Kania v. United States, 227 Ct. Cl. 458, 650 F.2d 264, 269 (1981), "[c]ourts do not, in awarding breach damages, follow through the remote indirect consequences of the breach as distinct from those directly in contemplation of the parties." The Kania court further explained that the jurisdictional basis for plaintiff's request for attorneys' fees allegedly incurred as a result of the Government's breach of a contract was "extremely dubious," and that such damages were not recoverable in the Court of Claims. Id.

Employing similar reasoning, this Court repeatedly has dismissed claims seeking damages grounded in tort for lack of jurisdiction. For example, in Pratt v. United States, 50 Fed. Cl. 469 (2001), a purchaser of real property at a tax lien sale

sued the United States for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious breach of contract, and restitution. In considering these claims, the Court held that it “lack[ed] jurisdiction to award plaintiff’s prayer for damages for emotional distress and pain and suffering.” Id. at 482; see also Betz v. United States, 40 Fed. Cl. 286, 291 (Fed. Cl. 1998) (dismissing claims seeking non-economic damages for pain, suffering, inconvenience, mental anguish, emotional distress, injury to reputation, and humiliation); Bray v. United States, 48 Fed. Cl. 781, 783-84 (2001) (finding no jurisdiction to entertain claims seeking consequential damages incurred as a result of allegedly erroneous withholding of pay); Fadem v. United States, 13 Cl. Ct. 328, 336 (1978) (“Traditional tort claims, such as claims for personal injury, are clearly beyond the jurisdiction of the Claims Court.”).

In fact, the losses for which plaintiffs seek recovery in this case fall squarely and entirely within the category of damages not available in this Court. Although plaintiffs’ claims purport to sound in contract, the losses specifically identified in the complaint--loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, and property damages (Compl. ¶¶ 41, 49, 63)--are classic measures of tort liability.

Each of these categories of loss, in fact, were among those identified in plaintiffs' complaint filed against the Government pursuant to the Federal Tort Claim Act. Def. App. 20, 23-30. Further, plaintiffs' complaint lacks any allegation that they suffered the type of economic injury--such as the difference between the value of goods contracted for and the value of goods received--that are available to plaintiffs seeking damages for breach of contract. Plaintiffs' claims in this action are simply restatements of the tort claims they brought under the Federal Tort Claims Act, and are therefore beyond the jurisdiction of the Court.

For these reasons, we respectfully request that the Court grant defendant's motion to dismiss.

II. Alternatively, Summary Judgment Is Appropriate In This Case

A. The Legal Standard Pursuant To Rule 56

Summary disposition is appropriate where there is no genuine dispute as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987); RCFC 56(c). Summary judgment is "a salutary method of disposition 'designed to secure the just, speedy and inexpensive determination of every action.'" Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1562 (Fed. Cir. 1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

As the court of appeals emphasized in Sweats Fashions: "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." 833 F.2d at 1563 (emphasis in original). Rather, "the burden on the moving party may be discharged by 'showing'--that is, pointing out to the [Court of Federal Claims]--that there is an absence of evidence to support the non-moving party's case." Id. (emphasis in original) (quoting Celotex Corp., 477 U.S. at 325).

A "material fact" is one "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. As we discuss below, the Government is entitled to summary judgment because there is no dispute as to any material fact and defendant is entitled to judgment as a matter of law.

B. An Express Contract Precludes Plaintiffs' Implied-In-Fact Contract Claims As A Matter Of Law

It is well-established that "the existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990).

Consistent with this principle, this Court repeatedly has held that the Government ensures that no implied warranties or

contract terms exist in public auctions by employing "as is, where is" disclaimers. A party to a public auction involving such disclaimers may not prevail upon implied warranty or implied contract terms. After all, "risk of loss is generally allocated to the buyer" who purchases Government property on an "as is" basis. Price v. United States, 46 Fed. Cl. 640, 648 (2000); Knieper v. United States, 38 Fed. Cl. 128, 140 (1997) (holding that "as is" clause "allocated the risk of loss to plaintiffs, and, therefore, that the plaintiffs are not entitled to the relief they request."); Levy v. United States, 10 Cl. Ct. 602, 612-13 (1986) (holding that plaintiffs who purchased property "as is" and "without warranty" "have not stated a claim upon which relief can be granted"). These black letter legal principles are fatal to plaintiffs' claims in this case.

Plaintiffs base their claims upon defendant's alleged violations of an "implied warranty that the subject vehicle was clear of contraband" (Compl. ¶ 39) and an "implied in fact and implied in law" contract term requiring the Government to perform a thorough and adequate search of the subject vehicle before selling it. Compl. ¶ 46. However, plaintiff's complaint acknowledges that the parties' "contract was in writing and consisted of a document to transfer title to RIVERA." Compl. ¶ 42. Plaintiff is bound by this admission. De Brousse v. United States, 28 Fed. Cl. 187, 188-89 (1993) ("judicial

admissions are of the highest possible probative value inasmuch as they are beyond the power of evidence to controvert them.”).

Plaintiffs acknowledge that the title document is an express contract. Compl. ¶ 42. Yet this document contains no warranties or terms regarding inspection (Def. App. 18), and plaintiff may not ask this Court to write such terms into the title document or to create a new contract containing such terms. Atlas Corp., 895 F.2d at 754-55.

Further, the record could not be clearer that no implied warranties or contract terms regarding inspection attached to this express contract. The sales brochure advertising the auction in question explained:

> The vehicles offered to you for purchase at any U.S. Customs Auction are sold “AS IS, WHERE IS.” This means that neither U.S. Customs or McCormack Auction Company, or E.G. & G Dynatrend, extend any warranties or promises of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle’s identity, previous ownership, physical condition, registration status, or ability to pass a smog certification.

Def. App. 16 (emphasis in original).

As a condition of participating in the September 5, 2001 auction, Mr. Rivera completed and signed an EG&G bidder registration form. Def. App. 17. The form stated, above Mr. Rivera’s signature, that “I agree to comply with the terms of sale contained in the sale catalog for this sale and all future sales I attend.” Def. App. 17.

The sales catalog in turn stated:

> **WARRANTY/GUARANTEE:** All merchandise is sold on an “AS IS, WHERE IS” basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your own personal observations.

Def. App. 15 (emphasis in original).

Plaintiffs attempt to create an implied warranty in this case by citing to California state law in their complaint. See Compl. ¶ 41. However, none of the cited provisions governed the transaction at issue in this case. It is well settled that “[c]ontracts that involve the federal government or its agencies are governed by federal law rather than by the law of the particular states in which the contracts are executed or performed.” Bixby Ranch Co. v. United States, 35 Fed. Cl. 674, 678 (1996). As a result, plaintiffs’ reliance upon California law is misplaced.[2]

Although granting summary judgment against plaintiffs in this case might appear harsh at first blush, the law and facts mandate this result. Further, the equities do not favor

---

[2] Even if this were not so, California state law would impose no duty upon the Government to inspect auctioned vehicles sold on an “as is” basis. Krawitz v. Rusch, 209 Cal. App. 3d 957, 964-65 (Cal. Ct. App. 1989) (holding that “as is” clauses are enforced under California law, with exceptions pertaining to safety items dealers in cars sold by dealers); Cal. Veh. Code § 24007(a)(1) (excluding from the definition of “dealer” public officials and those selling cars in performance of public duty for the purpose of saving the Government from loss).

plaintiffs' claims against the United States. This Court repeatedly has recognized that "[t]he reason for a strict caveat emptor approach in sales contracts for surplus goods lies in the nature of the property itself. In selling surplus material, the government attempts to dispose of a vast miscellany of used and unused property in an effort, so far as the circumstances be possible, to minimize its loss." Barstow v. United States, 5 Cl. Ct. 224, 226 (1984) (quotation omitted). Here, according to plaintiffs, a felon intentionally hid marijuana in a vehicle and neither plaintiffs nor the Government discovered it.
Mr. Rivera understood that he bore the risk of the transaction in question, and willingly accepted that risk in order to obtain a bargain.

After all, "purchasers of surplus property are aware of the 'either, or' nature of the goods for which they bargain; which is to say that either the property may be of relatively little worth, or the buyer may receive a windfall profit." Id. Although what happened to plaintiffs was unfortunate, they cannot use another country's mistaken imprisonment of them to manufacture a breach of contract claim against the United States.

C. The Government Is Entitled To Summary Judgment Regarding Plaintiffs' Claims For Breach Of The Implied Covenant Of Good Faith And Fair Dealing

It is established law that there is a strong presumption that the Government acts in good faith. A plaintiff can surmount

this presumption only with a proffer of “well nigh irrefragable proof” of the Government's bad faith, which requires a showing of specific intent to injure or actual malice toward a plaintiff. Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239 (Fed. Cir. 2002); Carolina Tobacco Co. v. Bureau of Customs and Border Protection, 402 F.3d 1345, 1350 (Fed. Cir. 2005).

Further, it is settled law that an alleged violation of the implied covenant of good faith and fair dealing must be grounded in the express provisions of th[e] contract. The implied obligation of good faith and fair dealing only attaches to “a specific substantive obligation, mutually assented to by the parties.” Price v. United States, 46 Fed. Cl. 640, 651 (2000) (citations omitted). This implied obligation cannot create express obligations where none exist. Id.

Plaintiffs have failed to make even a single allegation in their complaint linking the asserted breach of implied covenants and warranties to the express contract between the parties. Further, the undisputed evidence demonstrates that Mr. Rivera purchased the subject vehicle on an “as is” basis without express warranties or representations. Def. App. 15, 16. As a result, plaintiffs’ allegation that the Government breached the implied covenant of good faith and fair dealing necessarily fails.

Further, plaintiffs have not made any allegation, let alone proffered "irrefragable proof," that the Government intended to injure them. Am-Pro Protective Agency, 281 F.3d at 1239. Indeed, the only allegations supporting plaintiffs' claim for breach of the implied covenant of good faith and fair dealing are their contentions that the Government failed to conduct an adequate search of the subject vehicle prior to the sale. However, this allegation in no way suggests that any Government official acted with the intent to injure plaintiffs.

For these reasons, we respectfully request that the Court grant defendant's motion for summary judgment as to plaintiffs' third cause of action.

D. The Government Is Entitled To Summary Judgment Because Plaintiffs' Claims For Damages Are Remote And Speculative

It is settled law that damages cannot be awarded where an alleged contract breach is merely a substantial factor in the alleged cause of a loss. Instead, "the causal connection between the breach and the [loss] must be 'definitely established'" in order for a plaintiff to prevail. California Fed. Bank v. United States, 395 F.3d 1263, 1267-68 (Fed. Cir. 2005). See also Section 351 of the Rest. (Second) of Contracts ("[d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made.")

As this Court recently explained, “[i]n order to recover a damage, ‘there must be no intervening incident (not caused by the defaulting party) to complicate or confuse the certainty of the result between the cause and the damage; the cause must produce the effect inevitably and naturally, not possibly nor even probably.’” SAB Constr., Inc. v. United States, 56 Fed. Cl. 77, 88 (2005) (quoting Myerle v. United States, 33 Ct. Cl. 1, 26 (1897)).

The facts of SAB Construction illustrate the exacting degree of causation required to demonstrate damages arising out of liability for breach of contract (as opposed to tort). In that case, the plaintiff sought damages for breach of contract based upon the discovery of asbestos at a renovation site. Among the damages sought were the expenses incurred in separate litigation against another contractor. According to the plaintiff, this litigation was caused by the nature of the government's breach. SAB Construction, 56 Fed. Cl. at 88.

The Court rejected this theory of damage, explaining that the mere fact that the breach may have been a “but-for” cause of the separate litigation was insufficient. The court found that “this theory of causation is too broad. The decision to bring the suit, and to incur the costs, rested with the plaintiff. The plaintiff's decision breaks the chain of causation between the government's alleged breach and the litigation because the

litigation did not flow ‘inevitably and naturally’ from the government's alleged breach.” Id. at 89.

In this case, plaintiffs’ claims for damages also fall outside the “chain of causation” because plaintiffs damages did not flow “inevitably and naturally” from the Government’s alleged breach. Plaintiffs decided to take the subject vehicle to a foreign country. Upon the discovery of marijuana concealed in the subject vehicle, Mexican authorities arrested plaintiffs. The lengthy pretrial imprisonment of apparently innocent men by foreign authorities may give rise to claims against those authorities or the foreign government, but is not a direct or natural result of an alleged breach of a contract for the sale of an automobile in the United States. Instead, plaintiff’s detention was the result of an “intervening incident” that “complicate[d] or confuse[d] the certainty of the result between the cause and the damage,” Id. at 88.

Moreover, plaintiffs’ allegations overlook the undisputed fact that Mr. Rivera purchased the vehicle on an “as is, where is” basis, without warranty or guarantee of any kind, stated, implied or otherwise. Def. App. 15, 16. Thus, the damages plaintiffs claim to have suffered are unrecoverable as a matter of law in this case, and the Court should grant defendant’s motion for summary judgment.

E. The Government Is Entitled To Summary Judgment Regarding Mr. Calderon's Claims

It is well settled that "[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract . . ., there must be privity of contract between the plaintiff and the United States." Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998). Although a limited exception to this rule exists for third-party beneficiaries of contracts, "[t]hird-party beneficiary status is an exceptional privilege and to avail oneself of this exceptional privilege, a party must at least show that the contract was intended for his direct benefit." Fed. Deposit Ins. Corp. v. United States, 342 F.3d 1313, 1319 (Fed. Cir. 2003) (quotations omitted); U.S. Ecology, Inc. v. United States, 245 F.3d 1352, 1356 (Fed. Cir. 2001). Plaintiffs may not claim third-party beneficiary status "merely because the contract would benefit them." Fed. Deposit Ins. Corp., 342 F.3d at 1319.

Notwithstanding the allegation in plaintiffs' complaint that Mr. Calderon was a third-party beneficiary to the contract between Mr. Rivera and the Government (Compl. ¶ 31), nothing in the title document reflects any intention to benefit Mr. Calderon, or any other passenger. Def. App. 18. The mere fact that Mr. Calderon received a ride in Mr. Rivera's car falls far short of showing that he qualified for the exceptional privilege of third-party beneficiary status.

Therefore, defendant's motion for summary judgment as to Mr. Calderon's claims should be granted.

CONCLUSION

For these reasons, we respectfully request that the Court grant defendant's motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

September 30, 2005

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on September 30, 2005, a copy of the foregoing “MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS

**DEFENDANT'S APPENDIX**

TABLE OF CONTENTS TO DEFENDANT'S APPENDIX

Page(s)

1. State Of California Statement Of Facts . . . . . . . . . . 1
(Dated Jan. 29, 2001)

2. Report Of Drug Property Collected, Purchased Or Seized . . . . . . . . . . . . . . . . . . . . . . 2
(Dated Feb. 8, 2001)

3. Custody Receipt For Retained Or Seized Property . . . . . 3
(Dated Jan. 28, 2001)

4. Vehicle/Vessel/Aircraft Inventory And Receipt . . . . . . 4
(Dated Jan. 26, 2001)

5. Photograph Of Subject Vehicle . . . . . . . . . . . . . . 5
(Dated Jan. 30, 2001)

6. EG&G Vehicle Disposition And Inspection Forms . . . . . . 6
(Dated Sept. 18, 2001)

7. McCormack Auction Company Catalog . . . . . . . . . . . . 15
(Date Of Advertised Sale-Sept. 5, 2001)

8. McCormack Auction Company Brochure. . . . . . . . . . . . 16
(Date Of Advertised Sale-Sept. 5, 2001)

9. Bidder Registration Form . . . . . . . . . . . . . . . . 17
(Dated Sept. 5, 2001)

10. Certificate To Obtain Title To A Vehicle . . . . . . . . 18
(Dated Sept. 5, 2001)

11. Complaint Filed In the United States District Court For The Southern District Of California . . . . . . . . . . 20
(Filed Nov. 14, 2002)