TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**Attorneys for PLAINTIFFS**
**FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON**

FILED
02 NOV 14 PM 1:54
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

PPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA/DEPARTMENT OF THE TREASURY/U.S. CUSTOMS SERVICES and EG&G INC., A corp., status unknown; MCCORMACK AUCTION COMPANY, status unknown | CASE NO. '02 CV 2243 B (NLS)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Negligence<br>2. Breach of contract<br>3. Breach of Implied Covenant of Good<br>4. Fraud/Int. Misrep.<br>5. Negligent Misrep.<br>6. Negligent Infliction of Emotional Distress<br>7. Intentional Infliction of Emotional Distress<br>8. Violation of CLRA (CC §1770 et. seq.) |

**Plaintiffs FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON allege:**

**BASIS OF FEDERAL COURT JURISDICTION**

1. This action is brought under the Federal Torts Claims Act, 28 USC §§1346(b) and 2671-2680. The jurisdiction of this court over the subject matter of this action is predicated on 28 USC §1331 as this is an action against the United States and agencies of the United States for torts committed by governmental employees in the course and scope of their employment.

CC/PHA

2. The jurisdiction of this court is further predicated on 28 USC §1332 as this is an action against the United States and its agencies by citizens of a foreign state wherein the amount in controversy exceeds $75,000.00.

3. Venue is proper in the Southern District of California pursuant to 28 USC §1391 as the subject matter of this action arose in this district, all defendants are subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

**INTRODUCTORY ALLEGATIONS**

4. Plaintiff FRANCISCO JAVIER RIVERA AGREDANO (hereinafter RIVERA) is, and at all times mentioned herein was, a citizen of the Country of Mexico and authorized to enter the United States to conduct business.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

5. Plaintiff ALFONSO CALDERON LEON (hereinafter CALDERON) is, and at all times mentioned herein was, a citizen of the Country of Mexico and authorized to enter the United States to conduct business.

6. Defendant UNITED STATES OF AMERICA/DEPARTMENT OF THE TREASURY/U.S. CUSTOM SERVICES (hereinafter CUSTOMS) is, and at all times mentioned herein was, a governmental entity organized under Federal law with the capacity to sue and be sued. CUSTOMS is hereby sued on its own right and on the basis of the acts of its officials, agents, and employees, which were taken pursuant to CUSTOMS' regulations, customs, and policies.

7. Defendant EG&G, INC., a corporation current status presently unknown, conducts business in the State of California,

County of San Diego and contracts with CUSTOMS to assist in the sale to the general public vehicles which have been seized by CUSTOMS.

8. Defendant MCCORMACK AUCTION COMPANY, a corporation current status presently unknown (hereinafter MCCORMACK), conducts business in the State of California, County of San Diego and contracts with CUSTOMS to assist in the sale to the general public vehicles which have been seized by CUSTOMS.

**STATEMENT OF FACTS**

9. This case involves the seizure and subsequent sale of a 1987 Nissan Pathfinder VIN:JN8HD16Y7HW029972 (hereinafter SUBJECT VEHICLE).

10. Jose Armando Jimenez Coronel purchased and thereafter imported the SUBJECT VEHICLE into Mexico on December 12, 2000.

11. On or about January 25, 2001, Mr. Jimenez was arrested and the SUBJECT VEHICLE was seized under 18USC545; 21 USC952; and 19CFR162.45(A) (for transportation of marijuana across the United States border.) The SUBJECT VEHICLE was seized from Jose Armando Jimenez Coronel by CUSTOMS.

12. On January 30, 2001, Mr. Jimenez pled guilty to violation of California Health and Safety Code §11359 and admitted that he "knowingly possessed 59 pounds of marijuana for purposes of sale."

13. On February 20, 2001, Mr. Jimenez was granted probation for three (3) years, sentenced to time served (39 days) and ordered to pay $400.00 in fines and restitution. In exchange, the balance of the charges against him were dismissed.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

by failing to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to RIVERA, a third party purchaser.

29. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by CUSTOMS.

30. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**SECOND CAUSE OF ACTION**

BREACH OF CONTRACT

AGAINST CUSTOMS BY RIVERA AND CALDERON

31. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

32. On or about September 5, 2001, RIVERA entered into a contract with CUSTOMS.

33. The contract was memorialized by written documents such as a CERTIFICATE TO OBTAIN TITLE TO A VEHICLE executed by RIVERA and Guiseppe A. Vaccano as authorized agent for CUSTOMS.

34. The terms of the contract provided that RIVERA would purchase the SUBJECT VEHICLE from CUSTOMS. An implied term of the contract was that the SUBJECT VEHICLE would be reasonably

.....

clear of the contraband that caused its seizure from Mr. Jimenez by CUSTOMS in January of 2001.

35. CUSTOMS breached the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment. CUSTOMS further breached the implied term of the contract by failing to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to a third party purchaser.

36. At the time of the transaction, it was reasonably foreseeable that a failure to fulfill the contractual duty to ensure that the SUBJECT VEHICLE was reasonably clear of contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such CALDERON was a foreseeable third party beneficiary of the contract.

37. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by CUSTOMS.

38. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

.....

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**THIRD CAUSE OF ACTION**

BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

AGAINST CUSTOMS BY RIVERA AND CALDERON

39. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

40. On or about September 5, 2001, RIVERA entered into a contract with CUSTOMS.

41. The contract was memorialized by written documents such as a CERTIFICATE TO OBTAIN TITLE TO A VEHICLE executed by RIVERA and Guiseppe A. Vaccano as authorized agent for CUSTOMS.

42. The terms of the contract provided that RIVERA would purchase the SUBJECT VEHICLE from CUSTOMS. An implied term of the contract was that the SUBJECT VEHICLE would be reasonably clear of the contraband that caused its seizure from Mr. Jimenez by CUSTOMS in January of 2001. An implied term of the contract was also that CUSTOMS would conduct a thorough search of the SUBJECT VEHICLE to ensure that it did not expose an innocent purchaser to criminal prosecution and imprisonment for contraband left in the SUBJECT VEHICLE at the time of sale.

43. CUSTOMS breached the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment. CUSTOMS breached the implied covenant of good faith and fair dealing by failing to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to a third party purchaser.

44. At the time of the transaction, it was reasonably foreseeable that a failure to fulfill the contractual duty to

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

ensure that the SUBJECT VEHICLE was reasonably clear of contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such CALDERON was a foreseeable third party beneficiary of the contract.

45. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by CUSTOMS.

46. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

IPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**FOURTH CAUSE OF ACTION**

FRAUD/INTENTIONAL MISREPRESENTATION

AGAINST EG&G, INC. and MCCORMACK BY RIVERA AND CALDERON

47. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

48. EG&G, INC. and MCCORMACK made or ratified the following misrepresentations of fact:

a. the SUBJECT VEHICLE was reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

49. These statements were untrue. The truth was:

a. the SUBJECT VEHICLE was not reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had not conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

50. The actions of the CUSTOMS' officials and agents involved in the seizure, search and sale of the SUBJECT VEHICLE were ratified by EG&G, INC. and MCCORMACK through their knowledge (actual and/or constructive) of the same and ratification and/or acquiescence thereto.

51. Had the RIVERA been aware of the true facts, he would not have purchased the SUBJECT VEHICLE at the auction.

52. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, wrongful imprisonment, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**FIFTH CAUSE OF ACTION**

NEGLIGENT MISREPRESENTATION

AGAINST EG&G, INC. and MCCORMACK BY RIVERA AND CALDERON

53. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

54. EG&G, INC. and MCCORMACK negligently made or ratified the following misrepresentations of fact:

a. the SUBJECT VEHICLE was reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

55. These statements were untrue. The truth was:

a. the SUBJECT VEHICLE was not reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had not conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

56. The actions of the CUSTOMS' officials and agents involved in the seizure, search and sale of the SUBJECT VEHICLE were ratified by EG&G, INC. and MCCORMACK through their knowledge (actual and/or constructive) of the same and ratification and/or acquiescence thereto.

57. Had the RIVERA been aware of the true facts, he would not have purchased the SUBJECT VEHICLE at the auction.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

58. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, wrongful imprisonment, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**SIXTH CAUSE OF ACTION**

(Negligent Infliction of Emotional Distress)

(Against All Defendants)

59. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

60. Defendants and each of them were aware of the fact that the plaintiff relied upon the defendants, and each one of them,

to act with good faith and act in a manner that would not interfere and expose plaintiffs to criminal prosecution, imprisonment, and other damages.

61. Defendants and each of them were aware of the plaintiffs' reliance as outlined above.

62. With negligent disregard for the same, the defendants and each one of them engaged in the conduct set forth throughout this complaint.

63. The acts alleged throughout this complaint were offensive, upsetting, embarrassing, degrading, and humiliating to the plaintiffs. The effects of these acts caused the plaintiffs to suffer severe mental and emotional distress, all to plaintiffs' damages in a sum to be proven at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

64. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**SEVENTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress)

(Against All Defendants)

65. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

66. Defendants and each of them were aware of the fact that the plaintiff relied upon the defendants, and each one of them, to act with good faith and act in a manner that would not

interfere and expose plaintiffs to criminal prosecution, imprisonment, and other damages.

67. Defendants and each of them were aware of the plaintiffs' reliance as outlined above.

68. With reckless disregard for the same, the defendants and each one of them engaged in the conduct set forth throughout this complaint.

69. The acts alleged throughout this complaint were offensive, upsetting, embarrassing, degrading, and humiliating to the plaintiffs. The effects of these acts caused the plaintiffs to suffer severe mental and emotional distress, all to plaintiffs' damages in a sum to be proven at trial.

70. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**EIGHTH CAUSE OF ACTION**

(<u>Violation of Consumer's Legal Remedies Act</u>)

(Against All Defendants)

71. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

72. Defendants, and each one of them, violated California Civil Code §1770(a)(14) by representing that the transaction conferred or involved, rights, remedies or obligations which it did not have or involve, or which were prohibited by law,

specifically, that the SUBJECT VEHICLE would not also contain a large amount of marijuana in a hidden compartment.

73. By selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana in the same, defendants and each one of them, acted in violation of the Federal and State laws that prohibits the sale of marijuana in the State of California.

74. As such, the sale of the SUBJECT VEHICLE and the marijuana was in violation of the law and exposed plaintiffs to criminal prosecution and imprisonment in Mexico.

75. Plaintiffs, and each one of them, will seek damage pursuant to CC §1780(a)(1) and attorney fees pursuant to CC §1780(d).

76. As required by California Civil Code §1780(c), I, TERESA TRUCCHI, hereby declare as follows: This county is the proper venue for this action because the transaction occurred in this county and all of the defendants conduct business in this county. I declare under penalty of perjury that the contents of this paragraph are true and correct to the best of my personal knowledge and belief. This declaration was signed in San Diego county.

TERESA TRUCCHI

77. Plaintiffs provided defendants, and each one of them, with the notice required by Civil Code §1782 by certified mail on November 12, 2002. Plaintiffs will amend this complaint to seek damages under Civil Code §1780(a)(1) after the thirty day notice period has expired.

.....

.....

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

JURY DEMAND

78. Plaintiffs hereby demand a jury.

PRAYER

WHEREFORE plaintiff prays judgment as follows:

1. For general and special damages according to proof;
2. Statutory attorneys fees and costs according to proof;
3. As against defendants MCCORMACK and EG&G, INC.: Interest at the legal rate of ten percent (10%) per annum/prejudgment interest according to proof;
4. For costs of suit herein incurred;
5. For such other and further relief as the court may deem proper.

DATED: 11-14-02

SUPPA, TRUCCHI, AND HENEIN

TERESA TRUCCHI
ATTORNEY FOR PLAINTIFFS
FRANCISCO JAVIER RIVERA
AGREDANO and ALFONSO CALDERON
LEON

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

FILED
02 NOV 14 PM 1:54
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

Attorneys for PLAINTIFFS
FRANCISCO JAVIER RIVERA AGREDANO and
ALFONSO CALDERON LEON

PPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA/DEPARTMENT OF THE TREASURY/U.S. CUSTOMS SERVICES and EG&G INC., A corp., status unknown; MCCORMACK AUCTION COMPANY, status unknown | CASE NO. 02 CV 2243 B (NLS)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Negligence<br>2. Breach of contract<br>3. Breach of Implied Covenant of Good<br>4. Fraud/Int. Misrep.<br>5. Negligent Misrep.<br>6. Negligent Infliction of Emotional Distress<br>7. Intentional Infliction of Emotional Distress<br>8. Violation of CLRA (CC §1770 et. seq.) |

**Plaintiffs FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON allege:**

**BASIS OF FEDERAL COURT JURISDICTION**

1. This action is brought under the Federal Torts Claims Act, 28 USC §§1346(b) and 2671-2680. The jurisdiction of this court over the subject matter of this action is predicated on 28 USC §1331 as this is an action against the United States and agencies of the United States for torts committed by governmental employees in the course and scope of their employment.

1

cc/PLA

2. The jurisdiction of this court is further predicated on 28 USC §1332 as this is an action against the United States and its agencies by citizens of a foreign state wherein the amount in controversy exceeds $75,000.00.

3. Venue is proper in the Southern District of California pursuant to 28 USC §1391 as the subject matter of this action arose in this district, all defendants are subject to personal jurisdiction in this district, and there is no district in which the action may otherwise be brought.

**INTRODUCTORY ALLEGATIONS**

4. Plaintiff FRANCISCO JAVIER RIVERA AGREDANO (hereinafter RIVERA) is, and at all times mentioned herein was, a citizen of the Country of Mexico and authorized to enter the United States to conduct business.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

5. Plaintiff ALFONSO CALDERON LEON (hereinafter CALDERON) is, and at all times mentioned herein was, a citizen of the Country of Mexico and authorized to enter the United States to conduct business.

6. Defendant UNITED STATES OF AMERICA/DEPARTMENT OF THE TREASURY/U.S. CUSTOM SERVICES (hereinafter CUSTOMS) is, and at all times mentioned herein was, a governmental entity organized under Federal law with the capacity to sue and be sued. CUSTOMS is hereby sued on its own right and on the basis of the acts of its officials, agents, and employees, which were taken pursuant to CUSTOMS' regulations, customs, and policies.

7. Defendant EG&G, INC., a corporation current status presently unknown, conducts business in the State of California,

County of San Diego and contracts with CUSTOMS to assist in the sale to the general public vehicles which have been seized by CUSTOMS.

8. Defendant MCCORMACK AUCTION COMPANY, a corporation current status presently unknown (hereinafter MCCORMACK), conducts business in the State of California, County of San Diego and contracts with CUSTOMS to assist in the sale to the general public vehicles which have been seized by CUSTOMS.

**STATEMENT OF FACTS**

9. This case involves the seizure and subsequent sale of a 1987 Nissan Pathfinder VIN:JN8HD16Y7HW029972 (hereinafter SUBJECT VEHICLE).

10. Jose Armando Jimenez Coronel purchased and thereafter imported the SUBJECT VEHICLE into Mexico on December 12, 2000.

11. On or about January 25, 2001, Mr. Jimenez was arrested and the SUBJECT VEHICLE was seized under 18USC545; 21 USC952; and 19CFR162.45(A) (for transportation of marijuana across the United States border.) The SUBJECT VEHICLE was seized from Jose Armando Jimenez Coronel by CUSTOMS.

12. On January 30, 2001, Mr. Jimenez pled guilty to violation of California Health and Safety Code §11359 and admitted that he "knowingly possessed 59 pounds of marijuana for purposes of sale."

13. On February 20, 2001, Mr. Jimenez was granted probation for three (3) years, sentenced to time served (39 days) and ordered to pay $400.00 in fines and restitution. In exchange, the balance of the charges against him were dismissed.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

14. Thereafter the SUBJECT VEHICLE was made available for sale to the public through a Federal Forfeiture Sale. CUSTOMS contracted the sale to EG&G INC. The auction company at the sale was MCCORMACK.

15. On September 5, 2001, RIVERA acquired the SUBJECT VEHICLE from the Department of Treasury in a Public Auction following a Customs Service Department Federal Forfeiture Sale.

16. On Thursday, January 24, 2002 RIVERA was traveling in the SUBJECT VEHICLE from the City of Ensenada, Baja California to the City of Tijuana, Baja California. RIVERA was accompanied by CALDERON. RIVERA and CALDERON were stopped at a Highway Check Point at the location known as El Sauzal, Ensenada, Baja California by Mexican authorities.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

17. The SUBJECT VEHICLE was searched. The Mexican authorities discovered twenty two (22) packages containing marijuana (weighing 17 kilograms total.) The packages were between the upholstery walls and the body of the vehicle (close to the wheel well.)

18. RIVERA and CALDERON were arrested and have been in Federal Prison in Mexico from and after January 24, 2002.

19. Jose Blanco Loya, an expert witness from the Office of the Attorney General (in Mexico), tested the marijuana on January 25, 2002. On February 13, 2002, Mr. Blanco testified before the 11th Federal District Court of Ensenada that the marijuana found by the Mexican authorities on January 24, 2002 was "highly dehydrated, consistency and texture had been lost, and due to color lost, it had a 'brownie' color trend .... change in texture

and consistency is also due to they (sic) have been stored or exposed to certain physical or atmospherical conditions, change in color is due to an old or stored marijuana ...."

20. On March 11, 2002, expert chemists Rafael Garcia Guterrez and Miguel Carrillo Mendivil, qualified as experts in the Federal Court, testified as follows: "(the marijuana) is highly dehydrated, it has a brownie color ... it is observable that is marijuana that has been stored for a long time and not only that, at opening a 'rotten' odor comes from the packages.... it is assumed that such illegal drug was exposed to adverse atmospherical and physical conditions for a long time."

21. Thereafter, in a response to a Freedom of Information Act request filed by plaintiffs' counsel, photographs were produced by CUSTOMS showing that the area wherein the Mexican officials discovered the marijuana in January of 2002 had not been searched by CUSTOMS, MCCORMACK, or EG&G, INC.

22. A government claim was submitted to CUSTOMS on or about July 4, 2002. The claim was denied on or about October 10, 2002.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**FIRST CAUSE OF ACTION**

NEGLIGENCE

AGAINST CUSTOMS/EG&G, INC./MCCORMACK BY RIVERA AND CALDERON

22. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

23. On or about September 5, 2001, RIVERA purchased the SUBJECT VEHICLE from CUSTOMS in a sale conducted by MCCORMACK. Plaintiffs are informed and believe and thereon allege that defendant EG&G, Inc. was also involved in the sale by storing the

vehicle, assisting in the sale of the SUBJECT VEHICLE, and taking other acts on behalf of CUSTOMS.

24. Defendants and each of them were aware of the fact that the plaintiff relied upon the defendants, and each one of them, to act reasonably and in a manner that would not interfere and expose plaintiffs to criminal prosecution, imprisonment, and other damages. Defendants, and each one of them, had a duty to ensure that the SUBJECT VEHICLE was reasonably clear of contraband before releasing the same for sale to plaintiff RIVERA.

25. Defendants and each of them were aware of the plaintiffs' reliance as outlined above.

26. With negligent disregard for the same, the defendants and each one of them engaged in the conduct set forth throughout this complaint.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

27. At the time of the transaction, it was reasonably foreseeable that a failure to fulfill the duty to ensure that the SUBJECT VEHICLE was reasonably clear of contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was foreseeable that a third party passenger in the SUBJECT VEHICLE would suffer damage if the defendants failed to perform the duties as outlined above.

28. The defendants, and each one of them, breached the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment. The defendants, and each one of them, further breached their duties

by failing to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to RIVERA, a third party purchaser.

29. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by CUSTOMS.

30. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**SECOND CAUSE OF ACTION**

BREACH OF CONTRACT

AGAINST CUSTOMS BY RIVERA AND CALDERON

31. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

32. On or about September 5, 2001, RIVERA entered into a contract with CUSTOMS.

33. The contract was memorialized by written documents such as a CERTIFICATE TO OBTAIN TITLE TO A VEHICLE executed by RIVERA and Guiseppe A. Vaccano as authorized agent for CUSTOMS.

34. The terms of the contract provided that RIVERA would purchase the SUBJECT VEHICLE from CUSTOMS. An implied term of the contract was that the SUBJECT VEHICLE would be reasonably

.....

clear of the contraband that caused its seizure from Mr. Jimenez by CUSTOMS in January of 2001.

35. CUSTOMS breached the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment. CUSTOMS further breached the implied term of the contract by failing to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to a third party purchaser.

36. At the time of the transaction, it was reasonably foreseeable that a failure to fulfill the contractual duty to ensure that the SUBJECT VEHICLE was reasonably clear of contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such CALDERON was a foreseeable third party beneficiary of the contract.

37. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by CUSTOMS.

38. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

.....

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

THIRD CAUSE OF ACTION

BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

AGAINST CUSTOMS BY RIVERA AND CALDERON

39. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

40. On or about September 5, 2001, RIVERA entered into a contract with CUSTOMS.

41. The contract was memorialized by written documents such as a CERTIFICATE TO OBTAIN TITLE TO A VEHICLE executed by RIVERA and Guiseppe A. Vaccano as authorized agent for CUSTOMS.

42. The terms of the contract provided that RIVERA would purchase the SUBJECT VEHICLE from CUSTOMS. An implied term of the contract was that the SUBJECT VEHICLE would be reasonably clear of the contraband that caused its seizure from Mr. Jimenez by CUSTOMS in January of 2001. An implied term of the contract was also that CUSTOMS would conduct a thorough search of the SUBJECT VEHICLE to ensure that it did not expose an innocent purchaser to criminal prosecution and imprisonment for contraband left in the SUBJECT VEHICLE at the time of sale.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

43. CUSTOMS breached the contract by selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana stored in a hidden compartment. CUSTOMS breached the implied covenant of good faith and fair dealing by failing to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to a third party purchaser.

44. At the time of the transaction, it was reasonably foreseeable that a failure to fulfill the contractual duty to

ensure that the SUBJECT VEHICLE was reasonably clear of contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such CALDERON was a foreseeable third party beneficiary of the contract.

45. This breach caused damage to RIVERA and CALDERON on January 24, 2002 when they were arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by CUSTOMS.

46. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

IPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**FOURTH CAUSE OF ACTION**

FRAUD/INTENTIONAL MISREPRESENTATION

AGAINST EG&G, INC. and MCCORMACK BY RIVERA AND CALDERON

47. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

48. EG&G, INC. and MCCORMACK made or ratified the following misrepresentations of fact:

a. the SUBJECT VEHICLE was reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

49. These statements were untrue. The truth was:

a. the SUBJECT VEHICLE was not reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had not conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

50. The actions of the CUSTOMS' officials and agents involved in the seizure, search and sale of the SUBJECT VEHICLE were ratified by EG&G, INC. and MCCORMACK through their knowledge (actual and/or constructive) of the same and ratification and/or acquiescence thereto.

51. Had the RIVERA been aware of the true facts, he would not have purchased the SUBJECT VEHICLE at the auction.

52. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, wrongful imprisonment, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**FIFTH CAUSE OF ACTION**

NEGLIGENT MISREPRESENTATION

AGAINST EG&G, INC. and MCCORMACK BY RIVERA AND CALDERON

53. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

54. EG&G, INC. and MCCORMACK negligently made or ratified the following misrepresentations of fact:

a. the SUBJECT VEHICLE was reasonably clear of contraband at the time of the sale to RIVERA; and,

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

b. CUSTOMS had conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

55. These statements were untrue. The truth was:

a. the SUBJECT VEHICLE was not reasonably clear of contraband at the time of the sale to RIVERA; and,

b. CUSTOMS had not conducted a thorough search of the SUBJECT VEHICLE before selling the same to RIVERA.

56. The actions of the CUSTOMS' officials and agents involved in the seizure, search and sale of the SUBJECT VEHICLE were ratified by EG&G, INC. and MCCORMACK through their knowledge (actual and/or constructive) of the same and ratification and/or acquiescence thereto.

57. Had the RIVERA been aware of the true facts, he would not have purchased the SUBJECT VEHICLE at the auction.

58. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, wrongful imprisonment, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**SIXTH CAUSE OF ACTION**

(Negligent Infliction of Emotional Distress)

(Against All Defendants)

59. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

60. Defendants and each of them were aware of the fact that the plaintiff relied upon the defendants, and each one of them,

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

to act with good faith and act in a manner that would not interfere and expose plaintiffs to criminal prosecution, imprisonment, and other damages.

61. Defendants and each of them were aware of the plaintiffs' reliance as outlined above.

62. With negligent disregard for the same, the defendants and each one of them engaged in the conduct set forth throughout this complaint.

63. The acts alleged throughout this complaint were offensive, upsetting, embarrassing, degrading, and humiliating to the plaintiffs. The effects of these acts caused the plaintiffs to suffer severe mental and emotional distress, all to plaintiffs' damages in a sum to be proven at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

64. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**SEVENTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress)

(Against All Defendants)

65. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

66. Defendants and each of them were aware of the fact that the plaintiff relied upon the defendants, and each one of them, to act with good faith and act in a manner that would not

interfere and expose plaintiffs to criminal prosecution, imprisonment, and other damages.

67. Defendants and each of them were aware of the plaintiffs' reliance as outlined above.

68. With reckless disregard for the same, the defendants and each one of them engaged in the conduct set forth throughout this complaint.

69. The acts alleged throughout this complaint were offensive, upsetting, embarrassing, degrading, and humiliating to the plaintiffs. The effects of these acts caused the plaintiffs to suffer severe mental and emotional distress, all to plaintiffs' damages in a sum to be proven at trial.

70. As a result of this breach, RIVERA and CALDERON have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9658

**EIGHTH CAUSE OF ACTION**

(Violation of Consumer's Legal Remedies Act)

(Against All Defendants)

71. Plaintiffs reallege paragraphs one (1) through twenty-one (21) as though fully set forth herein.

72. Defendants, and each one of them, violated California Civil Code §1770(a)(14) by representing that the transaction conferred or involved, rights, remedies or obligations which it did not have or involve, or which were prohibited by law,

specifically, that the SUBJECT VEHICLE would not also contain a large amount of marijuana in a hidden compartment.

73. By selling the SUBJECT VEHICLE to RIVERA with 17 kilograms of marijuana in the same, defendants and each one of them, acted in violation of the Federal and State laws that prohibits the sale of marijuana in the State of California.

74. As such, the sale of the SUBJECT VEHICLE and the marijuana was in violation of the law and exposed plaintiffs to criminal prosecution and imprisonment in Mexico.

75. Plaintiffs, and each one of them, will seek damage pursuant to CC §1780(a)(1) and attorney fees pursuant to CC §1780(d).

76. As required by California Civil Code §1780(c), I, TERESA TRUCCHI, hereby declare as follows: This county is the proper venue for this action because the transaction occurred in this county and all of the defendants conduct business in this county. I declare under penalty of perjury that the contents of this paragraph are true and correct to the best of my personal knowledge and belief. This declaration was signed in San Diego county.

TERESA TRUCCHI

77. Plaintiffs provided defendants, and each one of them, with the notice required by Civil Code §1782 by certified mail on November 12, 2002. Plaintiffs will amend this complaint to seek damages under Civil Code §1780(a)(1) after the thirty day notice period has expired.

.....

.....

SUPPA, TRUCCHI & HENEIN, LLP
Attorneys at Law
3055 India Street
San Diego, CA
92103-6013
(619) 297-7330
FAX: (619) 297-9558