IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON, | ) | |
| Plaintiffs, | ) | No. 05–608C |
| v. | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

1. On January 25, 2001, the United States Customs Service ("Customs") stopped a 1987 Nissan Pathfinder (the "subject vehicle") near the United States border with Mexico. After finding drugs in the subject vehicle, customs agents arrested the driver and seized the subject vehicle. Def. App. 1-5.[1]

2. After the driver pled guilty to importing 59 pounds of marijuana into the United States, the Government hired EG&G, Inc. ("EG&G") to direct and organize a forfeiture sale of the subject vehicle. Def. App 6-14. McCormack Auction Company ("McCormack") conducted the auction of the subject vehicle. Def. App. 15, 16. On September 5, 2001, Mr. Rivera purchased the subject vehicle at auction for $2,600. Def. App. 18.

3. Mr. Rivera bought the subject vehicle on an "as is/where is" basis. For example, the brochure advertising the sale explained that

[1] "Def. App. __" refers to defendant's appendix filed with defendant's motion to dismiss or, in the alternative, for summary judgment.

> The vehicles offered to you for purchase at any U.S. Customs Auction are sold "AS IS, WHERE IS." This means that neither U.S. Customs or McCormack Auction Company, or E.G. & G Dynatrend, extend any warranties or promises of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle's identity, previous ownership, physical condition, registration status, or ability to pass a smog certification.

Def. App. 16 (emphasis in original).

4. As a condition of participating in the September 5, 2001 auction, Mr. Rivera completed and signed an EG&G bidder registration form. Def. App. 17. Above Mr. Rivera's signature, the form stated: "I agree to comply with the terms of sale contained in the sale catalog for this sale and all future sales I attend." Def. App. 17.

5. The sales catalog in turn stated:

> **WARRANTY/GUARANTEE:** All merchandise is sold on an "AS IS, WHERE IS" basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your personal observations.

Def. App. 15 (emphasis in original).

6. On Thursday, January 24, 2002, Mr. Rivera drove the subject vehicle to Tijuana. Mr. Calderon accompanied Mr. Rivera. Mexican authorities stopped the pair at a highway check point. Compl. ¶ 14.

7. The authorities searched the subject vehicle and discovered packages of marijuana concealed between the upholstery walls and the body of the subject vehicle near the wheel well. Compl. ¶ 15. The Mexican authorities arrested Mr. Rivera and Mr. Calderon, and held them until January 10, 2003. Compl. ¶ 16.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

September 30, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 30, 2005, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS