No. 05-608C

1. (Judge Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANCISCO JAVIER RIVERA AGREDANO

and ALFONSO CALDERON LEON

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS

FRANCISCO JAVIER RIVERA AGREDANO

and ALFONSO CALDERON LEON

PLAINTIFFS FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON hereby assert the following material facts create a triable issue of material fact. "Pl. App." refers to the appendix in support of plaintiffs' opposition to defendant USA's motion for summary judgment.

1. Plaintiffs do not dispute the fact number one of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

2. Plaintiffs do not dispute the fact number two of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

3. Plaintiffs dispute fact number three of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS. Plaintiffs were unaware of the "as-is" provision at the time of the sale. Plaintiffs were unaware of the contents of the advertisement at the time of the sale. See; Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10.

4. Plaintiffs fact number four of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS to the extent it infers that plaintiffs were aware of the "as-is" provision in the sale catalog at the time of the sale. Plaintiffs were unaware of the "as-is" provision at the time of the sale. Plaintiffs were unaware of the contents of the sale catalog at the time of the sale. See; Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10.

5. Plaintiffs do not dispute the fact number five of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS except to the extent it infers that plaintiffs were aware of the "as-is" provision in the sale catalog at the time of the sale. Plaintiffs were unaware of the "as-is" provision at the time of the sale. Plaintiffs were unaware of the contents of the sale catalog at the time of the sale. See; Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10.

6. Plaintiffs do not dispute the fact number six of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

7. Plaintiffs do not dispute the fact number seven of DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS

PLAINTIFFS SUBMIT THE FOLLOWING FACTS IN OPPOSITION TO DEFENDANT USA'S MOTION FOR SUMMARY JUDGMENT

8. RIVERA and CALDERON LEON are citizens of the Country of Mexico and authorized to enter the United States to conduct business. [Cmp. para. 2-3] Jose Armando Jimenez Coronel purchased and thereafter imported a 1987 Nissan Pathfinder VIN:JN8HD16Y7HW029972 (hereinafter SUBJECT VEHICLE) into Mexico on December 12, 2000. On or about January 25, 2001, Mr. Jimenez was arrested and the SUBJECT VEHICLE was seized by USA under 18USC545; 21 USC952; and 19CFR162.45(A)(for transportation of marijuana across the United States border.) [See; Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10.; Cmp. para 10-11]

9. On January 30, 2001, Mr. Jimenez pled guilty to violation of California Health and Safety Code §11359 and admitted that he "knowingly possessed 59 pounds of marijuana for purposes of sale." [Cmp. para. 12] On February 20, 2001, Mr. Jimenez was granted probation for three (3) years, sentenced to time served (39 days) and ordered to pay $400.00 in fines and restitution. In exchange, the balance of the charges against him were dismissed. [See; Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10; Cmp. para. 13]

10. Thereafter the SUBJECT VEHICLE was made available for sale to the public through a Federal Forfeiture Sale. On September 5, 2001, RIVERA acquired the SUBJECT VEHICLE from the Department of Treasury in a Public Auction following a Customs Service Department Federal Forfeiture Sale. [See;

Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10; Cmp. para. 15]

11. On Thursday, January 24, 2002 RIVERA was traveling in the SUBJECT VEHICLE from the City of Ensenada, Baja California to the City of Tijuana, Baja California. RIVERA was accompanied by CALDERON. RIVERA and CALDERON were stopped at a Highway Check Point at the location known as El Sauzal, Ensenada, Baja California by Mexican authorities. [Cmp para. 16]
The SUBJECT VEHICLE was searched. The Mexican authorities discovered twenty two (22) packages containing marijuana (weighing 17 kilograms total.) The packages were between the upholstery walls and the body of the vehicle (the wheel well.) [See; Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10; Cmp. para. 17]

12. RIVERA and CALDERON were arrested and were in Federal Prison in Mexico from and after January 24, 2002 [Declaration of Francisco Javier Rivera Agredano, Pl. App. 9, and Alfonso Calderon, Pl. App. 10; Cmp. para. 18] until their release on January 10, 2003 (upon a finding of innocence).

13. Jose Blanco Loya, an expert witness from the Office of the Attorney General (in Mexico), tested the marijuana on January 25, 2002. On February 13, 2002, Mr. Blanco testified before the 11th Federal District Court of Ensenada that the marijuana found by the Mexican authorities on January 24, 2002 was "highly dehydrated, consistency and texture had been lost, and due to color lost, it had a 'brownie' color trend .... change in texture and consistency is also due to they (sic) have been stored or exposed to certain physical or atmospherical conditions, change in color is due to an old or stored marijuana ...." [Declaration of Carlos Mejia, Pl. App. 11; Cmp. para. 19]

14. On March 11, 2002, expert chemists Rafael Garcia Gutierrez and Miguel Carrillo Mendivil, qualified as experts in the Federal Court, testified as follows: "(the marijuana) is highly dehydrated, it has a brownie color ... it is observable that is marijuana that has been stored for a long time and not only that, at opening a 'rotten' odor comes from the packages.... it is assumed that such illegal drug was exposed to adverse atmospherical and physical conditions for a long time." [Declaration of Carlos Mejia, Pl. App. 11; Cmp. para. 20]

15. Thereafter, in a response to a Freedom of Information Act request filed by plaintiffs' counsel, photographs were produced by CUSTOMS showing that the area wherein the Mexican officials discovered the marijuana in January of 2002 had not been searched by USA prior to the sale to RIVERA. [Cmp. para. 21][see; Declaration of Carlos Mejia, Pl. App. 11; also, Declaration of Francisco Rivera, Pl. App. 9 and Declaration of Alfonso Calderon, Pl. App. 10]

16. The area wherein the Mexican officials discovered the marijuana in July of 2003 had not been properly searched by CUSTOMS, MCCORMACK, or EG&G, INC. despite a duty to do so. If the vehicle had been properly searched prior to the sale to plaintiffs, the marijuana (in excess of 33 pounds) would have been detected. The failure to conduct a thorough search of the vehicle prior to sale was the result of an USA policy to curtail searches in order to avoid causing damage to seized vehicles during customs' inspections. The goal of curtailing the searches was to maximize the resale value of the vehicle at auction. [Deposition of Jayson Ahern (6-4-04) pg. 50; ll. 20-25; pg. 51, ll 1-11; Pl. App. 1; Deposition of Robert Root (6-24-04) pg. 30; ll. 2-8; Pl.App.2; Deposition of David Murphy (6-24-04) pg. 9;ll. 25; pg. 10;ll. 1-5; Pl.App. 3; Deposition of David Murphy (6-24-04) pg. 43; ll. 21-25; pg. 44; ll. 1-18; Pl. App. 3; Deposition of Officer Joseph Marilao (6-9-04) pg. 26; ll. 22-25 and pg. 27; ll. 1-4; Pl. App. 4;Deposition of Robert Bickers (6-9-04) pg. 6; ll. 21-22; Pl. App. 5; Deposition of Robert Bickers (6-9-04) pg. 8; ll. 10-12; Pl. App. 5; Deposition of Robert Bickers (6-9-04) pg. 26; ll. 3-17; Pl. App. 5; Declaration of Teresa Trucchi]

17. There is another similar case pending in this court in front of the Honorable Judge Lettow. The complaint in Rodriguez v. USA (United States Court of Federal Claims Number 05-370c)][see; also, Declaration of Ali Jazmin Rodriguez, Pl. App. 7 and Declaration of Adrian Rodriguez, Pl. App. 8] which alleges as follows:

18. Ali Jazmin Rodriguez and Adrian Rodriguez (husband and wife) purchased a Volkswagen Passat at an auction conducted by EG&G/McCormick for the Department of Homeland Security of the UNITED STATES OF AMERICA [Complaint, paragraph 16 and Declaration of Ali Jazmin Rodriguez, Pl.App. 7, and Adrian Rodriguez, Pl. App. 8. ].

19. On July 17, 2003, Adrian Rodriguez took the vehicle to a mechanic in Tijuana because it was making an unusual sound. The vehicle was found to have 33 pounds of marijuana in a box on the underside of the body. Upon discovery of the marijuana, Adrian Rodriguez asked the mechanic to call the police. The Tijuana police arrived and Adrian Rodriguez was arrested. [Complaint, paragraph 17-18 and Declaration of Ali Jazmin Rodriguez, Pl.App. 7, and Adrian Rodriguez, Pl. App. 8.] Adrian Rodriguez was in Federal Prison in Mexico from and after July 17, 2003 until August 15, 2003 when he was released. [Complaint, paragraph 17-22 and Declaration of Ali Jazmin Rodriguez, Pl.App. 7, and Adrian Rodriguez, Pl. App. 8.]

20. Seller USA is required under its policies and procedures to search any automobile when there is probable cause to suspect narcotics to be hidden within the vehicle. The USA's search of the automobile was "significantly substandard and incomplete." [Dec of Trucchi, Pl. App. 6; Report of expert Michael Levine].

21. Plaintiffs believed, at the time of the sale, that the vehicle was the product of a seizure at the border. Plaintiffs believed, at the time of the sale, that the fact that the vehicle had been seized by USA Customs, that USA Customs had searched the vehicle as part of the seizure and before releasing the vehicle for sale to them. Plaintiffs were unaware that the search of the vehicle had been limited to increase the resale value of the same and would not have entered into the transaction with the USA if they had known of the limitations to the seizure search for the purpose of increasing USA's profit in the subsequent commercial transaction. [Declaration of Francisco Rivera, Pl.App. 9, and Alfonso Calderon, Pl. App. 10.]

DATED: October 31, 2005 SUPPA, TRUCCHI & HENEIN, LLP

By: TERESA TRUCCHI,
Attorneys for Plaintiffs