No. 05-608
(Judge Hewitt)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 616-8253
Fax: (202) 307-0972

December 2, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

I. Plaintiffs Have Failed To Demonstrate That This Court Possesses Jurisdiction to Entertain Their Claims . . . . . . . . . . . . . . . . . . . . . . . 1

A. Plaintiffs Cite The Wrong Standard For Deciding Defendant's Motion To Dismiss . . . . . . . . 1

B. Plaintiffs Have Failed To Identify Any Express Or Implied Contract Term Conferring Jurisdiction Upon This Court . . . . . . . . . . . . . 3

C. Plaintiffs Have Failed To Identify Any Money Mandating Provision Of Law Conferring Jurisdiction Upon This Court . . . . . . . . 5

D. Plaintiffs' New Allegation That They Are Third-Party Beneficiaries Of A Government Contract With EG&G Does Not Rescue Their Claims . . . . . . . . . . . . . . . . . . . . . . . 7

II. Plaintiffs Have Failed To Demonstrate That Summary Judgment Is Not Warranted In This Case . . . . . . . . . . 10

A. Plaintiffs Have Failed To Create A Genuine Issue Of Material Fact Regarding Their Claim That They Relied Upon Affirmative Representations . . . . . . . . . . . . . . . . . . . . 10

B. Plaintiffs Have Failed To Create A Genuine Issue Of Material Fact Regarding The "As Is" Nature Of The Transaction in Question . . . . . . . . . 13

C. Plaintiffs Have Failed To Create A Genuine Issue Of Material Fact Regarding Whether The Damages They Seek Are Too Speculative Or Remote To Be Recoverable As A Matter Of Law . . . . . 15

III. The Court Should Not Permit Plaintiffs To Amend Their Complaint To Avoid Dismissal Or Summary Judgment . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## CASES

Page(s)

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . . . . . . . . . . . 3

Am. Capital Corp. v. Fed. Deposit Ins. Corp.,
66 Fed. Cl. 315 (2005) . . . . . . . . . . . . . . . . . . . . 9

Amcast Indus. Corp. v. Detrex Corp.,
132 F.R.D. 213 (N.D. Ind. 1990) . . . . . . . . . . . . . . 17

Awad v. United States,
61 Fed. Cl. 281 (2004) . . . . . . . . . . . . . . . . . . . . 2

Atlas Corp. v. United States,
895 F.2d 745 (Fed. Cir. 1990) . . . . . . . . . . . . 3, 10, 13

Barstow v. United States,
5 Cl. Ct. 224 (1984) . . . . . . . . . . . . . . . . . . . 12

Betz v. United States,
40 Fed. Cl. 286 (Fed. Cl. 1998) . . . . . . . . . . . . . . 4

Bray v. United States,
48 Fed. Cl. 781 (2001) . . . . . . . . . . . . . . . . . . . . 4

Broussard v. Oryx En. Co.,
110 F. Supp. 2d 532 (E.D. Tex. 2000) . . . . . . . . . . 16

Casa de Cambio Comdiv S.A., de C.V. v. United States,
291 F.3d 1356 (Fed. Cir. 2002) . . . . . . . . . . . . . . . 7

Chemical Separation Tech., Inc. v. United States,
51 Fed. Cl. 771 (2002) . . . . . . . . . . . . . . . . . . . . 6

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . 2

Dethlefs v. United States,
60 Fed. Cl. 810 (2004) . . . . . . . . . . . . . . . . . . . 2

Fadem v. United States,
13 Cl. Ct. 328 (1978) . . . . . . . . . . . . . . . . . . . . 4

Fed. Deposit Ins. Corp. v. United States,
342 F.3d 1313 (Fed. Cir. 2003) . . . . . . . . . . . . . . 8, 10

Hutchinson v. Lausell,
627 F. Supp. 43 (D. Puerto Rico 1987) . . . . . . . . . . 18

Indium Corp. of Am. v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . . . . . . 2

Johns-Manville Corp. v. United States,
893 F.2d 324 (Fed. Cir. 1989) . . . . . . . . . . . . . . 16

Johnston v. IVAC Corp.,
885 F.2d 1574 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 5

Klamath Irrigation v. United States,
67 Fed. Cl. 504 (2005) . . . . . . . . . . . . . . . . . . . 8

Kleinhans v. Lisle Savs. Profit Sharing Trust,
810 F.2d 618 (7th Cir. 1987) . . . . . . . . . . . . . . 18

Lujan v. Nat'l Wildlife Fed.,
497 U.S. 871 (1990) . . . . . . . . . . . . . . . . . 13, 14

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . . . 3

Mients v. United States,
50 Fed. Cl. 665 (2001) . . . . . . . . . . . . . . . . . . . 7

Mitsui Foods, Inc. v. United States,
867 F.2d 1401 (Fed. Cir. 1989) . . . . . . . . . . . . . . 17

Myerle v. United States,
33 Ct. Cl. 1 (1897) . . . . . . . . . . . . . . . . . . . 15

Overseas Inns S.A. P.A. v. United States,
911 F.2d 1146 (5th Cir. 1990) . . . . . . . . . . . . . 17

Paradissiotis v. United States,
49 Fed. Cl. 16 (2001) . . . . . . . . . . . . . . . . . . 17

Peterson Builders v. United States,
27 Fed. Cl. 443 (1993) . . . . . . . . . . . . . . . . . 17

Saladino v. United States,
62 Fed. Cl. 782 (2004)) . . . . . . . . . . . . . . . . . 17

Pratt v. United States,
50 Fed. Cl. 469 (2001) . . . . . . . . . . . . . . . . . 4, 10

SAB Constr., Inc. v. United States,
56 Fed. Cl. 77 (2005) . . . . . . . . . . . . . . . . . . 15

Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.,
853 F.2d 1139 (4th Cir. 1988) . . . . . . . . . . . . . . . 18

Schickler, TMD U.S.A., Inc. v. United States,
54 Fed. Cl. 264 (2002) . . . . . . . . . . . . . . . . . . 2

Schliff v. United States,
24 Cl. Ct. 249 (1991) . . . . . . . . . . . . . . . . . . 16

Sosa v. Alvarez-Machain,
542 U.S. 692 (2004) . . . . . . . . . . . . . . . . . . . 16

Sullivan v. United States,
54 Fed. Cl. 214 (2004) . . . . . . . . . . . . . . . . . . 9

**STATUTES AND REGULATIONS**

19 U.S.C. §§ 1594, 1595 . . . . . . . . . . . . . . . . . . . . 6

19 U.S.C. § 1609 . . . . . . . . . . . . . . . . . . . . . . 7

19 C.F.R. §§ 127.21, 162.46 . . . . . . . . . . . . . . . . . . 7

19 C.F.R. §§ 162.0, 162.7, 162.2 . . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO and ALFONSO CALDERON LEON, Plaintiffs, | ) | |
| v. | ) | No. 05–608C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its reply in support of its motion to dismiss or, in the alternative, motion for summary judgment.

I. Plaintiffs Have Failed To Demonstrate That This Court Possesses Jurisdiction to Entertain Their Claims

A. Plaintiffs Cite The Wrong Standard For Deciding Defendant’s Motion To Dismiss

Plaintiffs claim that, “[d]efendant, the United States of America, (“USA”) brings the present motion on the grounds that there is no triable issue of material fact as to whether or not plaintiffs can state a cause of action over which the United States Court of Federal Claims has subject matter jurisdiction.” Pl.’s Opp. Def.’s Mot. Dismiss or Summ. J. at 14. This statement mis-characterizes our position as well as the standard this Court should apply in deciding our motion to dismiss.

We need not demonstrate the absence of any material dispute regarding facts in order to obtain dismissal. It is well-established that, "[w]hen a defendant challenges this Court's jurisdiction, the plaintiff bears the burden of proving that subject-matter jurisdiction is proper." Dethlefs v. United States, 60 Fed. Cl. 810, 811-12 (2004) (citing Schickler, TMD U.S.A., Inc. v. United States, 54 Fed. Cl. 264, 268 (2002)).

Further, if the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Awad v. United States, 61 Fed. Cl. 281, 283 (2004). In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990).[1] The Court should grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McCauley v. United States, 38 Fed. Cl.

[1] Should the Court determine that it is necessary to review evidentiary matters outside the pleadings, defendant respectfully requests that its motion to dismiss be treated as a motion for summary judgment pursuant to RCFC 56.

250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Application of these principles to this case demonstrates that plaintiffs' complaint should be dismissed.

### B. Plaintiffs Have Failed To Identify Any Express Or Implied Contract Term Conferring Jurisdiction Upon This Court

It is well-established that "the existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990). In this case, plaintiff has acknowledged that the written sales contract between the parties was the sale certificate to obtain title executed by Mr. Rivera and an authorized Government representative. Compl. ¶ 42.

A review of this agreement demonstrates the fallacy of plaintiffs' contention that the contract between the parties contained a "component" creating a duty on the Government's part to inspect the vehicle sold to Mr. Rivera. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 15. In fact, no written agreement between the parties included any representations regarding inspections. Def. App. 18.

Thus, plaintiffs have failed to make any colorable allegation that there was any duty to inspect the subject vehicle

that arose from an offer, acceptance, consideration, and agreement between plaintiffs and an authorized Government representative. At best, plaintiffs have alleged that the Government harmed them by violating an alleged regulatory duty to inspect that existed independent from the sales contract. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 17.

Further, the damages plaintiffs seek are not contractual in nature and lie outside the Court's jurisdiction. These include damages for loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, and property damages (Compl. ¶¶ 41, 49, 63)–-all classic measures of tort liability.

Thus, the losses for which plaintiffs seek recovery in this case fall squarely and entirely within the category of damages not available in this Court. Pratt v. United States, 50 Fed. Cl. 469, 482 (2001) (holding that Court lacks "jurisdiction to award plaintiff's prayer for damages for emotional distress and pain and suffering."); Betz v. United States, 40 Fed. Cl. 286, 291 (Fed. Cl. 1998) (dismissing claims seeking non-economic damages for pain, suffering, inconvenience, mental anguish, emotional distress, injury to reputation, and humiliation); Bray v. United States, 48 Fed. Cl. 781, 783-84 (2001) (finding no jurisdiction to entertain claims seeking consequential damages incurred as a result of allegedly erroneous withholding of pay); Fadem v.

United States, 13 Cl. Ct. 328, 336 (1978) ("Traditional tort claims, such as claims for personal injury, are clearly beyond the jurisdiction of the Claims Court.").

For these reasons, the Court should dismiss plaintiffs' complaint.

C. Plaintiffs Have Failed To Identify Any Money Mandating Provision Of Law Conferring Jurisdiction Upon This Court

As demonstrated in our motion to dismiss, none of the statutes plaintiffs cite in their complaint is money mandating or independently confers jurisdiction upon this Court. Although plaintiffs expend considerable ink describing an alleged "regulatory duty to conduct a thorough search of seized vehicles before selling the same to plaintiffs," they fail to identify any money-mandating provision that the Government violated. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 17. Instead, plaintiffs' proposed findings of fact rely upon a declaration of counsel and an expert report to assert that the Government's search of the subject vehicle was "significantly substandard and incomplete." Pl. Proposed Fact No. 20. Setting aside that plantiffs' counsel may not proffer evidence in this case, neither she nor the cited expert report identifies a money mandating provision conferring jurisdiction upon this Court. See Johnston v. IVAC Corp., 885 F.2d 1574, 1571 (Fed. Cir. 1988)(affirming grant of summary

judgment and stating: "Attorneys' argument is no substitute for evidence.");
Chemical Separation Tech., Inc. v. United States, 51 Fed. Cl. 771, 816 (2002) ("defendant's counsel was neither qualified as an expert nor did he testify at trial, and this court will not permit him essentially to testify in his brief.").

Similarly unavailing are plaintiffs' citations to several deposition transcripts in their opposition brief. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 8. Contrary to plaintiffs' apparent position, the quoted excerpts do not demonstrate a violation of any money mandating provision of law. Rather, they demonstrate that the Government strove to ensure that thorough inspections of vehicles occurred without unduly causing damage to automobiles: "That was briefed in general as far as when you're going through a vehicle to minimize the damage on them for resale purposes." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 8. See also Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 9. ("They don't want you to tear it up, but I correct them and direct them to do what they need to do.").

Specifically, the Government seized and made available the subject vehicle pursuant to statutes and regulations conferring upon the United States Customs and Border Protection ("Customs") the authority to inspect, examine, search, and seize vehicles entering the United States. See 19 U.S.C. §§ 1594, 1595; 19

C.F.R. §§ 162.0, 162.7, 162.21. Customs also possesses authority to dispose of seized vehicles through public auction. 19 U.S.C. § 1609(a); 19 C.F.R. §§ 127.21, 162.46. As noted in plaintiffs' opposition to our motion, Customs implements these regulations through policies in the field. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 8, 9.

However, these provisions are not money mandating and do not confer jurisdiction upon this Court. Although violation of these statutes, regulations, or procedures arguably could give rise to tort liability under facts not present in this case, plaintiffs have failed properly to invoke the jurisdiction of this Court, and their complaint should be dismissed.

D. Plaintiffs' New Allegation That They Are Third-Party Beneficiaries Of A Government Contract With EG&G Does Not Rescue Their Claims

It is well established that plaintiffs waive allegations not asserted in their complaint. See, e.g., Casa de Cambio Comdiv S.A., de C.V. v. United States, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that claims not raised in plaintiff's complaint are waived); Mients v. United States, 50 Fed. Cl. 665, 671 (2001). In their complaint, plaintiffs assert that Mr. Calderon was a third-party beneficiary to the contract between the Government and Mr. Rivera. Compl. ¶ 31. However, plaintiffs fail to allege that they were third-party beneficiaries to any contract between the Government and EG&G.

Plaintiffs argue for the first time in their opposition to our motion to dismiss that they were third-party beneficiaries to "the contract between the USA and EG&G to conduct the seizure sales." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 10. Plaintiffs claim that they are victims of a breach of an alleged duty "to conduct a thorough search of seized vehicles." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 17. Plaintiffs further claim that the purpose of this breach was "increasing the USA's gain in the subsequent commercial transaction with plaintiffs." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 10. This eleventh hour argument is insufficient to rescue plaintiffs' claims from dismissal.

Even if it were proper for the Court to entertain plaintiffs' new allegations, "[t]hird-party beneficiary status is an exceptional privilege and to avail oneself of this exceptional privilege, a party must at least show that the contract was intended for his direct benefit." Fed. Deposit Ins. Corp. v. United States, 342 F.3d 1313, 1319 (Fed. Cir. 2003) (quotations omitted).

In this case, the Government's inspection policies arise from statutory and regulatory duties--not from any contractual duty owed to EG&G. Plantiffs have failed to proffer any evidence to the contrary, and their reliance upon precedent is unavailing.

For example, plaintiffs cite Klamath Irrigation v. United States, 67 Fed. Cl. 504 (2005), which concerned irrigators' claims that they were third-party beneficiaries of contracts between the United States and local districts. That case is wholly distinguished from this dispute. After all, in Klamath, the relevant contracts "each express[ed] the intent of the relevant district and the United State to benefit the irrigators directly by having the district assume the primary responsibility for providing water within the district in exchange for collecting amounts owed by the irrigator in payment for their water." 67 Fed. Cl. at 533.

The other cases cited to support plaintiffs' new third-party beneficiary arguments are equally inapposite. Am. Capital Corp. v. Fed. Deposit Ins. Corp., 66 Fed. Cl. 315, 341 (2005), involved "unique" factual circumstances in which a corporation's shareholder was found to be a third-party beneficiary to a forbearance letter issued to the corporation. Similarly, Sullivan v. United States, 54 Fed. Cl. 214, 216 (2004), found a triable issue of fact regarding third-party beneficiary status based upon insurance carriage requirements.

Instead of offering any evidence that they were intended beneficiaries of a contract between EG&G and the Government, plaintiffs rely solely upon the argument that Customs' inspections provide a benefit to those who purchase vehicles at

asset forfeiture sales. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 10. However, it is well-established that plaintiffs may not claim third-party beneficiary status "merely because the contract would benefit them." Fed. Deposit Ins. Corp., 342 F.3d at 1319.

For these reasons, plaintiffs' new allegations regarding third-party beneficiary status necessarily fail to rescue their claims from dismissal.

## II. Plaintiffs Have Failed To Demonstrate That Summary Judgment Is Not Warranted In This Case

### A. Plaintiffs Have Failed To Create A Genuine Issue Of Material Fact Regarding Their Claim That They Relied Upon Affirmative Representations

Plaintiffs attempt to interject a genuine issue of fact regarding whether the Government made affirmative representations that negated the "as is" nature of transaction at issue in this case: "Defendant cites no authority for the proposition that the existence of disclaimers precludes a party from making affirmative misrepresentations." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 20 (quoting Pratt v. United States, 50 Fed. Cl. 469, 481 (2001)). Plaintiffs' arguments misconstrue the Government's position and fail to rescue their claims from summary judgment.

As noted, plaintiffs acknowledge that the "contract was in writing and consisted of a document to transfer title to RIVERA." Compl. ¶ 42. Neither this agreement nor any other agreement

between the parties contains representations regarding inspections. Def. App. 18. Plaintiffs may not ask this Court to write such terms into the contract now. Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990) (holding that the existence of an express contract precludes implied contract terms concerning the same subject).

Moreover, the record renders it clear that the Government's only representations in this case were that it sold the subject vehicle "as is/where is," with no warranty whatsoever. Plaintiffs attempt to create a fact dispute in this case by arguing that the "as-is where is warranty is clearly meant to refer to the mechanical condition of the vehicles and issues related to tile." Pl.'s Opp. Def.'s Mot. Dismiss or Summ J. at 21. However, the language made available to buyers was not so limited. The sales brochure advertising the auction in question explained:

> The vehicles offered to you for purchase at any U.S. Customs Auction are sold "AS IS, WHERE IS." This means that neither U.S. Customs or McCormack Auction Company, or E.G. & G Dynatrend, extend any warranties or promises of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle's identity, previous ownership, physical condition, registration status, or ability to pass a smog certification.

Def. App. 16 (emphasis in original).

Thus, no warranties of "any kind regarding any aspect of the vehicle" attached to the sale in question. Def. App. 16. In

addition to this expansive language, Mr. Rivera executed a bidder registration form indicating that he had read and understood the sales catalog for the auction in question. The sales catalog in turn stated:

> **WARRANTY/GUARANTEE:** All merchandise is sold on an "AS IS, WHERE IS" basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your own personal observations.

Def. App. 15 (emphasis in original).

Other than conducting the auction itself, plaintiffs identify no affirmative conduct on the part of the Government that they allege constituted affirmative representations regarding inspections. In fact, the evidence in the record demonstrates that the Government's "representations" all reinforced the "as is" nature of the transaction in question. Contrary to the apparent position of plaintiffs, it has never been the rule that plaintiffs may add terms to an express contract unless the Government takes extraordinary measures to negate and disavow such terms at the time of contracting. Given these circumstances, plaintiffs may not ask the Court to rewrite their contract with the Government. Barstow v. United States, 5 Cl. Ct. 224, 226 (1984).

Thus, the Court should grant our motion for summary judgment.

B. Plaintiffs Have Failed To Create Any Genuine Issue Of Material Fact Regarding The "As Is" Nature Of The Transaction In Question

Plaintiffs seek to avoid summary judgment by attempting to minimize the multiple notices that made explicit the "as is" nature of the sale in question. For example, plaintiffs argue that "there is a triable issue of material fact" regarding whether "plaintiffs ever saw" the disclaimers at the time of sale. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 19. In fact, Mr. Rivera now claims that "to the best of his recollection, at no time did I see the sales catalog for the auction. I signed the bidder registration form but was not provided with a sales catalog to the best of my recollection." Rivera Aff. ¶ 9.

Plaintiffs' argument fails for at least two reasons. First, whether or not Mr. Rivera saw the "as is" disclaimers does not change the contents of the express contract he signed with the Government. Atlas Corp., 895 F.2d at 754-55. Second, Mr. Rivera's vague affidavit is insufficient to overcome the conclusive evidence demonstrating the "as is" nature of the transaction at issue. This evidence includes his signature on multiple agreements, including the bidder registration form as well as the title document itself. Def. App. 17, 18. See also Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 885 (1990) (reversing court of appeals because the trial court correctly determined

that plaintiff's affidavits were too conclusory to establish a genuine dispute of material fact) (emphasis in original). After all, "the object of Rule 56(e) is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Id. at 888.

Also futile is plaintiff's attempt to limit the extent of the "as is" nature of the sale to the "warranties of title, identity, physical condition and registration status." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 20. The record clearly demonstrates that the Government did not limit the "as is" nature of the sale to the subject vehicle's mechanical condition, title, or fitness for use:

> neither U.S. Customs or McCormack Auction Company, or E.G. & G Dynatrend, extend any warranties or promises of any kind regarding any aspect of the vehicle or its ability to operate, including but not limited to the vehicle's identity, previous ownership, physical condition, registration status, or ability to pass a smog certification.

Def. App. 16 (emphasis in original).

The repeated use of the operative term "any," as well as the term "or" demonstrates that the "as is" nature of the sale was not as limited as plaintiffs maintain. Regardless, nothing in the express contract between the parties' supports plaintiff's contention that express or implied warranties

regarding inspections applied to the transaction at issue. Def. App. 18.

For these reasons, the Court should grant our motion for summary judgment.

### C. Plaintiffs Have Failed To Create A Genuine Issue Of Material Fact Regarding Whether The Damages They Seek Are Too Speculative And Remote To Be Recoverable As A Matter Of Law

It is well established that, "[i]n order to recover a damage, 'there must be no intervening incident (not caused by the defaulting party) to complicate or confuse the certainty of the result between the cause and the damage; the cause must produce the effect inevitably and naturally, not possibly nor even probably.'" SAB Constr., Inc. v. United States, 56 Fed. Cl. 77, 88 (2005) (quoting Myerle v. United States, 33 Ct. Cl. 1, 26 (1897)).

Plaintiffs deny that the damages they seek are too speculative or remote by citing other cases in which individuals allegedly were arrested after purchasing vehicles containing contraband. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 9-12. However, merely establishing that other individuals have suffered similar injuries does not address the appropriate test for measuring the availability of damages. Equally inapposite is plaintiff's contention that it might have been possible for Customs officials to imagine what happened to plaintiffs at the time the subject vehicle entered the "stream of commerce" Pl.'s

Opp. Def.'s Mot. Dismiss or Summ. J. at 17. In this case, several intervening actions separated the alleged breach from plaintiffs' injuries. These include plaintiffs' decision to drive the subject vehicle to a foreign country and the decision of that country's officials to arrest, detain, and ultimately release plaintiffs one year later.

Finally, plaintiffs provide a lengthy explanation of why--pursuant to the Supreme Court's decision in Sosa v. Alvarez-Machain, 542 U.S. 692 (2004)--they are precluded from pursuing a tort action in Federal district court. Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 9. Plaintiffs' inability to prevail in a tort suit may strike a sympathetic chord. However, plaintiffs' exposition regarding Sosa only demonstrates that their claims properly sound in tort and that plaintiffs cannot prevail in this Court.

III. The Court Should Not Permit Plaintiffs' To Amend Their Complaint Because Doing So Would Be Futile In This Case

It is well established that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." RCFC 12(h)(3). See also Johns-Manville Corp. v. United States, 893 F.2d 324, 326-327 (Fed. Cir. 1989) ("If there were no jurisdiction, there was no power to do anything but to strike the case from the docket . . . ."); Schliff v. United States, 24 Cl. Ct. 249, 254 (1991) ("it is an age-old rule that

dismissal is the only permissible action when jurisdiction is lacking.”).

For this reason, the rule that a plaintiff may amend its complaint as a matter of right before a responsive pleading is filed, RCFC 15(a), does not always apply. Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); Saladino v. United States, 62 Fed. Cl. 782, 794-95 (2004); cf. Paradissiotis v. United States, 49 Fed. Cl. 16, 24 (2001) (granting defendant’s motion to dismiss and denying plaintiff’s motion for leave to amend its complaint because “[p]laintiff simply cannot change the dispositive facts of his case.”); Peterson Builders v. United States, 27 Fed. Cl. 443, 445 (1993) (denying plaintiff’s motion to amend its complaint because plaintiff’s claim “is not properly before this court.”).

Also, it is well-established that “[a] party should not without adequate grounds, be permitted to avoid summary judgment [or a dismissal] by the expedient of amending its complaint.” Broussard v. Oryx En. Co., 110 F. Supp. 2d 532, 541 (E.D. Tex. 2000) (quoting Overseas Inns S.A. P.A. v. United States, 911 F.2d 1146, 1151 (5th Cir. 1990)). See also Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 220 (N.D. Ind. 1990) (denying relief where “the situation highlighted here is precisely what the court’s scheduling order was designed to avoid–-a motion for summary judgment followed by a motion for leave to amend.”);

Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988) (affirming summary judgment where "the proposed amendment appears to have been an after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion."); Kleinhans v. Lisle Savs. Profit Sharing Trust, 810 F.2d 618, 626 (7th Cir. 1987) (affirming summary judgment where plaintiff's motion for leave to amend "represents an apparent attempt to avoid the effect of summary judgment") (internal quotation omitted); Hutchinson v. Lausell, 627 F. Supp. 43, 46 (D. Puerto Rico 1987) (dismissing suit where "the motion for leave to amend could be viewed as an attempt to avoid an adverse ruling on the motions to dismiss.").

In this case, permitting plaintiffs to amend their complaint would be futile. After all, plaintiffs have sought leave to amend their complaint solely in response to the Government's motion for summary judgment: "plaintiffs respectfully request leave to amend their complaint to the extent the factual allegations are deemed insufficient to support any of the requests for relief contained therein." Pl.'s Opp. Def.'s Mot. Dismiss or Summ. J. at 24. Plaintiffs identify no newly discovered evidence or change in facts that could change the outcome of this case even if the Court granted them leave to amend their complaint. In fact, the record before

the Court conclusively demonstrates that plaintiffs are entitled to no relief available from this Court.

For these reasons, the Court should deny plaintiffs' request for leave to amend their complaint, and should dismiss plaintiffs' complaint or, in the alternative, grant the Government's motion for summary judgment.

CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss the complaint or, in the alternative, grant our motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

December 2, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 2, 2005, a copy of the foregoing “REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS