IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO, Plaintiff, | ) | |
| v. | ) | No. 05-608C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterizations of his case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterizations of his case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in the first sentence of paragraph 3 constitute conclusions of law and plaintiff's characterizations of his case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 3 that plaintiff and defendant stipulated that plaintiff would file a sixth amended complaint in the Federal District Court for the Southern District of California,

and that the district court transferred plaintiff’s claims to this Court. Denies any implication that the parties or the district court may confer jurisdiction upon this Court where it does not already exist.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits that the United States is the defendant in this action. The remaining allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterizations of his case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute plaintiff's characterizations of his case, to which no response is required.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that the search by the United States and its agents of the subject vehicle prior to the sale did not reveal the presence of marijuana or any other illegal substance.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterizations of his case,

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterizations of his case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

27. Denies.

28. The allegations contained in the first sentence of paragraph 28 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29, except admits that the deposition transcript appears to be quoted accurately.

30. The allegations contained in paragraph 30 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits.

33. Denies.

34. The allegations contained in the first sentence of paragraph 34 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 34 that defendant had control of the subject vehicle during the time between its seizure and sale to plaintiff. Denies the allegations contained in the third sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35. Denies the allegations contained in the first sentence of paragraph 35. Denies the allegations contained in the second sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies.

37. The allegations contained in paragraph 37 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies.

39. Denies.

40. Denies the allegations contained in the first sentence of paragraph 40. Denies the allegations contained in the second sentence of paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth

41. Denies.

42. Admits the allegations contained in the first sentence of paragraph 42. Denies the allegations contained in the second sentence of paragraph 42, and avers that the agreement between the parties is reflected in several written documents, including the title document.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. Denies.

45. Denies.

46. Denies.

47. Denies.

48. Denies the allegations contained in the first sentence of paragraph 48. Denies the allegations contained in the second sentence of paragraph 48 for lack of information or knowledge sufficient to form a belief as to its truth.

49. Denies.

50. Admits the allegations contained in the first sentence of paragraph 50. Denies the allegations contained in the second

sentence of paragraph 50, and avers that the agreement between the parties is reflected in several written documents, including the title document.

51. The allegations contained in paragraph 51 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. Denies.

53. Denies.

54. The allegations contained in the first sentence of paragraph 54 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations contained in paragraph 54.

55. Denies.

56. Denies.

57. Denies the allegations contained in paragraph 57, except admits that the United States and its agents had exclusive control of the vehicle after the seizure and before the auction sale.

58. Denies.

59. The allegations contained in paragraph 59 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. Denies.

61. Denies.

62. Denies the allegations contained in the first sentence of paragraph 62. Denies the allegations contained in the second sentence of paragraph 62 for lack of knowledge or information sufficient to form a belief as to their truth.

63. Denies.

64. Denies that plaintiff is entitled to the relief requested in the "Wherefore" paragraph that follows paragraph 63 of the complaint or any relief whatsoever.

65. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's amended complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax. (202) 305-2118

April 7, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 7, 2006, a copy of the foregoing “DEFENDANT’S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS