**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FRANCISCO JAVIER RIVERA AGREDANO,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-608C** |
| **v.** | ) | **(Judge Hewitt)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims("RCFC"), the United States, on behalf of both parties, and with the concurrence of counsel for plaintiff, Francisco Javier Rivera Agredano, respectfully submits the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A. When necessary, Mr. Rivera Agredano and defendant, the United States, will present their separate views on these subjects.

a. **Does the Court have jurisdiction over this action?**

Plaintiffs state that the Court possesses jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. For the reasons stated in its motion to dismiss, defendant does not believe that the Court possesses jurisdiction to entertain this action.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that trial of liability and damages should not be bifurcated.

d. **<u>Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?</u>**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **<u>Will a remand or suspension be sought?</u>**

The parties agree that no remand or suspension will be sought.

f. **<u>Will additional parties be joined?</u>**

The parties agree that no additional parties will be joined.

g. **<u>Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?</u>**

After discovery has been completed, defendant anticipates submitting a motion for summary judgment pursuant to RCFC 56.

h. **<u>What are the relevant issues?</u>**

1. Whether the contract between defendant and Mr. Francisco Javier Rivera Agredano for the sale of an autombile contained any term or warranty concerning the existence of contraband in the vehicle at the time of sale.

2. Whether defendant breached any warranty or term of the contract.

3. Whether defendant conducted a reasonable search of the vehicle prior to its sale.

4. Whether Mr. Francisco Javier Rivera Agredona has suffered any damages as a result of the breach of contract or warranty alleged.

i. **<u>What is the likelihood of settlement?</u>**

The parties intend to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable to

utilizing an ADR method. Although some discovery is required before the parties can realistically engage in settlement discussions, neither party believes that the establishment of an ADR methodology needs to be delayed until the conclusion of discovery.

j. **<u>Do the parties anticipate proceeding to trial?</u>**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, the parties will proceed to trial. If dispositive motions are filed, and a trial is necessary to fully decide this case, the parties propose that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in San Diego, California.

k. **<u>Are there special issues regarding electronic case management needs?</u>**

The parties have no special issue regarding electronic case management needs.

l. **<u>Is there other information of which the Court should be aware at this time?</u>**

There is no additional information of which the Court should be aware at this time.

m. **<u>What is the proposed discovery plan?</u>**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | July 31, 2006 |
| Close of Fact Discovery | January 31, 2007 |
| Plaintiff's Expert Report Due | April 2, 2007 |
| Defendant's Expert Report Due | May 22, 2007 |

| | |
|---|---|
| Deadline for Expert Depositions | 7 July, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ PATRICIA M. McCARTHY
PATRICIA M. McCARTHY
Assistant Director

s/Teresa Trucchi
TERESA TRUCCHI
Suppa, Trucci and Henein, LLP
3055 India Street
San Diego, CA 92103
Tel. (619) 297-7330
Fax (619) 297-9658

Attorney for Plaintiffs

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 353-7961
Fax (202) 353-7988

Attorneys for Defendant

June 30, 2006

**CERTIFICATE OF FILING**

I hereby certify that on June 30, 2006, a copy of the foregoing "**JOINT PRELIMINARY STATUS REPORT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Douglas K. Mickle
DOUGLAS K. MICKLE