**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO, | ) | |
| Plaintiff, | ) | No. 05-608C |
| v. | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO MOTION BY ALFONSO CALDERON LEON IN SUPPORT OF MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM**

Pursuant to the Court's February 14, 2007 Order granting the defendant, the United States, leave to file a response to the Motion By Alfonso Calderon Leon In Support Of Motion To Reconsider And Reinstate Third Party Beneficiary Claim (the "Motion to Reconsider"), the defendant hereby submits that response.

STATEMENT OF THE CASE

Mr. Calderon's Motion to Reconsider seeks reconsideration of the portion of this Court's March 27, 2006 Order (the "3/27/2006 Order") that denied Mr. Calderon third-party beneficiary status under the contract for sale between the United States and plaintiff, Mr. Rivera, for the sale of the 1987 Nissan Pathfinder at issue in this case. Because it is a motion to reconsider, the relevant facts are those that were presented as, or held by the Court to be, uncontested upon the original motion. More specifically, the only fact relevant to this motion to reconsider Mr. Calderon's status as a third-party beneficiary is that the contract for sale consists of (a) the document transferring title of the 1987 Pathfinder to Mr. Rivera, and (b) the "as-is" clause contained in the bidder-registration form. 3/27/2006 Order at 9-10.

Mr. Calderon's motion recites seven pages of "new evidence" that allegedly supports the

Motion to Reconsider, including (1) quotations from our briefs in support of the original motion in both this case and in support of a similar motion in Rodriguez v. United States, No. 05-370; (2) quotations from this Court's order adjudicating the original motion and the similar motion in Rodriguez; (3) selected deposition testimony from Jayson Ahern, Joseph Marilao, Aide Nunez, and Robert Hood. Motion at 3-10. Mr. Calderon also filed a supplement to his motion that identifies additional deposition testimony from Lawrence Fanning, Robert Bickers and David Murphy. Supplement at 2. None of this evidence -- except for the testimony of Mr. Fanning and, possibly, Mr. Ahern[1] -- should be included in Mr. Calderon's statement of the case for the simple reason that Mr. Calderon offers no arguments whatsoever as to how any of it supports his motion. See Motion at 15-18 ("Argument" section, which relies upon only Mr. Ahern's and Mr. Fanning's testimony).

ARGUMENT

I. Legal Standard

The decision to grant a motion for reconsideration is committed to the sound discretion of the trial court. Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The Court should only grant a motion for reconsideration if the movant demonstrates a "manifest error of law, or mistake of fact, and [such a motion] is not intended to give an unhappy litigant an additional chance to sway the court." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (internal quotation marks omitted). "The movant must show either that: (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) that the motion is necessary to prevent manifest injustice." Id. at 286.

[1] The relevance of these witness' testimony is discussed in more detail below.

A motion for reconsideration "enables a trial court to address oversights." Fru-Con Construction Corp. v. United States, 44 Fed. Cl. 298, 315 (1999). However, the Court should not permit a party to use a motion for reconsideration for the purposes of rearguing positions that have already been rejected. See Stelco Holding v. United States, 45 Fed. Cl. 541, 542 (2000).[2]

II. The Court Should Deny Mr. Calderon's Motion for Reconsideration Under RCFC 60(b)(2)

Mr. Calderon seeks reconsideration of the portion of the Court's 3/27/2006 Order addressing Mr. Calderon's third-party beneficiary status under RCFC 60(b)(2), which permits the Court to reconsider its earlier decision upon the presentation of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b)." RCFC 60(b)(2). In support of this portion of his motion, Mr. Calderon submits excerpts from the deposition testimony of Jayson Ahern, Joseph Marilao, Aide Nunez, Robert Hood, Lawrence Fanning, Robert Bickers and David Murphy.

As an initial matter, any testimony that Mr. Calderon does not rely upon in when arguing the grounds of his motion should be ignored. Here, Mr. Calderon relies upon only Mr. Fanning's testimony (see Motion at 15-18)[3], despite the fact that he has taken the effort to file and quote

---

[2] For example, Mr. Calderon cites both Klamath Irrigation District v. United States, 67 Fed. Cl. 504 (2005), and Sullivan v. United States, 54 Fed. Cl. 214 (2002), in support of his Motion to Reconsider, even though the Court previously that both cases were not applicable or persuasive with respect to Mr. Calderon's claim. See 3/27/2006 Order at 19-20. Absent an argument that the Court has made a manifest error of law in its treatment of those cases (an argument Mr. Calderon does not make), the Court should not reconsider this authority.

[3] This section also mentions of Mr. Ahern's testimony, but only to support Mr. Calderon's assertion that his incarceration was foreseeable. As discussed below, we respectfully suggest that Mr. Calderon's "foreseeability" analysis is irrelevant to the third-party beneficiary analysis, and therefore any testimony supporting it should also be ignored.

testimony from the six other witnesses. Because RCFC 5.2(E) requires an "argument, exhibiting clearly the points of fact and of law being presented, and citing the authorities relied upon," and Mr. Calderon's argument apparently does not rely upon 6/7 of the "newly discovered evidence" he submits, the Court should ignore this evidence.

The question before the Court remains "whether the contract for sale can be construed as intending to confer a right on Calderon as a passenger of the vehicle." 3/27/2006 Order at 18. The Court correctly concluded that, "[d]espite the fact that a buyer and seller of an automobile reasonable expect at the time of sale that the vehicle will be used to transport 'guests' from time to time, any warranty provided by the contract is not construed to cover passengers of the vehicle." Id. at 19 (emphasis added).

The new evidence forwarded by Mr. Calderon does not change this result. The Court of Appeals for the Federal Circuit has been abundantly clear that the third-party beneficiary analysis begins with an examination of the contract itself, and only extends beyond the contract to parol evidence if a clear intent to benefit a third party is suggested but not expressly stated. See Federal Deposit Ins. Corp. v. United States, 342 F.3d 1313, 1319 ("In order to create rights in a third party, the contract must reflect the express or implied intention of the parties to benefit the third party.") (emphasis added, internal quotation marks omitted); Glass v. United States, 258 F.3d 1349, 1353 (Fed. Cir. 2001) ("In order to prove third party beneficiary status, a party must demonstrate that the contract . . . reflects the . . . intention to benefit the party . . . .") (emphasis added); Roedler v. Dep't of Energy, 255 F.3d 1347, 1352 (Fed. Cir. 1997) ("When the intent to benefit the third party is not expressly stated in the contract, evidence thereof may be adduced.").

There are only three potential components of the contract at issue. The Court has already

held that the only written components of the contract at issue in this case are (a) the document transferring title of the 1987 Pathfinder to Mr. Rivera, and (b) the "as-is" clause contained in the bidder-registration form. 3/27/2006 Order at 9-10. Additionally, the Court has suggested that the plaintiff might prove, at trial, that there is an implied-in-fact warranty contained within the contract. Id. at 11. Mr. Calderon does not specifically argue that any of the new evidence informs any of these provisions, nor does he argue that it creates yet another implied term in the contract. As such, the third-party beneficiary analysis stops before it can even start, because Mr. Calderon does not link his new evidence to a provision in the contract. Moreover, he cannot link this new evidence to a provision in the contract. None of the deponents discusses the written title-transfer document or as-is clause, nor do any of them testify that these two documents somehow evidence an intent by both Mr. Rivera and the United States to vest Mr. Calderon with any rights under the contract for the sale of the 1987 Nissan Pathfinder. The implied-in-fact warranty remains a hypothetical term at this point; the plaintiff has not yet proven its existence, much less its contours. Finally, there is no testimony included in the new evidence (or anywhere in the record) stating that Mr. Rivera and the United States agreed, at the time of the sale, that Mr. Calderon would be a third-party beneficiary.

Even if Mr. Calderon could link the new evidence to a contractual provision, the new evidence still would not demonstrate that the parties intended to grant Mr. Calderon third-party beneficiary status under the contract. Mr. Calderon's reliance upon Mr. Fanning's testimony is misplaced. Mr. Fanning answered "I think it's fair to say that" in response to the question "So part of the purpose of that [pre-auction] search is to protect the purchasing public." Fanning

Depo. Trx. at 9, ll.5-7.[4] Mr. Fanning also testified that (a) he is not a policy maker for the United States (Id. at 5, ll.4-7); and (b) all of his testimony concerning the reasons why the United States conducts searches on forfeited automobiles is given from his own personal view (Id. at 10, ll.13). The actual policy maker on this issue, Mr. Jayson Ahern, testified:

> Q: And the policy [to search seized vehicles prior to auction] was created in part to protect the purchaser, correct?
>
> A: The policy was to make sure there was not any additional narcotics in those vehicles prior to sale.

Ahern Depo. Trx. at 12, ll.17-20.

The evidence presented by Mr. Calderon does not demonstrate that any contractual term contains a clear intent to make him a third-party beneficiary, it does not expand the scope and applicability of the still-hypothetical and unproven implied-in-fact warranty suggested by this Court, and it does not create a new, implied "third-party beneficiary" clause.

Thus, Mr. Calderon's motion leaves the Court where it was almost a year ago when it concluded that, even if the plaintiff could prove that any implied-in-fact warranty existed, it cannot be extended to passengers in the vehicle. 3/27/2006 Order at 19. This result should not change.

II. The Court Should Deny Mr. Calderon's Motion for Reconsideration Under RCFC 60(b)(6)

Mr. Calderon's motion indicates that he also seeks reconsideration under RCFC 60(b)(6), which permits the Court to reconsider its earlier decision for "any other reason justifying relief from the operation of the judgment." RCFC 60(b)(6). However, we cannot identify any specific

---

[4] All deposition transcript excerpts cited in this response are attached to either Mr. Calderon's Motion to Reconsider or his Supplement to his Motion to Reconsider.

arguments that Mr. Calderon makes under this Rule. We are therefore unable to respond. Additionally, we respectfully request that the Court find that Mr. Calderon's failure to state the grounds for his argument under this Rule is sufficient reason to deny his motion under RCFC 60(b)(6), and that the motion be denied.

III. Mr. Calderon's Foreseeability Argument Is Unnecessary And Should Be Ignored

Mr. Calderon's motion contains a "foreseeability" section, where he argues that a damaged plaintiff may recover his attorney fees incurred in connection with defending a criminal action that is the result of the defendant's alleged breach of contract. See Motion at 16-17. Mr. Calderon does not clearly state how this relates to his request for reconsideration, and we are unaware of any reason why such a discussion is necessary on a motion to reconsider a dismissed party's status as a third-party beneficiary.

It is our understanding, however, that the Court ruled in favor of the plaintiff when it held that "[i]f, as plaintiffs allege and defendant has failed to disprove, the arrest and detention were foreseeable and a direct result of defendant's failure to perform an adequate search of the vehicle prior to sale, the need to defend the [criminal] suit was also foreseeable as a direct result of the detention and arrest." 3/27/2006 Order at 16. While we respectfully disagree with the Court's conclusion upon this issue, and we are not seeking reconsideration of the Court's ruling, we respectfully suggest that the Court may ignore this argument by Mr. Calderon, as it need not be decided to resolve his motion for reconsideration.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Mr. Calderon's motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

March 14, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on March 14, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO MOTION BY ALFONSO CALDERON LEON IN SUPPORT OF MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK