No. 05-608C
(Judge Emily Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANCISCO JAVIER RIVERA AGREDANO

Plaintiff,

v.

UNITED STATES OF AMERICA

Defendants.

---

# PLAINTIFF FRANCISCO JAVIER RIVERA AGREDANO'S RESPONSE AND OBJECTIONS TO DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW; WITNESS AND EXHIBIT LIST

**Honorable EMILY HEWITT, Judge Presiding**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFF
FRANCISCO JAVIER RIVERA AGREDANO

January 4, 2008

# TABLE OF CONTENTS


**RESPONSE TO CONTENTIONS OF FACT** 1

**RESPONSE TO DEFENDANT'S ISSUES OF FACT AND LAW TO BE RESOLVED BY THE COURT** 5

**RESPONSE TO ISSUES OF FACT** 6

**RESPONSE TO ISSUES OF LAW** 7

**RESPONSE TO CONTENTIONS OF LAW** 7

A. Implied in Fact Warranty 7

B. Good Faith and Fair Dealing 9

C. Superior Knowledge 10

D. Damages 11

**RESPONSE TO OBJECTION TO PLAINTIFF'S WITNESS AND EXHIBIT LIST** 12

**OBJECTION TO DEFENDANT'S WITNESS AND EXHIBIT LIST** 12

## RESPONSE TO CONTENTIONS OF FACT

**Plaintiff concurs with the Defendant's Contentions of Fact – Sections I through III (pages 4 through 7 of the defendant's MEMORANDUM OF CONTENTIONS OF FACT AND LAW)** with the following exceptions:

1. Plaintiff contends that the search of the vehicle at the time of the seizure and at reinspection was not "thorough" or "reasonably calculated to be thorough" and/or that the "seven point" and/or canine searches were conducted in a reasonable fashion

[DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW; page 4]

2. Plaintiff does not agree with the following statements:

"There were no circumstances that would allow the Court to infer that the parties to the contract for the sale of the 1987 Nissan Pathfinder commonly held a tacit understanding that the Government was contractually obligated to search the vehicle and remove all of the illegal narcotics so that the plaintiff would be protected from future prosecution and/or imprisonment for trafficking illegal narcotics. Rather the only facts and circumstances evidencing the parties mutual understanding ... are embodied solely in the written documents that comprise the sale contract"

[DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW; page 5]

In fact, it is anticipated that some of the USA agents who will testify at trial (Jayson Ahern, Lawrence Fanning, Aide Nunez for example) will state that one of the reasons for the reinspection search was to search for contraband so that the purchasers would not unwittingly drive in a vehicle that still contained an illegal substance.

Further, the plaintiff contends that, from the totality of the circumstances, it is reasonable to conclude that the purchaser of this seized vehicle expected it to have been reasonably searched and that, if it had been reasonably searched, the Pathfinder would not still contain 17 kilograms of marijuana at the time of sale.

**Plaintiff concurs with the allegations made in Defendant's Contentions of Fact – Section IV (pages 7 through 8 of the defendant's MEMORANDUM OF CONTENTIONS OF FACT AND LAW)** regarding the preservation of evidence, however, defendant does not discuss the fact that US Attorney Timothy Stutler was provided with notice of the pending destruction of the evidence in Mexico and the USA elected not to inspect the same despite being provided with an opportunity to do so.

**Plaintiff contends that the allegations made in Defendant's Contentions of Fact – Section V (pages 8 through 9 of the defendant's MEMORANDUM OF CONTENTIONS OF FACT AND LAW)** do not apply in the context of this case. Defendant contends that there was a policy to avoid damage to vehicles and that this " ... policy was created in response to the receipt of an increased number of property damage claims filed by owners of vehicles that were searched, but eventually returned because the search produced no illegal contraband."

In the instant case, the initial search of the Pathfinder (when it was seized from Coronel) produced 59.5 pounds of marijuana. Therefore, in this case, there was no threat of a "property damage (claim) filed by owners of vehicles that were searched, but eventually returned because the search produced no illegal contraband" that should have resulted in a curtailed search.

Further, when USA agent Officer Joseph Marilao (the officer who conducted the search on the Pathfinder when the initial 59.5 pounds of marijuana was discovered in the gas tank) was deposed, he testified under oath that the policy to curtail searches was to "... minimize the damage for a vehicle for resale purposes, you know, as far as seizures go." [Depo of Joseph Marilao (6-9-04) page 27, ll. 1-2] NOT to avoid property damage claims from innocent owners (whose vehicles would not be subject to resale anyway).

In fact, none of the eight (8) USA agents who were deposed referenced property damage claims by innocent owners as a basis for the policy (and they were repeatedly asked this question during the deposition proceedings). This is an entirely new argument appearing for the very first time, despite years of litigation, in the defendant's MEMORANDUM OF CONTENTIONS OF LAW AND FACT filed on December 18, 2007.

**Plaintiff responds to the allegations made in Defendant's Contentions of Fact – Section VI (pages 9 through 13 of the defendant's MEMORANDUM OF CONTENTIONS OF FACT AND LAW)** as follows:

A. Lost Income – plaintiff will stipulate that the amount of lost income is $48,000

B. Medical Expenses – plaintiff will stipulate that the amount of medical expenses is $10,000

C. Psychiatric Expenses – plaintiff will stipulate that the amount of psychiatric expenses is $12,500

D. Attorney Fees – plaintiff concurs with defense counsel that they will be able to arrive at a reasonable stipulation regarding the bill of Suppa, Trucchi and Henein. LLP. The issue of the reasonable value of the legal services provided by Lic. Carlos Mejia Lopez (the criminal attorney for plaintiff in Mexico) will require evaluation by the Court.

Lic. Carlos Mejia Lopez (a top rated criminal defense attorney in Mexico as well as a former Tijuana City Councilman) has stated that the reasonable value of his services for representing Francisco Rivera in the criminal matter (including the investigation, trial and two subsequent appeals) is $350,000.00. Plaintiff concurs and disputes the USA's contention that this is an unreasonable amount in light of the services provided and the experience and qualifications of Lic. Mejia.

E. Other damages

(a) Pathfinder – Plaintiff will stipulate that the value of the 1987 Pathfinder was $2,600.00

(b) Loss of Use – Plaintiff will waive his request for loss of use damages

(c) Interpreter fees – In the event of a plaintiff verdict, plaintiff will seek reimbursement of interpreter fees in a post judgment memorandum of costs.

(d) Emotional Distress – The amount of compensation which will provide reasonable compensation to Francisco Rivera for having to spend 351 days in prison (and the continuing emotional trauma he experienced after his release) will require evaluation by the Court. The prison was unsafe and unclean. Francisco Rivera developed numerous physical and psychological ailments. He was unable to provide support for his family and his family members had to endure long trips and humiliating strip searches to bring him food and other supplies.

Contrary to defendant's comments, if recoverable, the amount of non-economical damages could be a substantial amount. In a similar case in the Central District of California, Michael Ray Shipp v USA [SACV 01-0167 DOC] the Court awarded $550,000 in non-economic damages for six weeks in a California jail (and the emotional trauma experienced as a result). While the Shipp v USA case has no value as precedent in the instant case, it is mentioned to show that the plaintiff's request for a substantial amount in non-economic damages is not unreasonable as the defendant USA contends in its memorandum.

## RESPONSE TO DEFENDANT'S ISSUES OF FACT AND LAW TO BE RESOLVED BY THE COURT

The plaintiff concurs that the Issues of Fact and Law, as outlined on pages 13-14 of the defendant's MEMORANDUM OF CONTENTIONS OF FACT AND LAW, is a clear and concise statement of the issues for resolution at this trial with the following modifications:

**RESPONSE TO ISSUES OF FACT**

(1) Defendant's Issue of fact number one is stated as follows:

"Whether an implied-in-fact warranty existed between the plaintiff and the United States to search the 1987 Pathfinder and remove all illegal contraband prior to its sale at auction."

*Plaintiff contends that this should be phrased as follows*:

"Whether an implied-in-fact warranty existed between the plaintiff and the United States to conduct a reasonable search of the 1987 Pathfinder to remove illegal contraband prior to its sale at auction."

(2) Defendant's Issue of fact number two is stated as follows:

"Whether the United States engaged in a practice of curtailing searches of seized vehicles in order to artificially raise the sale prices of those vehicles when they were sold at public auction."

*Plaintiff contends that this should be phrased as follows.*

"Whether the United States engaged in a practice of curtailing searches of seized vehicles in order to increase the resale prices of those vehicles when they were sold at public auction."

(3) Defendant's Issue of fact number three is stated as follows:

"If necessary, what type of search was performed upon the 1987 Nissan Pathfinder prior to its sale at auction."

*Plaintiff contends that this should be phrased as follows:*

"Whether the United States conducted a reasonable search of the 1987 Pathfinder for illegal contraband prior to its sale at auction to plaintiff."

(4) Plaintiff also contends that there is an additional issue of fact:

"The amount of recoverable damages sustained by plaintiff Francisco Javier Rivera Agredano."

**RESPONSE TO ISSUES OF LAW**

(1) Defendant's Issue of law number one is stated as follows:

"Whether the superior knowledge doctrine may apply to this case, where the defendant's alleged withholding of vital information did not increase the cost of plaintiff's performance under the contract."

*Plaintiff contends that this should be phrased as follows*:

"Whether the superior knowledge doctrine may apply to this case."

(2) Defendant's Issue of law number two is stated as follows:

"Whether the defendant breached an implied-in-fact term of the sale contract (assuming such terms exists)."

*Plaintiff contends that this should be phrased as follows*:

"Whether the defendant breached an implied-in-fact term of the sale contract."

(3) Defendant's Issue of law number three is stated as follows:

"Whether the defendant breached the implied covenant of good faith and fair dealing."

*Plaintiff concurs with the defendant's phrasing of this issue of law*

(4) Defendant's Issue of law number four is stated as follows:

"Whether the plaintiff may recover emotional distress damages."

*Plaintiff concurs with the defendant's phrasing of this issue of law*

**RESPONSE TO CONTENTIONS OF LAW**

A. Implied in Fact Warranty

Plaintiff concurs with defense counsel's cited legal authorities in the MEMORANDUM OF CONTENTIONS OF FACT AND LAW on pages 14-15 and as set forth in the Court's previously published ruling in this case.

Plaintiff disagrees with the manner in which the defendant argues that these legal authorities should be applied to the facts of this case in several respects. Most notably, plaintiff contends that under the totality of the circumstances of this case, there are sufficient facts for the Court to find the existence of an implied in fact warranty regarding a reasonable search for contraband. Plaintiff contends that if the search was not reasonable (and/or curtailed for the purpose of increasing resale value), that the failure to conduct a reasonable search would, under the very specific circumstances of this case, breach this implied warranty and entitle the plaintiff to damages. However, this determination cannot be made without an evaluation of the facts at trial

Plaintiff relies upon the published opinion issued in this case wherein the Court outlined the legal authorities that related to this cause of action and indicated that a determination of the matter was dependent upon further development of the facts through law and motion or trial. In this respect, plaintiff disputes defendant's narrow characterization of the legal authorities upon which plaintiff intends to rely upon at trial.

Further, defendant's contention on page 17 stating that:

> "all of the Government's witnesses were deposed upon this subject and all uniformly indicated that (1) the pre-auction search policy was implemented to satisfy Custom's statutory and regulatory duty to fulfill its law enforcement role to interdict all illegal contraband passing over the United States-Mexico border ..."

is incorrect. In fact, it is anticipated that some of the USA agents who will testify at trial (Jayson Ahern, Lawrence Fanning, Aide Nunez for example) will state that one of the reasons for the reinspection search was to search for contraband so that the purchasers would not unwittingly drive in a vehicle that still contained an illegal substance. Even if the USA officials won't directly admit

to this fact, from the totality of the circumstances, this goal can be reasonably inferred from the circumstantial evidence that will be presented at trial.

Further, when USA agent Officer Joseph Marilao (the officer who conducted the search on the Pathfinder when the initial 59.5 pounds of marijuana was discovered in the gas tank) was deposed, he testified under oath that the policy to curtail searches was to "... minimize the damage for a vehicle for resale purposes, you know, as far as seizures go." [Depo of Joseph Marilao (6-9-04) page 27, ll. 1-2] NOT to " ... satisfy Custom's statutory and regulatory duty to fulfill its law enforcement role to interdict all illegal contraband passing over the United States-Mexico border ..."

B. Good Faith and Fair Dealing

Plaintiff concurs with defense counsel's cited legal authorities in the MEMORANDUM OF CONTENTIONS OF FACT AND LAW on pages 18-19 and as set forth in the Court's previously published ruling in this case.

Plaintiff disagrees with the manner in which the defendant argues that these legal authorities should be applied to the facts of this case in several respects. Most notably, plaintiff contends that under the totality of the circumstances of this case, there are sufficient facts for the Court to find the defendant violated the covenant of good faith and fair dealing in this case.

Plaintiff contends that if the search was curtailed for the purpose of increasing the resale value of the vehicles, that this conduct would, under the very specific circumstances of this case, breach the covenant of good faith and fair dealing and entitle the plaintiff to damages. However, this determination cannot be made without an evaluation of the facts at trial

Plaintiff relies upon the published opinion issued in this case wherein the Court outlined the legal authorities that related to this cause of action and indicated that a determination of the matter

was dependent upon further development of the facts through law and motion or trial. In this respect, plaintiff disputes defendant's narrow characterization of the legal authorities upon which plaintiff intends to rely upon at trial.

C. Superior Knowledge

Plaintiff concurs with defense counsel's cited legal authorities in the MEMORANDUM OF CONTENTIONS OF FACT AND LAW on pages 19-21 and as set forth in the Court's previously published ruling in this case.

Plaintiff disagrees with the manner in which the defendant argues that these legal authorities should be applied to the facts of this case in several respects. Most notably, plaintiff contends that under the totality of the circumstances of this case, there are sufficient facts for the Court to find that the doctrine of superior knowledge applies in this case. However, this determination cannot be made without an evaluation of the facts at trial.

Plaintiff contends that defendant's interpretation of the application of the holding of the Hercules v USA 24 F.3d 188 (Fed. Cir. 1994) aff'd. on other grounds 516 U.S. 417 (1996) case to the facts of this case is misplaced. In Hercules, the plaintiff sought reimbursement of claims paid to third parties – not damages directly caused to Hercules under the "superior knowledge" doctrine.

In contrast, in the instant case, if the defendant curtailed searches to increase the amount Francisco Rivera was willing to pay for the Pathfinder but did not disclose this fact then the USA had "superior knowledge" of a material term in the transaction which, unknown to plaintiff, subjected Francisco Rivera to increased "costs" and risks in connection with the operation of the vehicle. Had the curtailed search been disclosed, Francisco Rivera would have been on notice of the increased risk,

and paid less for the vehicle and/or had the choice to incur the cost of hiring someone to conduct a thorough inspection to avoid the damages thereafter incurred.

Plaintiff relies upon the published opinion issued in this case wherein the Court outlined the legal authorities that related to this legal theory and indicated that a determination of the matter was dependent upon further development of the facts through law and motion or trial. In this respect, plaintiff disputes defendant's narrow characterization of the legal authorities upon which plaintiff intends to rely upon at trial.

D. Damages

Plaintiff concurs with defense counsel's cited legal authorities in the MEMORANDUM OF CONTENTIONS OF FACT AND LAW on pages 21-23 and as set forth in the Court's previously published ruling in this case.

Plaintiff disagrees with the manner in which the defendant argues that these legal authorities should be applied to the facts of this case in several respects. Most notably, plaintiff contends that under the totality of the circumstances of this case, there are sufficient facts for the Court to find that emotional distress damages are available under the very unique and specific circumstances of this case. However, as set forth in the Court's published ruling, this determination cannot be made without an evaluation of the facts at trial.

Plaintiff relies upon the published opinion issued in this case wherein the Court outlined the legal authorities that related to these claims for relief and indicated that a determination of the matter was dependent upon further development of the facts through law and motion or trial. In this respect, plaintiff disputes defendant's narrow characterization of the legal authorities upon which plaintiff intends to rely upon at trial.

**RESPONSE TO OBJECTION TO PLAINTIFF'S WITNESS AND EXHIBIT LIST**

Plaintiff will file a revised witness and exhibit list on or before January 8, 2008.

The defendant contends that certain documents were not provided during discovery, however, plaintiff has confirmation that all of these documents were provided (in some circumstances on numerous occasions) either by mail or personally hand delivered.

**OBJECTION TO DEFENDANT'S WITNESS AND EXHIBIT LIST**

Plaintiff's counsel had a conference with defense counsel today (1-4-08) and believes issues relating to exhibits and witnesses will be resolved between counsel prior to the pretrial hearing.

However, in the event that issues remain, the plaintiff's specific objections are as follows:

Witnesses: James Henderson – plaintiff has made numerous attempts to depose Mr. Henderson. Finally a subpoena was served and numerous promises were made, but not kept, for Mr. Henderson to be deposed. Therefore, plaintiff objects to any attempt by the USA to call Mr. Henderson after refusing to produce him for a deposition.

Vanaster Brown and James Elam – these witnesses are USA agents and were not disclosed during discovery so that the plaintiff would have a reasonable opportunity to depose them before trial. After these USA agents were recently disclosed, plaintiff requested the ability to depose them but no response was received and plaintiff objects to any effort by the USA to elicit testimony from these witnesses at trial.

Further, while Michael Cater and Nigal Miller are third parties, they work for a subcontractor of the USA and were also not disclosed by the USA in discovery despite several years of litigation. It is not fair for the USA to attempt to elicit testimony from these witnesses at trial after not disclosing the same in discovery.

Exhibits: Plaintiff is not clear what defendant USA is describing in Exhibit numbers 8 and 9. A copy was requested but not yet received. In the event these documents were not provided during discovery, plaintiff object to the same.

Respectfully Submitted,

DATED: January 4, 2008

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**CERTIFICATE OF ELECTRONIC FILING**

This document and all attachments was electronically filed on January 4, 2008 and served on opposing counsel electronically.

.DATED: January 4, 2008

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658