No. 05-608C
(Judge Emily Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANCISCO JAVIER RIVERA AGREDANO and
ALFONSO CALDERON LEON,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**PLAINTIFF FRANCISCO JAVIER RIVERA AGREDANO'S WITNESS LIST**

**Honorable EMILY HEWITT, Judge Presiding**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFF
FRANCISCO JAVIER RIVERA AGREDANO

January 8, 2008

# PLAINTIFF'S WITNESS LIST

Pursuant to the Court's orders of January 4, 2008 and September 14, 2007, and in accordance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff submits the following list of witnesses. This list does not include all witnesses that the plaintiff may choose to use for impeachment. See RCFC, App A Para. 15(a).

Plaintiff reserves the right to amend this list as described in the Court's rules or in response to the Court's rulings. Plaintiff also reserves the right to call all witnesses listed on the defendant's witness list. Finally, plaintiff reserves the right to identify additional witnesses for authentication of documents based upon the objections ultimately asserted by defendants in response to the plaintiff's exhibit list.

1. Francisco Javier Rivera Agredano
Antonio Salvatierra #1 Col. Ruiz Corilnez
Tijuana, Mexico

Will call. Francisco Rivera is the plaintiff in this case. He is expected to testify as the facts and circumstances surrounding the purchase of the Nissan Pathfinder, the search and seizure of the Pathfinder, his arrest and conditions of imprisonment near Ensenada Mexico. He will provide testimony regarding the damages he has incurred as a result of the various economic, physical and emotional injuries he has sustained as a result of the consequences flowing from the discovery of 17.220 kg. of marijuana by the Mexican police on January 24, 2002 and his imprisonment in Mexico until January 10, 2003. If necessary, he will testify and authenticate the bill for legal services he received from Lic Carlos Mejia Lopez and Suppa, Trucchi and Henein, LLP to secure his release from prison on the criminal charges. Time needed for direct examination is estimated to be 4 hours

/////

2. Alfonso Calderon Leon
Antonio Salvatierra #1 Col. Ruiz Corilnez
Tijuana, Mexico

Will call. Alfonso Calderon was a plaintiff in this case. He was with Francisco Rivera when the marijuana was discovered and was imprisoned with Francisco Rivera. At the time of the arrest, Mr. Calderon was also the business partner of Francisco Rivera in a printing company. Plaintiff Francisco Rivera is married to Alfonso Calderon Leon's sister, Carmen G. Rivera Calderon. Mr. Calderon will testify as to the nature of the printing operation, income, and other relevant matters relating to his business partnership with Francisco Rivera. Mr. Calderon is expected to testify as the facts and circumstances surrounding the purchase of the Nissan Pathfinder, the search and seizure, arrest and conditions of imprisonment near Ensenada Mexico. He will provide testimony regarding the damages that Francisco Rivera has incurred as a result of the various economic, physical and emotional injuries Francisco Rivera has sustained as a result of the consequences flowing from the discovery of 17.220 kg. of marijuana by the Mexican police on January 24, 2002 and Francisco Rivera's imprisonment in Mexico until January 10, 2003. Time needed for direct examination is 2 hours

3. Lic. Carlos Mejia Lopez
Magon (Calle 6ta.) No. 8119; Suite 305,
Zona Centro Tijuana, Baja California (664)685-61-68

Will call. Lic. Carlos Mejia is a prominent Tijuana criminal defense attorney and former Tijuana city councilman. Lic. Mejia is also the brother in law of Francisco Rivera (Lic. Mejia's wife is a sister of Alfonso Calderon Leon and Carmen G. Rivera Calderon). Lic. Mejia was the attorney for Mr. Rivera and Mr. Calderon in the Mexican criminal proceedings (which included the investigation, trial and two subsequent appeals).

/////

Lic. Mejia has been designated as both a percipient and an expert witness and will testify as to the evidence in the Mexican criminal proceedings, the history of the Mexican criminal proceedings, the impact and significance of various findings and rulings from the Mexican criminal proceedings as well as the services that he provided that form the basis of his request for payment of attorney fees and costs in the amount of $350,000.00 for his representation in the criminal action in Mexico. Lic. Mejia will provide testimony regarding the conditions at the prison where the plaintiff was held which will relate to the claim for emotional distress as well as provide causation in regard to some of the claimed physical ailments sustained by Mr. Rivera during imprisonment. Time estimated for direct examination is 4 hours

4. Jose Blanco Loya
Ave. Aldama #480; Zona Centro (Downtown area)
Ensenada, Baja California, Mexico

Will call. Jose Blanco was a chemist/expert for the Mexican Attorney General in the criminal case in Mexico. He has knowledge of the state of the marijuana discovered in the vehicle. He has been designated as both an expert and a percipient witness in this case. He will testify as to his findings regarding the evidence in the Mexican criminal proceedings including the state of the marijuana, the characteristics of the Pathfinder and other physical evidence as necessary to support his findings, opinions and conclusions regarding the physical evidence in the criminal case. Time estimated for direct examination is 1 hour

/////

/////

/////

/////

5. Rafael Garcia Guterrez
Arizona State University; Rural at University
Tempe AZ, 85287; (480) 965-5767
Mexican address: Colinas de la Giganta #151;
Fracc. Colinas del Mar; Ensenada, Baja California, Mexico

Will call. Rafael Garcia was the chemist engineer and Sciences Doctor/expert for the defense in the Mexican criminal proceedings. He has knowledge of the state of the marijuana discovered in the vehicle.

He has been designated as both an expert and a percipient witness in this case. He will testify as to his findings regarding the evidence in the Mexican criminal proceedings including the state of the marijuana, the characteristics of the Pathfinder and other physical evidence as necessary to support his findings, opinions and conclusions regarding the physical evidence in the criminal case. Estimated time needed for direct examination is 1 hour

6. Miguel Carrillo Mendivil
Lago Xochimilco #562
Ensenada, Mexico

Will call. Miguel Carrillo was the chemist pharmaceutical and biologist/expert for defense in Mexico. He has knowledge of the state of the marijuana discovered in the vehicle. He has been designated as both an expert and a percipient witness in this case. He will testify as to his findings regarding the evidence in the Mexican criminal proceedings including the state of the marijuana, the characteristics of the Pathfinder and other physical evidence as necessary to support his findings, opinions and conclusions regarding the physical evidence in the criminal case. Estimated time needed for direct examination is 1 hour

/////

/////

7. Jayson Ahern; Deputy Commissioner;
U.S. Customs & Border Protection; Ronald Reagan Building;
1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229

Will call. Deputy Commissioner Ahern is the Assistant Commissioner, Office of Field Operations, Customs and Border Patrol and was formerly the Director of Field Operations, San Diego. He is expected to testify concerning the policies, directives and procedures designed to uncover contraband left in vehicles prior to release for auction, the policies, directives, purpose and procedure relating to the reinspection in the auction lot, the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals. He will testify as to his knowledge of the policy regarding restricting damage to seized vehicles. He will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. He will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot or the time of sale. Estimated time needed for direct examination is estimated to be 2 hours.

8. Joseph Marilao; Supervisory U.S. Customs & Border Protection Officer
San Ysiudro Port of Entry, 720 East San Ysidro Blvd
San Diego, CA 92173

Will call. Officer Marilao is a Senior Customs & Border Protection Officer, San Ysidro Port of Entry. Officer Marilao is expected to testify concerning the policies, directives and procedures for searching and seizing vehicles at the San Ysidro Port of Entry in 2001 as communicated to the officers in the field through daily briefings, training, actual implementation and otherwise. He will testify about announcements regarding search policies as made during

briefings and polices relating to the search of seized vehicles as it relates to resale value and other factors. He will testify as to his knowledge of the policy regarding restricting damage to seized vehicles. Officer Marilao is also expected to testify about the circumstances and procedures utilized in the search of the 1997 Nissan Pathfinder on January 25, 2001. He will also testify regarding other incidents involving narcotics found in seized vehicles in the auction lot. Officier Marilao will also provide authentication for various documents relating to the seizure and search of the Pathfinder. Estimated time needed for direct examination is 1.5 hours.

9. David Murphy Director, Field Operations (Chicago)
U.S. Customs & Border Protection
610 S Canal Street, Room 900
Chicago, IL 60607

Will call. Mr. Murphy is the Director of Field Operations, Chicago, and was formerly the Assistant Director of Field Operations, San Diego. Mr. Murphy was previously designated as an expert in this case by the USA. He has provided opinion testimony regarding the reasonableness of the search under the facts of this case and plaintiff intends to elicit testimony similar to the opinions given at his deposition on June 25, 2004 at pages 43-44 and elsewhere in the deposition of that date. He is expected to testify as a percipient witness concerning the policies, directives and procedures for searching and seizing vehicles at the San Ysidro Port of Entry in 2001 and other incidents involving vehicles with narcotics found in them at the auction lot. Mr. Murphy is expected to testify concerning the procedures designed to uncover any contraband left in vehicles prior to release for auction

Mr. Murphy is expected to testify as to the standard of care, policies and procedures for conducting searches and inspections of seized and forfeited vehicles.. He will testify as to his

knowledge of the policy regarding restricting damage to seized vehicles the policies, directives, purpose and procedure relating to the reinspection in the auction lot (a written procedure drafted by Mr. Murphy), the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals.

Mr. Murphy will testify as to his knowledge of the policy regarding restricting damage to seized vehicles. Mr. Murphy has knowledge of the procedure, policies and purpose of the daily briefings ("daily muster" per Mr. Murphy) at San Ysidro. He will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. He will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot or the time of sale. Estimated time needed for direct examination is 1.5 hours.

10. Lawrence Fanning
Assistant Port Director
9777 Via de la Amistad
San Diego, CA 92154

Will call. Mr. Fanning is the Assistant Port Director, and was formerly the Fines, Penalties & Forfeitures Officer. Mr. Fanning is expected to testify concerning the operations of the Customs and Border Patrol's seizure and forfeiture program in San Diego. He will testify as to his knowledge of the policy regarding restricting damage to seized vehicles the policies, directives, purpose and procedure relating to the reinspection in the auction lot, the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for

processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals. He will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. He will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot or the time of sale. Estimated time needed for direct examination is 1.5 hours.

11. Robert Bickers
U.S. Customs and Border Patrol
9777 Via de la Amistad
San Diego, CA 92154

Will call. Robert Bickers is a US Customs and Border Protection Supervisor. He was previously the Antiterrorist Contraband Enforcement team supervisor at San Ysidro. Mr. Bickers is expected to testify concerning the operations of the Customs and Border Patrol's seizure and forfeiture program in San Diego. He will testify as to his knowledge of the policy regarding restricting damage to seized vehicles, the policies, directives, purpose and procedure relating to the initial search and seizure and reinspection in the auction lot, the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals. He will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. He will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot

or the time of sale. He will testify as to the daily briefings at San Ysidro (circumstances, content, attendance and purpose). Estimated time needed for direct examination is 1.00 hour.

12. Chief Robert Hood
Department of Homeland Security
9777 Via de la Amistad
San Diego, CA 92154

Will call. Chief Robert Hood is the Chief CBPO of the Department of Homeland Security and currently oversees the SENTRI program. Previously, he was the Operations Chief at the Otay Mesa border crossing. Chief Hood is expected to testify concerning the operations of the Customs and Border Patrol's seizure and forfeiture program in San Diego. He will testify as to his knowledge of the policy regarding restricting damage to seized vehicles, the policies, directives, purpose and procedure relating to the initial search and seizure and reinspection in the auction lot, the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals. He will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. He will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot or the time of sale. He will testify as to the daily briefings at San Ysidro (circumstances, content, attendance and purpose). He will testify as to the policy to conduct a complete search the entire vehicle after discovery of contraband in one area. He will be asked to testify as he did in his deposition on October 27, 2006 at page 27, lines 6-9 stating in effect that if the seven point systematic inspection was properly conducted, it would have

detected the amount of marijuana left in the Pathfinder in this case. Estimated time for direct testimony is 1.00 hour.

13. Robert Root
Department of Homeland Security
9777 Via de la Amistad
San Diego, CA 92154

Will call. Mr. Root is a Supervisory Canine Officer, San Ysidro Port of Entry. Mr. Root is expected to testify concerning the circumstances surrounding Customs and Border Patrol's attempt to perform K-9 re-screenings of all vehicles at the auctioneer's (EG&G Technical Services) vehicle storage facility. He will testify as to the training of the canine unit. He will testify as to his knowledge of the policy regarding restricting damage to seized vehicles, the policies, directives, purpose and procedure relating to the initial search and seizure and reinspection in the auction lot, the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals. He will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. He will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot or the time of sale. He will testify as to the daily briefings at San Ysidro (circumstances, content, attendance and purpose). Estimated time for direct testimony is 1.00 hour

/////

/////

14. Aide Nunez
Department of Homeland Security
9777 Via de la Amistad
San Diego, CA 92154

Will call. Officer Nunez is a customs inspector and was one of the lead officers in the contraband enforcement team in 2001. She is expected to testify concerning the policies, directives and procedures for searching and seizing vehicles at the San Ysidro Port of Entry in 2001. She will testify about announcements regarding search policies as made during briefings. Officer Nunez is also expected to testify about the seizure and processing of the 1997 Nissan Pathfinder and the policies relating to the processing seized vehicles. She will testify as to her knowledge of the policy regarding the nature of the subsequent search of vehicles after narcotics were discovered on one compartment; the policies, directives, purpose and procedure relating to the initial search and seizure and reinspection in the auction lot, the USA directives, policies, goals, and procedures relating to the search and sale of seized vehicles, procedures for processing seized vehicles for an auction sale, procedure and goals of the "re-inspection" occurring prior to the auction of a seized vehicle and pertinent changes to those procedures, policies, directives or goals. She will be asked to authenticate various USA written policy statements, procedures and directives and testify as to aspects of, and consequences related to, the written documents. She will testify as to prior incidents involving contraband left in USA seized vehicles in the auction lot or the time of sale. She will testify as to the daily briefings at San Ysidro (circumstances, content, attendance and purpose). She will be asked to testify as she did in her deposition on October 27, 2006 at page 24, lines 20-23 stating in effect that if the systematic inspection was properly conducted, it would have detected the amount of marijuana left in the Pathfinder in this case.

She will testify that she understood the pre-auction re-inspection to be, at least in part, for the protection of the purchasers of the vehicle. Estimated time for direct testimony is 1.00 hour

15. Michael Levine
P.O. Box 533;
Stone Ridge, New York 12484
(845) 687-9642

Will call. Michael Levine is plaintiff's designated expert on search and seizures, training, policies and procedures and standard of care in regard to search and seizures of the type involved in this action. He will testify as to the reasonableness of the policies and directives regarding restricting damage to seized vehicle and the policies, directives, and procedures involved in the instant case for re-inspection searches and the initial search and seizure. Estimated time for direct testimony is 2.5 hours.

16. Dr. Hector Santillana
Centro Medico de Tijuana; Col. Gabilondo
Tijuana, Mexico
(664) 686-53-18

Will call. Dr. Santillana is a psychiatrist and medical doctor. Dr. Santillana treated Francisco Rivera for various physical and emotional injuries sustained as a result of his imprisonment. He authenticate his medical records, testify as to the extent of plaintiff's injuries (as resolved, residual, and permanent and stationary), and will testify as to the reasonable value of the medical services he provided to plaintiff. He will lay a evidentiary foundation for his bill for the medical services he provided. Estimated time for direct testimony is one hour

/////

/////

/////

17. Miguel A. Lizarraga Velazquez, M.D.
Calle 3ra #7283 Altos 3
Z.C. Tijuana B.C. Mexico
(664) 685-26-14

Will call. Dr. Lizarraga is a medical doctor. Dr. Lizarraga treated Francisco Rivera for various physical and emotional injuries sustained as a result of his imprisonment. He authenticate his medical records, testify as to the extent of plaintiff's injuries (as resolved, residual and permanent and stationary), and will testify as to the reasonable value of the medical services he provided to plaintiff. He will lay a evidentiary foundation for his bill for medical services provided to plaintiff. Estimated time for direct testimony is one hour

18. Ma. Alba Moreno Grijalva
Ave. Rocio #631 Secc. Jardines
Playas Tijuana B.C. Mexico
(664) 631-83-80

Will call. Ma. Morena is a psychologist. Ma Morena treated Francisco Rivera for various emotional injuries sustained as a result of his imprisonment. She authenticate her medical records, testify as to the extent of plaintiff's injuries (as resolved, residual and permanent and stationary), and will testify as to the reasonable value of the medical services she provided to plaintiff. She will lay a evidentiary foundation for her bill for the medical services she provided to plaintiff. Estimated time for direct testimony is one hour

19. Jesus Manuel Cesena Caro, M.D.
10606-406 Zona Rio
Tijuana, B.C. Mexico
(664) 634-27-31

Will call. Dr. Cesena is a medical doctor Dr. Cesena treated Francisco Rivera for various physical and emotional injuries sustained as a result of his imprisonment. He authenticate his

medical records, testify as to the extent of plaintiff's injuries (as resolved, residual and permanent and stationary), and will testify as to the reasonable value of the medical services he provided to plaintiff. He will lay a evidentiary foundation for his bill for the medical services provided to plaintiff. Estimated time for direct testimony is one hour

20. Araceli Calderon Leon
Antonio Salvatierra #1 Col. Ruiz Corilnez
Tijuana, Mexico

Will call. This is a family member of the plaintiff (a sibling of Alfonso Calderon Leon). She will testify on the issues related to the conditions of the imprisonment of Francisco Rivera and the symptoms of emotional trauma she perceived after his release. She will testify as to economic costs and physical humiliation incurred by family members to bring food and supplies to plaintiff while he was in prison and the physical symptoms of injury and emotional distress that she observed in plaintiff as a result of the consequences flowing from his arrest and imprisonment. Time for direct testimony is expected to be .5 hour.

21. Gabriel Calderon Leon
Antonio Salvatierra #1 Col. Ruiz Corilnez
Tijuana, Mexico

May call. This is a family member of the plaintiff (another sibling of Alfonso Calderon Leon). He will testify on the issues related to the ownership of the Pathfinder, the conditions of the imprisonment of Francisco Rivera and emotional trauma experienced after his release. He will testify as to economic costs and physical humiliation incurred by family members to bring food and supplies to plaintiff while he was in prison and the physical symptoms of injury and emotional distress that he observed in plaintiff as a result of the consequences flowing from his arrest and imprisonment. Time for direct testimony is expected to be .5 hour.

22. Teresa de Jesus Rivera Agredano
Antonio Salvatierra #1 Col. Ruiz Corilnez
Tijuana, Mexico

May call. This is the plaintiff's Mother. She will testify on the issues related to the conditions of the imprisonment of Francisco Rivera and emotional trauma experienced after his release. She will testify as to economic costs and physical humiliation incurred by family members to bring food and supplies to plaintiff while he was in prison and the physical symptoms of injury and emotional distress that she observed in plaintiff as a result of the consequences flowing from his arrest and imprisonment. Time for direct testimony is expected to be .5 hour.

23. Carmen G. Rivera Calderon
Antonio Salvatierra #1 Col. Ruiz Corilnez
Tijuana, Mexico

Will call. This is the plaintiff's wife. She will testify on the issues related to the conditions of the imprisonment of Francisco Rivera and emotional trauma as exhibited by Francisco Rivera after his release. She will testify as to the economic losses sustained due to the imprisonment of Francisco Rivera and subsequent loss of the printing business. She will testify as to economic costs and physical humiliation incurred by family members to bring food and supplies to plaintiff while he was in prison, the physical symptoms of emotional distress expressed by the plaintiff due to the hardship suffered by his children as a result of his imprisonment, and the physical

/////

/////

/////

/////

symptoms of injury and emotional distress that she observed in plaintiff as a result of the consequences flowing from his arrest and imprisonment. Time for direct testimony is expected to be 1.0 hour.

Respectfully Submitted

DATED: January 8, 2008

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658
ttrucchi@san.rr.com

**CERTIFICATE OF ELECTRONIC FILING**

This document and all attachments was electronically filed on January 8, 2008 and served on opposing counsel electronically.

.DATED: January 8, 2008

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658
ttrucchi@san.rr.com