<u>Francisco Javier Rivera Agredano v. United States</u>
No. 05-608 C

# PRETRIAL CONFERENCE
# AGENDA
January 14, 2008

1. Progress Toward Fact Stipulations pursuant to RCFC Appendix A ¶ 17

    a. Report from Parties

2. Witnesses/Witness Lists

    a. Witness Lists
    b. Exclusion of Witnesses under Fed. R. Evid. 615
    c. Objections (see 4a and 5a below)

3. Exhibits/Exhibit Lists

    a. Exhibit Lists (DX, PX, JX)
    b. Use/Identification/Organization of Exhibits at Trial
    c. Four Copies of Exhibits at Trial (Plaintiff, Defendant, Court, Witness/Reporter)
    d. Technology Requirements
    e. Objections to Exhibits (see 4b and 5b below)

4. Defendant's Motions in Limine and Motions to Exclude

    a. Motion to Exclude Witnesses

        i. Witness Objected to on Grounds that Witness's Expert Testimony Does Not Comply with RCFC 26(a)(2) or 26(b)(4)

            A. Michael Levine

    b. Objections/Motion to Exclude Exhibits

        i. Exhibits Objected to on Grounds of Not Having Been Previously Disclosed

A. Exhibit Numbers 3, 4, 8, 11, 14, 15, 16, 26, 28, 34, 35, 36, 37

ii. Exhibits Objected to on Grounds of Relevance

A. Exhibit Numbers 7, 11, 17, 32, 33

iii. Exhibits Objected to on Grounds of Lacking English Translations

A. Exhibit Numbers 19, 20, 21, 23, 24, 25, 26, 27, 34, 35

5. Plaintiff's Motions in Limine and Motions to Exclude

a. Motion to Exclude Witnesses

i. Witness Objected to on Grounds that Witness Was Not Deposed

A. James Henderson

b. Objections/Motion to Exclude Exhibits

i. Exhibits Objected to on Grounds of Not Having Received a Copy

A. Exhibit Numbers 8 and 9

6. Defendant's Request for Bifurcation

7. Trial Schedule

a. Review/Reconciliation of Parties' Proposed Schedule of Witnesses
c. Courtroom Schedule
d. Opening Arguments
e. Proposed Post-Trial Briefing
i. Opening Briefs due Tuesday, March 4, 2008: 50 pages maximum. Simultaneous filing. No attachments of transcripts or exhibits.
ii. Response Briefs due Tuesday, March 18, 2008: 20 pages maximum. Simultaneous filing. No attachments of transcripts or exhibits.[1]

---

[1]The parties shall note, as stated in the court's Order of September 14, 2007, that any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in

8. Issues

   a. Whether an implied-in-fact warranty existed between plaintiff and the United States

   b. Whether the United States engaged in a practice of curtailing searches of seized vehicles

   c. What type of search was performed upon the 1987 Pathfinder prior to its sale at auction

   d. Whether the superior knowledge doctrine may apply to this case

   e. Whether defendant breached an implied-in-fact term of the sale contract

   f. Whether defendant breached the implied covenant of good faith and fair dealing

   g. Whether plaintiff may recover emotional distress damages and what amount of recoverable damages plaintiff is entitled to, if any

9. Additional Agenda Items Proposed By the Parties

---

the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. "Specifically pointed out" means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. "Specifically pointed out" shall not include mention for the first time in post-trial briefing. Order of September 14, 2007, 2.