# In the United States Court of Federal Claims

No. 05-608 C

(E-Filed: January 15, 2008)

FRANCISCO JAVIER RIVERA AGREDANO,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ORDER

Before the court are Plaintiff Francisco Javier Rivera Agredano's Memorandum of Contentions of Fact and Law (plaintiff's memo or Pl.'s Memo), Defendant's Memorandum of Contentions of Fact and Law (defendant's memo or Def.'s Memo), Plaintiff Francisco Javier Rivera Agredano's Witness List (plaintiff's witness list or Pl.'s Wit. List), Plaintiff's Exhibit List (plaintiff's exhibit list or Pl.'s Ex. List), and Defendant's Objections to Plaintiff's Revised Witness and Exhibit Lists (defendant's response or Def.'s Resp.). During a telephonic status conference (TSC) on Thursday, January 10, 2008, plaintiff informed the court that plaintiff's witness list and plaintiff's exhibit list supplant the witness and exhibit lists contained in plaintiff's memo. Thus, the objections made by defendant in defendant's memo (which refer to items listed in plaintiff's memo) are MOOT. The witness and exhibit lists contained in plaintiff's memo are SUPERCEDED by plaintiff's exhibit list and plaintiff's witness list, and the objections to plaintiff's witnesses and exhibits contained in defendant's memo are SUPERCEDED by the objections contained in defendant's response. Also during the TSC, each party informed the court that it withdrew a number of its objections. This Order addresses the remaining objections by each party at the time of the Pretrial Conference; objections raised in plaintiff's witness list, plaintiff's exhibit list, and defendant's response that are not specifically addressed below are MOOT.

Further to the TSC and to the Pretrial Conference held on Monday, January 14, 2008, the court orders the following:

1. Fed. R. Evid. 615 Exclusion of Witnesses. The parties have requested, as they are entitled to under the Federal Rules of Evidence, that the witnesses be excluded from the courtroom so that each witness can give his or her testimony fresh without being distracted by others' testimony. The court orders that until the trial concludes, which time the witnesses can learn from counsel, that the parties instruct the witnesses not to discuss their testimony with anyone who either is or could conceivably be a witness. If the witnesses have any question about who could be a witness, they may ask counsel. Experts and the parties' representatives may attend all portions of the trial, but may not discuss evidence with anyone who either is or could conceivably be a witness. No one, including counsel, shall communicate to a witness the testimony of another witness before trial concludes.

2. Defendant's Motion in Limine to Exclude the Testimony of Mr. Michael Levine. Plaintiff's counsel stated at the Pretrial Conference that she will not call Mr. Michael Levine to testify at trial. Defendant's objection is MOOT.

3. Defendant's Objections to Plaintiffs' Exhibits. Defendant objected to plaintiff's exhibit numbers 36 and 37 on grounds that plaintiff had not previously disclosed those exhibits. Defendant withdrew its objection to exhibit number 36 at the Pretrial Conference. Defendant's objection to exhibit number 36, therefore, is MOOT. Defendant objected further to exhibit number 37 on grounds that it lacked a factual basis. The parties then informed the court that they would resolve the issue without the court's assistance. Defendant's objection to exhibit number 37 is DEFERRED.

Defendant objected to exhibit numbers 11, 14, 15, 28, and 36 on grounds of relevance and/or prejudice. Plaintiff's counsel stated at the Pretrial Conference that she withdraws exhibit number 28, so defendant's objection to exhibit number 28 is MOOT. The court DENIES defendant's objections to exhibit numbers 11, 14, 15, and 36.

Defendant objected to exhibit numbers 19, 20, 21, 23, 24, 25, 26, 27, 34, and 35 on grounds that plaintiff had not provided English translations of those exhibits. The parties informed the court that they would resolve the issue without the court's assistance. Defendant's objections, therefore, to exhibit numbers 19, 20, 21, 23, 24, 25, 26, 27, 34, and 35 are DEFERRED.

4. Plaintiff's Motion in Limine to Exclude the Testimony of Mr. James Henderson. At the Pretrial Conference, plaintiff's counsel withdrew her objection to defendant's calling Mr. James Henderson as a witness for defendant's case-in-chief. Plaintiff's objection is MOOT.

5. Defendant's Request for Bifurcation. The court determines that judicial efficiency is best achieved by hearing testimony on all of the issues before the court, including damages, during the upcoming trial dates, January 28, 2008 through February 1, 2008. Defendant's request for bifurcation is DENIED.

6. Parties' Proposed Trial Schedule. On or before Friday, January 18, 2008, the parties shall send to the court by email or facsimile their joint proposed trial schedule. The parties shall allot time on the morning of Monday, January 28, 2008 for the parties' opening arguments. Neither party's opening argument shall exceed one hour. The court and parties are scheduled to be able to enter the Edward J. Schwartz U.S. Courthouse and Tax Court Courtroom, Room 4228, Monday through Friday from 8:30 a.m. to 4:30 p.m. PST. In addition, parties and witnesses that are in the courtroom (or an adjacent waiting area) at or before 4:30 p.m. may remain until all testimony for that day is complete. The parties will be able to keep their exhibits and/or other documents in the courtroom overnight during the trial. Questions about the courthouse and use of courthouse facilities during trial may be addressed to Rich Virgallito, Facilities and Procurement Supervisor, at 619-557-7370.

7. Interpretation Services for Witnesses. The parties informed the court at the Pretrial Conference that some witnesses will testify in Spanish and require an interpreter to translate the testimony into English. The party requiring an interpreter for any of its witnesses shall make the arrangements for and bear the cost of the interpreter(s). In order to arrange for a court-certified interpreter to be present for the testimony of one or more witnesses, the party calling the witness whose testimony must be interpreted shall contact Ms. Rebeca Calderon, the director of interpreter services at Edward J. Schwartz U.S. Courthouse, at 619-557-5205.

8. Post-Trial Briefing. The parties shall simultaneously file their opening briefs on or before Tuesday, March 4, 2008. The opening briefs shall not exceed fifty pages and shall not contain any attachments of transcripts or exhibits. The parties shall simultaneously file their response briefs on or before Tuesday, March 18, 2008. The response briefs shall not exceed twenty-five pages and shall not contain any attachments of transcripts or exhibits.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge