No. 05-608C
(Judge Emily Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANCISCO JAVIER RIVERA AGREDANO and
ALFONSO CALDERON LEON,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**PLAINTIFF FRANCISCO JAVIER RIVERA AGREDANO'S
MOTION FOR RECONSIDERATION [RULE 52(b); 59(a)(1) and 60(b)]
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**<u>Honorable EMILY HEWITT, Judge Presiding</u>**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFF
FRANCISCO JAVIER RIVERA AGREDANO

July 2, 2008

**PLAINTIFF FRANCISCO JAVIER RIVERA AGREDANO'S MOTION FOR RECONSIDERATION [RULE 52(b); 59(a)(1) and 60(b)]**

Plaintiff FRANCISCO JAVIER RIVERA AGREDANO hereby moves the Court, pursuant Rules 52(b) and 59(a)(1) of the United States Court of Federal Claims for a reconsideration and amendment of the Court's OPINION dated filed June 24, 2008 and the resultant JUDGMENT entered June 27, 2008 regarding the denial of reasonable compensation to FRANCISCO JAVIER RIVERA AGREDANO for the emotional distress damages he sustained as a result of his arrest and imprisonment [see; OPINION, filed June 24, 2008 in Section IV(D) "Emotional Distress" at pages 65-66].

Plaintiff FRANCISCO JAVIER RIVERA AGREDANO respectfully asks this Court to amend the June 24, 2008 OPINION containing findings of fact and conclusions of law to include a specific monetary amount that is "reasonable compensation" for the emotional distress injuries the plaintiff sustained (injuries which were established by the undisputed evidence submitted at trial; OPINION at pages 62 to 64), **and/or**, to render a conclusion of law as to the availability of emotional distress damages as a matter of law in this Court and under the facts of this case.

As set forth in Rules 52(b) and 59(a)(1) of the United States Court of Federal Claims, plaintiff respectfully asks this Court to enter a new JUDGMENT that is consistent with any such revised OPINION to the extent the revised OPINION contains new or revised findings of fact and/or conclusions of law that alter the amount of the JUDGMENT entered in this case.

**GROUNDS FOR REQUESTED RELIEF UNDER RCFC 60(b)**

To the extent the Court did not make a monetary award for emotional distress damages as a result of the plaintiff's failure to make a request for a specific amount of emotional distress

damages in closing argument, plaintiff seeks relief under Rule 60(b) and specifically asks for an additional monetary award that is at least equal to (on a per diem basis), or greater than, the emotional distress damages awarded to plaintiff in the case of Michael Ray Shipp v United States of America [Case Number SACV-01-0167 DOC] (wherein the Court awarded $550,000.00 for six (6) weeks of imprisonment in Oregon and the emotional distress suffered thereafter [or $13,095.00 per day for 42 days of imprisonment and emotional distress suffered thereafter])[see; Beagle v Vasold (1966) 65 Cal.2d 166, 181-182 for a discussion of "per diem" method of calculating emotional distress damages]. The Court is respectfully requested to take judicial notice of the FINDINGS OF FACT AND CONCLUSIONS OF LAW issued in the case of Michael Ray Shipp v United States of America [Case Number SACV-01-0167 DOC] (a true and correct copy of which is attached hereto as Exhibit "A") pursuant to Federal Rules of Evidence 201 and 1005.

Granting relief under RCFC 60(b) would be supported by the existing factual record from trial and would not be prejudicial to defendant USA but would promote substantial justice and result in fair compensation to plaintiff for the injuries he sustained (in the event the Court makes the preliminary determination that recovery for emotional distress damages is available in this Court as a matter of law under the facts of this case).

**POINTS AND AUTHORITIES IN SUPPORT OF RELIEF REQUESTED**

The Court's June 24, 2008 OPINION did not definitively state whether the denial of monetary compensation for plaintiff's emotional distress injuries was based upon a finding that these damages are not available in this action as matter of law, or, if the denial of monetary compensation for the plaintiff's emotional distress injuries was based upon the finding that the

plaintiff did not support this claim for relief by failing to introduce evidence of the specific amount of monetary funds that would constitute "reasonable compensation" for the plaintiff's emotional distress injuries. [see; OPINION, filed June 24, 2008 in Section IV(D) "Emotional Distress" at page 66]

To the extent that the OPINION was based upon the finding that monetary compensation for the emotional distress injuries suffered by plaintiff was not available in this Court under the facts of the case as a matter of law, plaintiff acknowledges that further pursuit of these damages, if such a pursuit should occur, would be by way of appeal (however, the definitive determination of this issue as a matter of law would also be relevant to the pending bills for a congressional reference; see; House Resolution 797 and House Resolution 798 as introduced by Congressman Bob Filner on behalf of Francisco Rivera, Alfonso Calderon and Adrian Rodriguez).

To the extent that the OPINION was based upon the finding that plaintiff failed to produce evidence of the specific amount of monetary compensation that would be "reasonable compensation" for his emotional distress injuries, plaintiff contends that the conclusions of law as expressed in the OPINION at page 65-66 are in error as evidence of "reasonable compensation" is not required to establish the right to a specific award of monetary compensation for emotional distress injuries. [for example, see, Loth v Truck-A-Way Corp. (1998) 60 Cal. App. 4th 757, 760, "We conclude the expert's testimony on hedonic damages was inadmissible as a matter of law and its admission was prejudicial"and see; Mercado v Ahmed (7th Cir. 1992) 974 F2d 863, 868-871]

**STATEMENT OF PERTINENT FACTS**

In the OPINION filed June 24, 2008, the Court found that the plaintiff sustained various physical and emotional injuries as a result of his arrest and detention. These injuries included, but

were not limited to: nervousness, major depression, insomnia, crying spells, diarrhea, headache, skin problems, cavities, diabetes, claustrophobia, anguish, chest pains, vascular insufficiency, blood pressure problems, fungus infection, suicidal tendencies, nasal bleeding, cough, thoracic pain, fever, nasal congestion, significant weight gain, earache, eye pain, throat pain, shortness of breath, pain in his teeth, burning sensation while urinating, numbness in legs and hands, inflammation of this legs and ankles, pain in his shoulders, arms, and knees, abdominal pain, conjunctivitis and a severe emotional disorders. Many of the emotional symptoms continued after the plaintiff was released in January of 2003 and remained problems at the time of his trial in January of 2008. [see; OPINION filed June 24, 2008 at pages 62-64] His right arm was injured during his initial arrest as well. [see; OPINION filed June 24, 2008 at page 10]

**RULES 52(b) and 59(a)(1)**

Rule 52 (b) of the United States Court of Federal Claims provides in the pertinent part as follows:

"(b) Amendment. On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under RCFC 59."
[Rules of the Court of Federal Claims 52(b)]

Rule 59(a)(1) of the United States Court of Federal Claims provides in the pertinent part as follows:

"(a)(1) A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States. On a

motion under this rule, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions or law or make new findings and conclusions, and direct the entry of a new judgment." [Rules of the Court of Federal Claims 59(a)(1)]

**STATEMENT OF THE LAW**

In the event a plaintiff establishes that he or she sustained emotional distress injuries and that he or she has a right to compensation for these injuries under the law; the specific amount of funds that would constitute "reasonable compensation" for such emotional distress injuries is left to the sole discretion of the finder of fact. Evidence of reasonable compensation is not required.

"Pain and suffering, by definition, is an abstract concept. It is not readily calculable through a convenient mathematical formula, evidence of its precise monetary equivalent cannot be definitively presented as if it was past medical expenses or wages lost due to an injury. Indeed, the jury is only instructed to award a "reasonable" amount, that a definite standard or method of calculation does not exist, and argument urging a particular calculation or amount must not be considered evidence." [Garfoot v Avila (1989) 213 Cal.App.3d 1205, 1212]

The finder of fact is pressed with the difficult task of using his or her subjective beliefs when determining an amount of money that seems, to the finder of fact, to be a fair and reasonable amount to award. "Every case which has considered the issue before us has emphasized the difficulty faced by a jury in attempting to measure in monetary terms compensation for injuries as subjective as pain, humiliation and embarrassment ... (the jury is to) 'be guided by their observation, experience, and sense of fairness and right'".[see; Beagle v Vasold (1966) 65 Cal.2d 166, 181]

The guidelines given to the trier of fact for calculating monetary compensation for emotional distress injuries are not well defined. In California, juries are instructed that the argument of counsel as to the amount of damages claimed by the plaintiff is not evidence and that the juries' duty is to only award such damages as will reasonably compensate the plaintiff for his pain and suffering. [see; Beagle v Vasold (1966) 65 Cal.2d 166, 181]

"Our present system of requiring the jury to determine, without the benefit of a mathematical formula, the amount of a general damages award is not without its faults. But ..... a plaintiff may not supply, through expert testimony or otherwise, her own formula for computing such damages. .... no expert may supply a formula for computing the value of life and, by extrapolation, the value of the loss of enjoyment of life. That calculation, at present, must be left to the sound discretion of the jury." [Loth v Truck-A-Way Corp. (1998) 60 Cal. App. 4th 757, 768 citing Mercado v Ahmed (7th Cir. 1992) 974 F2d 863, 868-871].

In the case of Mercado v Ahmed (7th Cir. 1992) 974 F2d 863, 871, the United States Court of Appeals, Seventh Circuit discussed whether expert testimony was allowed on the issue of reasonable compensation for emotional distress ("hedonic") damages and found that the District Court's decision to bar this expert testimony was not error: "The district court ruled that, despite (the expert's) training, extensive research and countless calculations, his testimony would not aid the jury in evaluating the evidence and arriving at its verdict (the true test of expert testimony under Fed. R. Evid 702) because (the expert) was no more expert in valuing life than the average person. This conclusion may be less a reflection of the flaws in (the expert's) methodology than on the impossibility of any person achieving unique knowledge of the value of life." [Id., at 871].

Further, in cases where the evidence and the law establishes that the plaintiff is entitled to an award of emotional distress damages, the trier of fact cannot render an award that fails to include any compensation whatsoever for emotional distress damages. Such an award would be inadequate as a matter of law.

In the case of Dodson v J. Pacific, Inc. (2007) 154 Cal.App.4th 931, 937, the California Court of Appeal (Second District) found that appellate cases finding an award inadequate for failure to account for pain and suffering involved situations where the right to recover was established and there was also proof that the medical expenses were incurred. [Id., at 937]. "While the extent of the plaintiff's pain and suffering is for the jury to decide, common experience tells us it cannot be zero." [Id., at 938]

In the United States Court of Appeals, Federal Circuit case of Patton v Secretary of the Department of Health and Human Services (1994) 25 F.3d 1021, after denial of plaintiff's motion under RCFC 60, the plaintiff appealed a judgment that included an award of compensation for vaccine-related injuries but omitted an award for pain and suffering. [Id., at 1023] The issue in Patton was whether or not the Special Master had jurisdiction to amend her award to include these damages after entry of judgment in the United States Court of Federal Claims [Id., at 1024]

The Court found that the standard of review of the denial of a motion under RCFC 60 is an "abuse of discretion" and that an abuse of discretion exists "when, inter alia, the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact (citation omitted)" [Id., at 1029] The Patton Court further stated as follows: "As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice' (citations omitted)." [Id., at 1029]

While not directly on point from a procedural standpoint (as an award of emotional distress damages in a vaccine related case is allowable due an act of Congress, Id., at 1030-1031), the Patton case supports plaintiff's contention that the OPINION and resultant JUDGMENT in this case should be amended to clarify if the denial of compensation for emotional distress damages was based upon a finding that the damages are not available as a matter of law or if the award was denied due to the failure of the plaintiff to request a specific monetary award in closing argument: "Where no adequate basis exists upon which to review the appealed judgment due to insufficient findings of fact and conclusions of law, the judgment should be vacated and the action remanded for further consideration." [Id., at 1029]

The California Supreme Court, in an opinion written by Justice Mosk, has acknowledged that determining the amount of monetary funds that will "reasonably compensate" a plaintiff for emotional distress damages is a difficult task for the trier of fact:

> "One of the most difficult tasks imposed upon a jury in deciding a case involving personal injuries is to determine the amount of money the plaintiff is to be awarded as compensation for pain and suffering. No method is available to the jury by which it can objectively evaluate such damages, and no witness may express his subjective opinion on the matter. (See 7 Wigmore, Evidence (3d ed. 1940) Section 1944, pp. 55-56). In a very real sense, the jury is asked to evaluate in terms of money a detriment for which monetary compensation cannot be ascertained with any demonstrable accuracy.
>
> As one writer on the subject has said, 'Translating pain and anguish into dollars can, at best, be only an arbitrary allowance, and not a process of measurement, and consequently the judge can, in his instructions, give the jury no standard to go by; he can only tell them to allow such amount as in their discretion they may consider reasonable. ... The chief reliance for reaching reasonable results in attempting to value suffering in terms of money must be the restraint and common sense of the jury ... (McCormick on Damages, Section 88, pp. 318-319.)"

[Beagle v Vasold (1966) 65 Cal.2d 166, 172]

**PER DIEM ARGUMENTS AND REASONABLE COMPENSATION**

The Beagle v. Vasold (1966) 65 Cal.2d 166, 172 case discussed State and Federal law which considered the extent to which plaintiff's counsel can ask for a "per diem" amount of pain and suffering damages and found that "(t)wenty-one jurisdictions which have passed on the issue permit an attorney to make the 'per diem' argument (citations omitted)'" [Id., at 173-174] and that eleven jurisdictions do not. [Id., at 174] The Beagle Court also looked at the "debate" of the issue in law reviews and found that the "majority of the authors" support allowing counsel to make a "per diem" argument.. [Id., at 174-175]

In the case of Yako v United States (9th Cir. 1989) 891 F2d 738, 746 the United States Supreme Court held that, in reviewing an award for adequacy or excessiveness, the Court can consider similar cases. [Id., at 746]

In the FINDINGS OF FACT AND CONCLUSIONS OF LAW filed on or about September 11, 2003 (entered September 12, 2003) in United States District Court for the Central District of California in the case entitled Michael Ray Shipp v United States of America [Case Number SACV-01-0167 DOC], the District Court Judge awarded the plaintiff $550,000.00 for the emotional distress Michael Ray Shipp sustained as a result of six (6) weeks of wrongful imprisonment and the emotional distress he suffered as a result thereof after his release. Docket, Shipp v United States, No. 01-0167 at page 19 [see; Exhibit "A"]. The Court is respectfully requested to take judicial notice of the FINDINGS OF FACT AND CONCLUSIONS OF LAW in the Michael Ray Shipp v United States of America [Case Number SACV-01-0167 DOC] pursuant to Federal Rules of Evidence 201 and 1005. A true and correct copy of the FINDINGS OF FACT AND CONCLUSIONS OF LAW filed on or about September 11, 2003 (entered

September 12, 2003) in United States District Court for the Central District of California in the case entitled Michael Ray Shipp v United States of America [Case Number SACV-01-0167 DOC] is filed concurrently herewith as Exhibit "A".

Despite the similarities between the two cases, the circumstances of the Shipp v USA case (involving imprisonment in Oregon) are extremely different from the circumstances set forth in the record of this case (involving imprisonment in Ensenada, Mexico; see description of conditions of imprisonment in the OPINION filed June 24, 2008 at page 10).

Each case must be decided by the trier of fact based on the facts and circumstances involved in that particular person's situation [see; Allison v Citgo Petroleum Corp (5th Cir. 1998) 151 F.3d 402, 417, "The very nature of these damages, compensating plaintiffs for emotional and other intangible injuries, necessarily implicates the subjective differences of each plaintiff's circumstances .... The amount of compensatory damages to which any individual class member might be entitled cannot be calculated by objective standards."]

However, to the extent the Court finds this information useful as a yardstick, plaintiff respectfully requests that the Court take judicial notice of the findings of fact filed in the case of Shipp v USA and requests that he receive an award at least equal to (on a pro-rata basis), or greater than, the Shipp v USA award (calculated on a per diem basis based upon the number of days of actual imprisonment) — or $13,095.00 per day for 351 days.

Plaintiff contends that conditions that plaintiff had to endure [see OPINION at page 10], coupled with the drastically longer period of time he was imprisoned [351 days, from January 24, 2002 to January 10, 2003; see; OPINION at pages 10 and 16], should result in a finding that

plaintiff's emotional distress damages are more severe than those sustained by Michael Ray Shipp and that his award, based upon a per diem calculation, should be considerably higher.

**CONCLUSION**

For the reasons stated above, plaintiff FRANCISCO JAVIER RIVERA AGREDANO respectfully requests as follows:

1. Plaintiff FRANCISCO JAVIER RIVERA AGREDANO respectfully asks this Court to amend the June 24, 2008 OPINION containing findings of fact and conclusions of law to include a specific monetary amount that is "reasonable compensation" for the emotional distress injuries the plaintiff sustained (injuries which were established by the undisputed evidence submitted at trial; OPINION at pages 62-64), and/or,

2. To render a conclusion of law as to the availability of emotional distress damages as a matter of law in this Court and under the facts of this case, and/or,

3. As set forth in Rules 52(b) and 59(a)(1) of the United States Court of Federal Claims, plaintiff respectfully asks this Court to enter a new JUDGMENT that is consistent with any such revised OPINION to the extent the revised OPINION contains new or revised findings of fact and/or conclusions of law that alter the amount of the JUDGMENT entered in this case, and/or,

4. To the extent the Court did not make a monetary award for emotional distress damages as a result of the plaintiff's failure to make a request for a specific amount of emotional distress damages in closing argument, plaintiff seeks relief under Rule 60(b) and specifically asks for an additional monetary award that is at least equal to (on a per diem basis), or greater than, the emotional distress damages awarded in Michael Ray Shipp v United States of America [Case Number SACV-01-0167 DOC] (wherein the Court awarded $550,000 for six (6) weeks of

imprisonment and the emotional distress suffered thereafter [or to render an award that is equal to, or greater than, $13,095.00 per day for the 351 days of plaintiff's imprisonment and the emotional distress he suffered thereafter]; and,

5. For such other and further relief as the Court deems appropriate.

Respectfully Submitted

DATED: July 2, 2008

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**CERTIFICATE OF ELECTRONIC FILING**

This document and all attachments was electronically filed on July 2, 2008 and served on opposing counsel electronically.

.DATED: July 2, 2008

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658