No. 05-608C
(Judge Emily Hewitt)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANCISCO JAVIER RIVERA AGREDANO and
ALFONSO CALDERON LEON,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**PLAINTIFF FRANCISCO JAVIER RIVERA AGREDANO'S POINTS AND AUTHORITIES IN SUPPORT OF BILL OF COSTS [USCFC RULE 54(d)(1)(A)]**

**Honorable EMILY HEWITT, Judge Presiding**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFF
FRANCISCO JAVIER RIVERA AGREDANO

July 27, 2008

**PLAINTIFF FRANCISCO JAVIER RIVERA AGREDANO'S
POINTS AND AUTHORITIES IN SUPPORT OF BILL OF COSTS
[USCFC RULE 54(d)(1)(A)]**

This relief is sought in alternative, not addition to, the relief request in the plaintiff's Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(b) and/or (d) petition filed concurrently herewith.

Plaintiff seeks an award of allowable costs for successfully litigating the merits of his case against the United States of America in the amount of $8,832.01

**PRELIMINARY STATEMENT**

Under United States Court of Federal Claims Rule 54, a prevailing party in a suit against the USA may file a bill of costs. The prevailing party will be awarded costs "to the extent permitted by law. See 28 U.S.C. Section 2412(a)" [USCFC Rule 54(d)(1)]

In any case where any costs other than the fee for filing the action are being requested, the bill of costs shall be supported by affidavit and accompanied by a memorandum setting forth the ground and authorities supporting the request. [USCFC Rule 54(d)(1)(A)]

It is also required to attach "any vouchers, receipts or invoices supporting the cost being requested" as an exhibit [USCFC Rule 54(d)(1)(A)]

**I SUMMARY OF PROCEEDINGS**

This case involves plaintiff's request for compensation for the damages and injuries he sustained as a result of the USA selling to him a Nissan Pathfinder in September, 2001 which still contained a large quantity of concealed marijuana

On November 14, 2002, plaintiff and his brother-in-law, Alfonso Calderon Leon, jointly filed a claim in the United States District Court for the Southern District of

California pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80, alleging negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud or intentional misrepresentation, negligent misrepresentation, negligent and intentional infliction of emotional distress, and violation of California's Consumer Legal Remedies Act, § 1770(a)(14). Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment (Def.'s Mot. or defendant's motion) App. 20-47.

On June 29, 2004, the United States Supreme Court issued its decision in Sosa v. Alvarez-Machain, 542 U.S. 692 (2004), finding that a cause of action could not lie under the Federal Tort Claims Act for "any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." Sosa v. Alvarez-Machain, 542 U.S. 692, 712 (2004). On or about November 3, 2004, Compl. ¶ 3, the United States District Court for the Southern District of California granted defendant's motion for summary judgment, finding that the action was barred under the Federal Tort Claims Act because plaintiffs' arrest occurred in Mexico, see Agredano v. United States, No. 02CV2243B, Docket Entry No. 71 (S.D. Cal. Nov. 3, 2004).

Thereafter, plaintiff, Alfonso Calderon, and defendant stipulated to the filing of an amended complaint and to the transfer of the action to this court. Compl. ¶ 3. On February 3, 2005, pursuant to the parties' stipulation, the United States Court for the Southern District of California dismissed plaintiff's and Calderon's claims without prejudice, granted the parties' motion to amend, and transferred the action to this court. Stipulation to Transfer and Dismiss Appeal, Agredano v. United States, No. 05-608, Docket Entry No. 1, Attach. 1 (Fed Cl. June 8, 2005).

On June 17, 2005, plaintiff and Alfonso Calderon filed their amended complaint in the United States Court of Federal Claims alleging breach of warranty, breach of contract, and breach of the covenant of good faith and fair dealing. Compl. passim. On September 30, 2005, defendant filed defendant's motion, alleging that this court lacked jurisdiction because plaintiff's and Alfonso Calderon's claims sound in tort or, alternatively, that the material facts are not in dispute and that the facts as alleged entitle defendant to judgment as a matter of law. Def.'s Mot. 1-22. In support of its motion for summary judgment, defendant argued (1) that the "as is" clause in the terms of sale precludes the existence of an implied warranty, id. at 12-16; (2) that defendant did not breach the implied covenant of good faith and fair dealing because it did not "specific[ally] inten[d] to injure" plaintiffs or harbor "actual malice" toward them, id. at 16-18 (citing Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1239 (Fed. Cir. 2002), and Carolina Tobacco Co. v. Bureau of Customs & Border Prot., 402 F.3d 1345, 1350 (Fed. Cir. 2005)); (3) that the damages plaintiff and Alfonso Calderon alleged were unrecoverable because defendant's breach did not directly cause plaintiffs' harm, id. at 18-20; and (4) that Alfonso Calderon was not a third-party beneficiary of the contract of sale and therefore cannot recover under the contract, id. at 21.

On November 14, 2005, plaintiff and Alfonso Calderon filed their Opposition to Defendant USA's Motion to Dismiss or, in the Alternative, for Summary Judgment, with Appendix (Pls.' Resp. or plaintiffs' response), arguing (1) that this court had jurisdiction because defendant's failure to search the vehicle constituted a breach of contract, Pls.' Resp. 15; (2) that the "as is" clause did not preclude the existence of a warranty because its scope was not broad enough to cover the defect plaintiffs allege, id. at 20; (3) that there was a triable issue of material fact as to whether defendant's alleged failure to search the vehicle prior to sale for the purpose of

increasing the resale value of the vehicle and defendant's concomitant failure to disclose its actions constitute a breach of the covenant of good faith and fair dealing, id. at 17, 19-21; (4) that the damages sustained were recoverable because they were foreseeable and in fact occurred, id. at 2, 17-18; and (5) that Alfonso Calderon was a third-party beneficiary and accordingly entitled to recover under the contract, id. at 17. Plaintiff and Calderon further moved the court for "leave to amend the[ir] complaint to allege additional facts to establish the causes of action set forth in the complaint," "if necessary." Id. at 1.

In its Opinion filed March 27, 2006, this court held: (1) that plaintiff sufficiently established that there were genuine issues of material fact as to whether the context of the sale and the policy to search seized vehicles prior to resale constituted an affirmative representation which would negate the disclaimer and create a warranty; (2) that plaintiff may pursue his allegation that defendant breached the covenant of good faith and fair dealing by proving either that the government failed to conduct an adequate search for the purpose of obtaining a higher resale value for the vehicle at auction or that plaintiffs could not have discovered the hidden contraband in the circumstances of the auction sale and that the government had a policy to search thoroughly any vehicle seized because it contained narcotics, but that the government acted in direct contravention of its stated policy; (3) that plaintiff established the existence of a genuine issue of material fact as to whether damages he sustained in Mexico are recoverable in contract against defendant; (4) that Alfonso Calderon was not a third-party beneficiary of the contract between Agredano, the buyer of the Pathfinder, and defendant, the seller of the Pathfinder; and (5) that plaintiff may not be given leave to amend his complaint. Agredano I, 70 Fed. Cl. at 573-580.

Following telephonic status conferences held with the parties on July 6, 2006 and July 10, 2006, the court assigned-in-part the case to alternative dispute resolution (ADR) proceedings and retained jurisdiction over discovery and other proceedings in the case. See Order of July 10, 2006. On September 1, 2006, the parties requested the ADR judge to suspend proceedings while the parties pursued formal discovery. Defendant's Status Report, Sept. 1, 2006, 1. The ADR judge granted the parties' request to suspend ADR proceedings, Order of Oct. 10, 2006, and this court issued a scheduling order for dispositive briefing, Order of Oct. 30, 2006. In the months that followed, the parties proceeded with the discovery process and again attempted to settle the dispute. See Order of Feb. 9, 2007; Order of Feb. 14, 2007; Order of June 1, 2007. Pursuant to the parties' request, the ADR judge terminated ADR proceedings on July 20, 2007. Order of July 20, 2007. On September 14, 2007, this court set out a pretrial scheduling order in preparation for trial. Order of Sept. 14, 2007. Pursuant to that pretrial scheduling order, the parties filed: Plaintiff Francisco Javier Rivera Agredano's Memorandum of Contentions of Fact and Law (Pl.'s Mem.); Defendant's Memorandum of Contentions of Fact and Law (Def.'s Mem.); Defendant's Witness List (Def.'s Wit.); Defendant's Exhibit List (Def.'s Ex.); Plaintiff Francisco Javier Rivera Agredano's Response and Objections to Defendant's Memorandum of Contentions of Fact and Law; Witness and Exhibit List (Pl.'s Obj.); Plaintiff Francisco Javier Rivera Agredano's Witness List (Pl.'s Wit.); Plaintiff's Exhibit List (Pl.'s Ex.); and defendant's Motion for Leave to File Defendant's Objections to Plaintiff's Revised Witness and Exhibit Lists (Def.'s Obj.). Following a pretrial conference held on January 14, 2008, see Order of Jan. 10, 2008; Order of Jan. 15, 2008, the court held trial on January 28, 2008 through January 31, 2008 in the Federal Building at 880 Front Street, San Diego, California. See Tr. passim.

On June 27, 2008, the Court entered JUDGMENT awarding FRANCISCO JAVIER RIVERA the amount of $550,854.00.

**A. Plaintiff is the Prevailing Party**

A party prevails if they "succeed on any significant issue in the litigation which achieves some of the benefit the parties sough in bringing suit." Shalala v Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

Under the Supreme Court's "generous formulation" of the term, "plaintiffs may be considered 'prevailing parties' for attorney fees purposes if they succeed on any significant issue in [the] litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v Eckerhart, 461 U.S. 424, 433 (1983) [quoting Nadeau v Helgemoe, 581 F2d 275, 278-279 (1st Cir. 1978)] In this case, plaintiff FRANCISCO JAVIER RIVERA AGREDANO was awarded $550,854.00 and was the prevailing party as interpreted under the cases discussed above.

**B. List of itemized Costs and authority supporting award**

______The allowable costs incurred are as follows:

Costs

| | |
|---|---|
| 06-04-04 Court Reporter (Depo of Fanning) | 444.35 |
| 06-04-04 Court Reporter (Depo of Ahern) | 576.82 |
| 06-09-04 Court Reporter (Depos of Marilao and Bickers) | 544.70 |
| 06-24-04 Court Reporter (Depo of Root | 284.70 |
| 06-25-04 Court Reporter (Depo of Murphy) | 418.50 |
| 09-01-04 Copy of Coronel/Jimenez file (Certified) | 46.76 |
| 07-31-06 Legal Reprographics Exhibits for Court | 509.14 |
| 10-27-06 Court Reporter (Depos of Marilao, Hood, Nunez, Ahern) | 773.87 |
| 01-23-07 Court Reporter (Depos of Murphy, Fanning, and Bickers) | 541.52 |
| 11-23-07 Legal Reprographics Exhibits for Court | 107.99 |

| | |
|---|---|
| 01-28-08 Interpreter at trial (Ruth Monroy) | 204.00 |
| 01-28-08 Interpreter at trial (Gloria Mayne) | 376.00 |
| 01-29-08 Interpreter at trial (Gloria Mayne) | 204.00 |
| 01-29-08 Witness fees – Alfonso Calderon | 40.00 |
| 01-29-08 Witness fees – Gabriel Calderon | 40.00 |
| 01-29-08 Witness fees – Carmen Rivera | 40.00 |
| 01-29-08 Witness fees – Carlos Mejia Lopez (expert) | 5,000.00 |
| 01-31-08 Interpreter at trial (Eugenia Arguello) | 204.00 |
| 01-31-08 Expert Witness Fee (Dr. Lizarraga) (½ day) | 2,500.00 |
| 01-31-08 Expert Witness Fee (Dr. Cesena) (½ day) | 2,500.00 |
| 01-31-08 Expert Witness Fee (Dr. Santillana) (½ day) | 2,500.00 |
| 02-09-08 Legal Reprographics Exhibits for Court | 607.16 |
| 02-25-08 Trial Transcript – Heritage Reporting | 2,868.50 |
| 12-28-03 through 10-29-07 Micheal Levine expert | 9,125.00 |
| TOTAL REQUESTED COSTS | $ 30,457.01 |

**1. Copies**

As required by FRCP 54.1(b)(6)(e), the invoices for copies were as follows:

09-01-04 Copy of Coronel/Jimenez file (Certified) 46.76

The documents were printed by the San Diego Superior Court, South County Judicial District and consisted of the criminal records of the individual arrested for originally bringing the Pathfinder at issue into the county. The documents were admitted as exhibits at trial. There was a charge for certification of the documents included in the invoice.

07-31-06 Legal Reprographics Exhibits for Court 509.14

The documents were exhibits and were copied for use at trial and motion submission. There were 1,968 copies at .20 a page, 58 color copies at 1.24 a page, and $7.00 for binding.

11-23-07 Legal Reprographics Exhibits for Court 107.99

The documents were exhibits and were copied for use at trial. There were 617 copies at .16 a page, $1.00 to rebind a deposition transcript

| | |
|---|---|
| 02-09-08 Legal Reprographics Exhibits for Court | 607.16 |

The documents were exhibits and were copied for use at trial. There were 2,198 copies at .18 a page, 58 color copies at .99 a page, 6 3 ring binders at a total price of $9.00, and 171 Index tabs at .33 each

These costs are allowed under FRCP 54.1(b)(6)(a)(2)[regular copies] and FRCP 54.1(b)(7)(b)[photographs] A true and correct copy of the invoice for these services is attached to the Affidavit of Teresa Trucchi

**2. Depositions and transcripts**

The following depositions and transcript were reasonable and necessary to the presentation of the plaintiff's case at trial and for the post trial briefing. The costs associated with the Court Reporter are reasonable and consistent with the market price for these services. The amount charged is consistent with FRCP 54.1 (b)(3)(a) and the costs reflects the original and one copy of depositions necessarily obtained for use in the case:

| | |
|---|---|
| 06-04-04 Court Reporter (Depo of Fanning) | 444.35 |
| 06-04-04 Court Reporter (Depo of Ahern) | 576.82 |
| 06-09-04 Court Reporter (Depos of Marilao and Bickers) | 544.70 |
| 06-24-04 Court Reporter (Depo of Root | 284.70 |
| 06-25-04 Court Reporter (Depo of Murphy) | 418.50 |
| 09-01-04 Copy of Coronel/Jimenez file (Certified) | 46.76 |
| 10-27-06 Court Reporter (Depos of Marilao, Hood, Nunez, Ahern) | 773.87 |
| 01-23-07 Court Reporter (Depos of Murphy, Fanning, and Bickers) | 541.52 |
| 02-25-08 Trial Transcript – Heritage Reporting | 2,868.50 |

These costs are allowed under FRCP 54.1(b)(3)(a) and (b)(2)(b) A true and correct copy of the invoice for these services is attached to the Affidavit of Teresa Trucchi

**3. Interpreter fees**

The following interpreter fees were reasonable and necessary to the presentation of the plaintiff's case at trial. The costs associated with the interpreters are reasonable and consistent with the market price for these services

| | |
|---|---|
| 01-28-08 Interpreter at trial (Ruth Monroy) | 204.00 |
| 01-28-08 Interpreter at trial (Gloria Mayne) | 376.00 |
| 01-29-08 Interpreter at trial (Gloria Mayne) | 204.00 |
| 01-31-08 Interpreter at trial (Eugenia Arguello) | 204.00 |

These costs are allowed under FRCP 54.1(b)(4)(e) A true and correct copy of the invoice for these services is attached to the Affidavit of Teresa Trucchi

**4. Ordinary witness fees**

The testimony of following ordinary witnesses was reasonable and necessary to the presentation of the plaintiff's case at trial. The costs associated with the ordinary witnesses are set forth in 28 U.S.C. 1821 at $40.00 per day.

| | |
|---|---|
| 01-29-08 Witness fees – Alfonso Calderon | 40.00 |
| 01-29-08 Witness fees – Gabriel Calderon | 40.00 |
| 01-29-08 Witness fees – Carmen Rivera | 40.00 |

These costs are allowed under 28 U.S.C. 1821 and FRCP 54.1(b)(4).

## CONCLUSION

This relief is sought in alternative, not addition to, the relief request in the plaintiff's Equal Access to Justice Act ("EAJA"), 28 U.S.C. Section 2412(b) and/or (d) petition filed concurrently herewith.

1. Plaintiff seeks an award of allowable costs for successfully litigating the merits of his case against the United States of America in the amount of $8,832.01; and,

2. For such other and further relief as the Court deems proper.

Respectfully Submitted

DATED: July 27, 2008

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**CERTIFICATE OF ELECTRONIC FILING**

This document and all attachments was electronically filed on July 27, 2008 and served on opposing counsel electronically.

DATED: July 27, 2008

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658