U.S. Department of Justice

*CAROL C. LAM*
*United States Attorney*
*Southern District of California*

*TIMOTHY C. STUTLER**
*Assistant United States Attorney*

*San Diego County Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893

(619) 557-7387
Fax (619) 557-7122

Imperial County Office
321 South Waterman Avenue
Room 204
El Centro, California 92243-2215

July 1, 2004

Via Fax
Teresa Trucchi, Esq.
Suppa, Trucchi, and Henein, LLP
3055 India Street
San Diego, CA 92103

Re: Rivera v. United States, 02cv2243B(NLS)

Dear Ms. Trucchi:

Thank you for your latest letter discussing the Tucker Act. My intuition is that a Tucker Act Claim would be time-barred now, though I have not analyzed that issue. In any event, **I am putting you on notice that even if you could assert a viable Tucker Act Claim, any delay until after you lose your FTCA claim may constitute an election of remedies**. Nor may such a claim be pursued concurrently with the present district court case. Section 1500 of Title 28 of the United States Code provides as follows:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

(emphasis added).

I do not agree with most of your assertions about a possible Tucker Act claim, but since any Claims Court case would be defended by government attorneys in Washington, D.C., and is not part of the present action, I decline further comment.

After reading your letters and diligently researching the issues raised by Sosa, I have yet to see any tenable basis for distinguishing that case from ours. **If you have any federal law supporting your ethereal concept of injury, I will review it and reassess my position**. As you may know, state law does determine whether 28 U.S.C. § 2680 applies to a particular claim. Unless you have some law supporting your view that Mr. Rivera was injured when he took possession of a vehicle allegedly laden with drugs (which, by the way, would not help the other plaintiffs), then Sosa is directly on point in all relevant respects: When an individual is seized and confined in Mexico for purposes of arrest, he suffers his injury in a foreign country. As you know, the High Court's holding on those facts decimates your case: