# In the United States Court of Federal Claims

No. 05-608 C

(E-Filed: July 30, 2008)

| | |
|---|---|
| FRANCISCO JAVIER RIVERA AGREDANO, Plaintiff, v. THE UNITED STATES, Defendant. | Motion for Reconsideration Denied; No Change in Controlling Law, No Availability of Previously Unavailable Evidence, and No Manifest Error of Law or Mistake of Fact in Court's Opinion of June 24, 2008 |

Teresa Trucchi, San Diego, CA, for plaintiff.

Devin A. Wolak, Washington, DC, with whom were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant.

## ORDER

### I. Background

Following trial in this case, the court issued its opinion under seal on June 24, 2008, Opinion of June 24, 2008, and, pursuant to a request by defendant, see Motion to Redact Final Order, filed and published a redacted version of that opinion on July 22, 2008, Opinion of July 22, 2008 (Slip Opinion). The court's filings on June 24, 2008 and July 22, 2008 are (except for the redactions) identical in all relevant respects. References in this Order are to the page numbers in the Slip Opinion.

In the Slip Opinion, the court held that defendant had breached its implied-in-fact warranty with plaintiff when defendant sold to plaintiff a vehicle containing seventeen kilograms of marijuana. Agredano v. United States, 2008 WL 2854131, at *25 (Fed. Cl. June 24, 2008). The court directed defendant "to pay to plaintiff $10,000 for the medical bills plaintiff incurred from the injuries and illnesses resulting from his imprisonment;

$80,000 for the medical expenses it is reasonably foreseeable that plaintiff will incur in the future as a result of the injuries and illnesses he suffered resulting [from] his imprisonment; $12,500 for the psychiatric bills plaintiff has incurred as a result of the psychiatric ailments that his imprisonment caused; and $46,500 for psychiatric expenses it is reasonably foreseeable that plaintiff will incur as a result of his imprisonment; $2,600 for the fair market value of the Pathfinder; $350,000 for attorneys fees incurred by plaintiff during his criminal proceedings in Mexico; $48,000 for the income plaintiff lost during his imprisonment; and $1,254 for the costs and expenses incurred by plaintiff's family in bringing supplies to plaintiff while he was imprisoned." Id. at *39. The court directed the Clerk of the Court to enter judgment for plaintiff in the amount of $550,854. Id.

The categories of damages and the monetary amounts that the court awarded to plaintiff represented exactly what plaintiff had requested from the court. Id. at *38-39. In support of those damages, plaintiff had provided extensive testimony at trial, and plaintiff and defendant had stipulated to the amounts. Id. at *38. However, in its post-trial briefing, plaintiff had also requested "emotional distress damages in an amount which the Court deems reasonable compensation for the arrest and imprisonment of [plaintiff] for a period of 351 days." Id. (citation omitted). The court denied plaintiff any additional damages for emotional distress, stating:

> [T]he court does not believe it is in a position to determine from scratch, as it were, a "reasonable compensation" for "emotional distress" as requested by plaintiff. The court is awarding plaintiff damages intended to address, as supported by testimony and the parties' stipulations, the costs of remedying the physical, psychiatric, and financial injuries plaintiff suffered as a proximate result of defendant's breach. The court does not find that an additional award has been supported by plaintiff.

Id.

On July 2, 2008, plaintiff filed Plaintiff Francisco Javier Rivera Agredano's Motion for Reconsideration [Rule 52(b); 59(a)(1) and 60(b)] Points and Authorities in Support Thereof (plaintiff's Motion or Pl.'s Mot.). In its Motion, plaintiff requests that the court reconsider its "denial of reasonable compensation to [plaintiff] for the emotional distress damages he sustained as a result of his arrest and imprisonment." Pl.'s Mot. 1. The Motion was timely filed within ten days of entry of judgment. See id. at 1. Pursuant to the court's order, see Order of July 10, 2008, defendant filed Defendant's Response to Plaintiff Francisco Javier Rivera Agredano's Motion for Reconsideration [Rule 52(b); 59(a)(1) and

60(b)] Points and Authorities in Support Thereof (defendant's Response or Def.'s Resp.) on July 18, 2008. For the following reasons, plaintiff's Motion is DENIED.

## II. Discussion

### A. Standard of Review for Motion for Reconsideration

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC), "rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1). The court is afforded a certain amount of discretion in determining whether to grant reconsideration. Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Matthews v. United States, 73 Fed. Cl. 524, 525 (2006). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." Matthews, 73 Fed. Cl. at 525 (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)). A party may not prevail on a motion for reconsideration "by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." Id. at 526 (citing Lamle v. Mattel, Inc., 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005); Abbott Labs. v. Syntron Bioresearch, Inc., 334 F.3d 1343, 1355 (Fed. Cir. 2003); Corrigan v. United States, 70 Fed. Cl. 665, 668 (2006); Seldovia Native Ass'n. v. United States, 36 Fed. Cl. 593, 594 (1996)). "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table)). "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact." Pac. Gas & Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003) (citation omitted). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews, 73 Fed. Cl. at 526 (citing Griswold v. United States, 61 Fed. Cl. 458, 460-61 (2004)). The court now examines whether any of these three criteria is applicable to this case.

### B. Whether an Intervening Change in the Controlling Law Occurred

Plaintiff does not allege, and the court does not know of any, occurrence of an intervening change in the controlling law in this case. See Pl.'s Mot. passim. Thus, the court determines that it may not reconsider the judgment rendered in its Slip Opinion on this basis.

C. Whether Previously Unavailable Evidence is Now Available

Plaintiff does not allege the existence of any previously unavailable evidence, nor does he claim that such evidence is now available for review by the court. See Pl.'s Mot. passim. Indeed, plaintiff points the court only to the evidence contained within "the existing factual record from trial." Id. at 2. Because plaintiff does not assert that previously unavailable evidence is now available, the court determines that plaintiff is not entitled to relief under the second prong of the court's inquiry for granting reconsideration.

D. Whether It is Necessary to Grant Plaintiff's Motion in Order to Prevent Manifest Injustice

In order to prevail on the third criterion of a reconsideration inquiry, plaintiff must show that not granting its Motion would result in a manifest injustice. Matthews, 73 Fed. Cl. at 526 (citing Griswold, 61 Fed. Cl. at 460-61). The definition of "manifest" is "[c]leary apparent to the sight or understanding; obvious." American Heritage Dictionary at 1064 (4th ed. 2000). Case law follows this definition. Ammex, Inc.v. United States, 52 Fed. Cl. 555, 557 (2002) (defining "manifest" as "clearly apparent or obvious"). "'Manifest injustice' thus refers to injustice that is apparent to the point of being almost indisputable." Pac. Gas & Elec. Co. v. United States (PG&E), 74 Fed. Cl. 779, 785 (2006).

Plaintiff does not allege that it is necessary to grant its Motion in order to prevent a manifest injustice. See Pl.'s Mot. passim. Although plaintiff's request "for an additional monetary award that is at least equal to (on a per diem basis), or greater than, . . . $13,095.00 per day for the 351 days of plaintiff's imprisonment and the emotional distress he suffered thereafter," id. at 11-12, would give plaintiff a significantly larger sum of damages than the court awarded in its Slip Opinion, see Agredano, 2008 WL 2854131, at *39, not awarding those additional damages to plaintiff would not, in the court's considered opinion, result in an "injustice that is apparent to the point of being almost indisputable," see PG&E, 74 Fed. Cl. at 785.

E. Whether RCFC 60(b) Supports Relief to Plaintiff

Plaintiff also seeks relief under RCFC 60(b). Pl.'s Mot. 2-3. RCFC 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not

> have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic); (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

RCFC 60(b). In its Motion, plaintiff does not make any arguments, and the court does not know of any, that would make relief under RCFC 60(b) available in this case. See Pl.'s Mot. passim. Plaintiff merely states that "[g]ranting relief under RCFC 60(b) would be supported by the existing factual record from trial and would not be prejudicial to defendant USA but would promote substantial justice and result in fair compensation to plaintiff for the injuries he sustained." Id. at 2. Plaintiff does not assert, and the court does not know of any, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic)." See RCFC 60(b). Furthermore, the judgment is not void, the judgment has not "been satisfied, released, or discharged," nor has "a prior judgment upon which it is based . . . been reversed or otherwise vacated," and nor is it "no longer equitable that the judgment should have prospective application." See id. Finally, the court sees no "other reason justifying relief from the operation of the judgment." See id. Because plaintiff does not meet any of the criteria of RCFC 60(b) for relief from the judgment issued by the court in its Slip Opinion, see Agredano, 2008 WL 2854131, at *39, the court does not grant emotional distress damages to plaintiff.

## III. Conclusion

For the foregoing reasons, plaintiff's Motion is DENIED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge